B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| | U.S. BANKRUPTCY COURT |

| PLAINTIFFS<br>MARK DANKO | DEFENDANTS   2025 NOV 17 P 2: 33<br>Andrew Breiter-Wu |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>none | ATTORNEYS (If Known)<br><br>none |
| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Determine Dischargabilty of a debt 11 USC 523 A2A
28 USC 1334(b)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* |
| (continued next column) | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 24,560 |

Other Relief Sought

Non-dischargablty and other as the court finds fair

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR  Andrew Braxter-Wu || BANKRUPTCY CASE NO.  25-11742 ||
| DISTRICT IN WHICH CASE IS PENDING  MA. || DIVISION OFFICE  Boston | NAME OF JUDGE  Elizabeth D Katz |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE  11/17/2025 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark Danko, | ) COMPLAINT TO DETERMINE |
| | ) DISCHARGEABILITY OF DEBT |
| Plaintiff, | ) |
| | ) |
| v. | ) *Adversary Proceeding No. [TO BE ASSIGNED] |
| | ) |
| Andrew Breiter-Wu | ) |
| Defendants. | ) |

U.S. BANKRUPTCY COURT
2025 NOV 17 P 2: 21

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

UNDER 11 U.S.C. § 523(a)(2)(A)

1. Plaintiff, Mark Danko ("Plaintiff"), brings this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2)(A) and alleges as follows:

JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 523(c).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), as it concerns the dischargeability of a particular debt.

4. Venue is proper in this District under 28 U.S.C. § 1409(a) because this adversary proceeding arises in and relates to Defendant's Chapter 7 case pending in this District.

PARTIES

5. Plaintiff, Mark Danko, is an individual residing in Massachusetts.

6. Defendant, Andrew Breiter-Wu, is the debtor in Chapter 7 Case No. 25-11742, filed on August 21, 2025, in this Court.

FACTUAL ALLEGATIONS

7. On February 28, 2024, in the Malden District Court, Middlesex County, Massachusetts (Case No. 2450CV000042), a default was entered against Defendant pursuant to Mass. R. Civ. P. 55(a) and 77(b). A summary from MassCourts reflecting the default is attached as Attachment B.

8. The state-court complaint asserted causes of action including Breach of Contract, Violation of the Massachusetts Consumer Protection Act (G.L. c. 93A), and Fraud. A true and correct copy is attached as Attachment A.

9. On July 15, 2024, the parties executed an Agreement for Judgment resolving liability and liquidating damages in the state-court action. A true and correct copy is attached as Attachment C.

10. Plaintiff incorporates by reference paragraphs 34–38 of the state-court complaint (Attachment A), which set forth detailed factual allegations of fraudulent conduct by Defendant.

11. As alleged in Attachment A, Defendant represented to Plaintiff that he would sell and install photovoltaic solar equipment for Plaintiff, that work would begin on June 30, 2021, and that the project would be completed in accordance with written project documents.

12. Defendant's representations were false when made, and Defendant never intended to perform the promised work or deliver the equipment.

13. Defendant made these false representations knowingly and with the intent to induce Plaintiff to enter into the transaction and pay money to Defendant.

14. Plaintiff reasonably and justifiably relied on Defendant's false representations, paid Defendant substantial funds, and suffered financial loss as a result, including (a) payment for services never rendered, (b) payment for materials never delivered, (c) loss of the opportunity to install solar at a lower cost, and (d) loss of years of solar energy production.

15. Defendant's conduct constitutes false pretenses, false representations, and actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

16. Section 523(a)(2)(A) excepts from discharge any debt obtained by "false pretenses, a false representation, or actual fraud."

17. Defendant obtained money from Plaintiff through actual fraud and false representations, as detailed above and in Attachments A–C.

18. The Agreement for Judgment does not eliminate the fraudulent character of the underlying debt. Under Archer v. Warner, 538 U.S. 314 (2003), a settlement of a fraud claim does not bar a

bankruptcy court from determining that the debt is nondischargeable if the debt arises out of fraud.

19. Because the Agreement for Judgment settled claims including fraud, the resulting debt inherits the fraudulent nature of the underlying transaction pursuant to Archer.

20. Additionally, Defendant entered into the Agreement for Judgment with the intent to not pay it and to file bankruptcy shortly thereafter, which constitutes a second, independent act of fraud within the scope of § 523(a)(2)(A).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Determine that the debt owed to Plaintiff in the amount of $24,500.00 is nondischargeable under 11 U.S.C. § 523(a)(2)(A);

2. Award such other and further relief as the Court deems just and proper.

Dated: November 16, 2025
Respectfully submitted,

Mark Danko
Pro Se Plaintiff

/s/ Mark Danko
302 Melrose St
Melrose, MA 02176
(978) 328-6038
mwdanko@gmail.com

ATTACHEMENT #A

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                    District Court Department
                                                  Malden District Court

Mark Danko,                          )
    Plaintiff,                       )
                                     )
v.                                   )            Civil Action No. _____
                                     )
Andrew Breiter-Wu, and               )
Breiter Planet Properties, LLC,      )
    Defendants.                      )

## VERIFIED COMPLAINT

Comes now the Plaintiff, and states as and for his complaint as follows:

1. Plaintiff is a natural person with a residential address of 302 Melrose Street, Melrose, Massachusetts.

2. Defendant Andrew Breiter-Wu is a natural person with a residential address of 86 Willard Avenue, Seekonk, Massachusetts.

3. Defendant Breiter Planet Properties, LLC is a domestic limited liability company, involuntarily dissolved by court order or the Secretary of the Commonwealth on December 30, 2022, with a resident agent address of 86 Willard Avenue, Seekonk, Massachusetts.

4. Jurisdiction and venue are wholly appropriate as Plaintiff resides in Middlesex County, and the *res* of this action concerns real estate situated in this County.

### Facts

5. Defendants are engaged in commerce within the Commonwealth, to wit, providing and installing photovoltaic cells, also known as solar panels, on residential homes.

6. Plaintiff is a consumer.

7. On or about November 2020, Defendants proposed that Defendants would sell, and Plaintiff would purchase, solar panels to be installed on Plaintiff's roof.

8. Defendants prepared a contract, project description, and SMART participant customer disclosure form, for the purchase of the equipment by Plaintiff. A copy of each document is attached hereto as "Exhibit A".

9. Defendants also prepared a promissory note in which Plaintiff agreed to pay Defendant for the equipment and the installation.

10. Inasmuch as Defendant agreed to perform residential contracting services in an amount in excess of one thousand dollars, the contract had to have met certain requirements enumerated in G. L. c. 142A §2(a).

11. Defendants' violations of that section include, but are not limited to: failure to state the complete agreement between the owner and contractor; failure to include the full names, addresses, and contractor registration numbers of all parties; failure to include the dates on which the work under the contract is scheduled to begin and end; failure to affix the signatures of all parties to the contract; failure to provide a time schedule of payments under the contract; and failure to provide the required notices.

12. Despite promises by Defendants, Defendants failed and refused to deliver and install the equipment.

13. Defendants collected funds, totaling one thousand five hundred fifty-five dollars and ninety-two cents ($1555.92), from Plaintiff despite failing to deliver or install the equipment.

14. Defendants failed to perform, or abandoned the contract or project engaged in without excuse or justification in violation of G. L. c. 142A, §17(2).

15. Plaintiff has been harmed by Defendants' actions and omissions. Specifically, due to changes in the supply of materials and labor Plaintiff will now incur a much higher cost to have the solar panels installed, and was forced to forgo years of profit on solar electricity generation while waiting for the Defendant to fulfil his obligations.

16. Plaintiff sent Defendants a demand pursuant to Massachusetts General Laws, ch. 93A without result.

### Count I: Breach of Contract

17. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

18. Plaintiff and Defendant entered into a legally enforceable contract supported by valuable consideration.

19. Plaintiff did perform, and was ready, willing, and able to perform all his obligations under the contract.

20. Defendants breached their contractual obligation to Plaintiff to deliver and install photovoltaic equipment at his home when they failed to deliver and install photovoltaic equipment to Plaintiff after repeated requests or demands to do so.

21. As a direct and proximate result, Plaintiff has been greatly injured thereby.

22. Plaintiff must now have solar panels installed at a much greater cost than the cost initially agreed upon with Defendant.

23. Plaintiff had to forgo years of profit he would have earned on solar generation because Defendant failed to fulfill his obligations under the contract.

24. Plaintiff paid Defendant, but received nothing of value in exchange.

### Count II: Violation of Massachusetts Consumer Protection Act

25. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

26. Each violation of Massachusetts General Laws Chapter 142A committed by Defendants, as described above, is a per se unfair and deceptive act under the Massachusetts Consumer Protection Act.

27. Plaintiff's injuries are directly related to, and caused by, Defendants' unfair and deceptive acts.

28. Defendants' bad acts are unfair or deceptive acts or practices in the trade or commerce in which Defendants are engaged.

29. Defendants' bad acts were committed knowingly and willfully.

30. Plaintiff made written demand upon Defendant pursuant to G.L. c. 93A alleging these unfair and deceptive acts.

31. Defendants received the demand more than 30 days prior to the filing of this action.

32. Defendants made no reasonable offer of settlement in response.

33. As a direct and proximate result, Plaintiff has been greatly injured thereby.

### Count III: Fraud

34. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

35. Defendant Andrew Breiter-Wu falsely represented to the Plaintiff that Defendants would sell Plaintiff photovoltaic equipment and install that equipment.

36. Specifically, Defendant represented that work on the project would begin June 30, 2021, and be conducted in accordance with the project description and other transactional documents reproduced in Exhibit A.

37. Defendant's false representations were material as they formed the basis of the bargain between the parties, and were justifiably relied on by Plaintiff to Plaintiff's own detriment, to wit; Plaintiff paid for services never rendered and materials never delivered, lost the opportunity to have solar installed at a lower cost, and lost years of profit from solar power generation.

38. At the time the false representations were made, Defendant had no intention to fulfill his obligations under the contract, or made the false representations with intent to deceive Plaintiff, and made those false representations for the purpose of inducing Plaintiff to enter the transaction.

WHEREFORE, Plaintiff demands judgment as follows:

1. A finding for Plaintiff on all claims and an award of monetary damages to Plaintiff.

2. A finding that Defendants violated M.G.L. c. 93A, and an award of reasonable costs, attorney's fees under M.G.L. c. 93A.

3. A finding that Defendants' violations of M.G.L. c. 93A were knowing or willful and an award of multiple damages and attorney fees.

4. An award of costs pursuant to Mass. R. Civ. P. 54(d).

5. Pre and post judgment interest.

6. All other relief that this Court deems just and proper.

Plaintiffs by their attorney,

Ira H. Grolman (BBO 556709)
GROLMAN LLP
29 Stanhope Street
Boston, MA 02116
Ph: (617) 859-8966
Fax: (617) 859-8903

Dated: January 9, 2024

Attachment B:

## 2450CV000042 Danko, Mark v. Breiter-Wu, Andrew

Case Type:
Civil
Case Status:
Disposed for Statistical Purposes
File Date
01/16/2024
DCM Track:

Initiating Action:
Money Action - District Court Filing (c231 §§ 103-104)
Status Date:
10/28/2025
Case Judge:

Next Event:

| All Information | Party | Judgment | Event | Docket | Disposition |
|---|---|---|---|---|---|

### Party Information

**Danko, Mark**
- Plaintiff

**Alias Party Attorney**

Grolman, Esq., Ira H

Attorney
Bar Code
556709
Address
Grolman LLP
29 Stanhope St
Boston, MA 02116
Phone Number
(617)859-8966

More Party Information

**Breiter-Wu, Andrew**
- Defendant

**Alias Party Attorney**

More Party Information

**Breiter Planet Properties, Llc**
- Defendant

**Alias Party Attorney**

More Party Information

### Judgments

Date Type Method For Against 10/28/2025 Judgment for the Plaintiff , after default and upon assessment of damages Danko, Mark Breiter Planet Properties, Llc

**Events**

<u>Date</u> <u>Session</u> <u>Location</u> <u>Type</u> <u>Result</u> 06/12/2024 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 07/16/2024 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held 03/26/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Event Cancelled

<u>Date</u> <u>Session</u> <u>Location</u> <u>Type</u> <u>Result</u> 08/05/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 09/09/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held 09/30/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 10/28/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held - Motion Allowed

### Docket Information

| Docket Date | Docket Text | Amount Owed | File Ref Nbr. | Image Avail. |
|---|---|---|---|---|

01/16/2024 E-File complaint filed.

01/16/2024 Statement of damages filed by Plaintiff alleging contract action for damages of $25000. or less(Dist./Mun.Cts.Supp.R.Civ.P. 102A)

01/16/2024 Exparte motion filed. 1 01/18/2024 Motion to appoint special process server (Civ.P. 3[c] &4) allowed .

02/02/2024 Return of service on complaint and summons to Breiter Planet Properties, Llc: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)).[3] 02/08/2024 Return of service on complaint and summons to Andrew Breiter-Wu: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)).[2]

02/15/2024 Application to clerk-magistrate to enter default against Andrew Breiter-Wu filed by Mark Danko (Mass.R.Civ.P. 55(a) & 77(b)).

02/28/2024 Default entered against Andrew Breiter-Wu by clerk-magistrate (Mass.R.Civ.P. 55(a) & 77(b)).

04/26/2024 Motion to assess damages (Mass.R.Civ.P. 55[b][4]) filed by Mark Danko-Plaintiff. 4

04/30/2024 Event Scheduled
　　Event: Motion Hearing (CV)
　　Date: 06/12/2024 Time: 11:00 AM
　　Result: Reschedule of Hearing

06/10/2024 Answer filed. [5]

　　Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant)

06/10/2024 Motion to dismiss filed [6]

　　Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant)

06/10/2024 Opposition filed to Defts opposition to plaintiffs motion for assessment of damages and default judgment filed.[7]

06/10/2024 Motion to Plaintiffs motion to strike defendants motion to remove default filed by Mark Danko-Plaintiff. [8]

06/11/2024 Opposition filed filed. 9 06/12/2024 Motion to Plaintiffs motion to strike defendants and counterclaim allowed allowed .

06/13/2024 Event Scheduled
　　Event: Motion Hearing (CV)

        Date: 07/16/2024 Time: 11:00 AM
        Result: Held

07/16/2024 Event Resulted: Motion Hearing (CV) scheduled on:
        07/16/2024 11:00 AM
        Has been: Held
        Hon. James M Murphy, Presiding

07/16/2024 Misc Entry:

        1 year NISI Order

02/25/2025 Motion to restore case to trial list filed by Mark Danko-Plaintiff. 10

02/26/2025 Event Scheduled
        Event: Motion Hearing (CV)
        Date: 03/26/2025 Time: 11:00 AM
        Result: Event Cancelled

03/05/2025 Opposition filed to Enforce settlement and enter judgment filed. 11

03/06/2025 Motion to Withdraw motion to return to trial list and enforce settlement filed by Mark Danko-Plaintiff. 12

| Docket Date | Docket Text | Amount Owed | File Ref Nbr. | Image Avail. |
|---|---|---|---|---|

03/07/2025 Event Resulted: Motion Hearing (CV) scheduled on:
        03/26/2025 11:00 AM
        Has been: Event Cancelled For the following reason: Brought forward
        Hon. Emily A Karstetter, Presiding

07/07/2025 Motion to To enforce settlement judgment and enter final judgment filed by Mark Danko Plaintiff. 13

07/08/2025 Event Scheduled
        Event: Motion Hearing (CV)
        Date: 08/05/2025 Time: 11:00 AM
        Result: Reschedule of Hearing

08/04/2025 Opposition filed to plaintiff's motion to enforce settlement and enter final judgment filed. 14 08/04/2025 Motion for continuance (Mass.R.Civ.P.40[b]) filed by Mark Danko-Plaintiff. 15 08/05/2025 Motion for continuance (Mass.R.Civ.P.40[b]) allowed .

08/05/2025 Event Scheduled
        Event: Motion Hearing (CV)
        Date: 09/09/2025 Time: 11:00 AM
        Result: Held

09/08/2025 Suggestion of bankruptcy filed (11 U.S.C. §362). 16

09/09/2025 Event Resulted: Motion Hearing (CV) scheduled on:
        09/09/2025 11:00 AM
        Has been: Held For the following reason: Bankruptcy
        Comments: Motion stayed as to Defendant Andrew Breiter-Wu because for bankruptcy filing. Cast Continued for company
        Hon. David E Frank, Presiding

09/09/2025 Event Scheduled
        Event: Motion Hearing (CV)
        Date: 09/30/2025 Time: 11:00 AM
        Result: Reschedule of Hearing

09/30/2025 Event Scheduled
        Event: Motion Hearing (CV)
        Date: 10/28/2025 Time: 11:00 AM
        Result: Held - Motion Allowed

10/28/2025 Motion to enforce settlement agreement and enter final judgment allowed .

10/28/2025 Judgment Entered:: Judgment for the Plaintiff , after default and upon assessment of damages Presiding: Hon. James M Murphy

        Judgment For: Mark Danko

Judgment Against: Breiter Planet Properties, Llc

Terms of Judgment: Interest Begins: 01/16/2024 Jdgmnt Date: 10/28/2025 Interest Rate: .12 Daily Interest Rate: .000329
Damages: Damage Amt: 24500.00 Filing Fees: 195.00 Costs Pd to Court: 5.00
Judgment Total: 29,947.39

11/13/2025 Execution Issued:
Execution on Money Judgment
Judgment Debtor: Breiter Planet Properties, Llc
Judgment Creditor: Danko, Mark
Terms of Execution:
EXON Issuance Date: 11/13/2025
Judgment Total: 29,947.39
Post Judgment Int. Rate: .12 Post Judgment Int. Total: 157.64
Execution Subtotal: 30,105.03
Execution Total: 30,105.03

## Case Disposition

<u>Disposition Date</u> Pending

Attachment C

AGREEMENT FOR JUDGMENT
Docusign Envelope ID: AFBBE940-11B5-49B1-8E1A-B8C3CC34046F

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss. District Court Department Malden District Court
Mark Danko, )
    Plaintiff, )
                        )
              v. ) Civil Action No. 2450CV000042 )
Andrew Breiter-Wu, and )
Breiter Planet Properties, LLC, )
    Defendants. )

### AGREEMENT FOR JUDGMENT

The Parties in the above-entitled action hereby stipulate and agree as follows:

1. The Parties enter into this Agreement voluntarily as stipulated under the terms of the settlement agreement and mutual release ("Settlement Agreement") executed between the parties.

2. In the case of a default on the settlement agreement and default is not cured by the defendants within 120 days, this Judgment shall enter for Plaintiff, and against Breiter Planet Properties, LLC, in the sum of $25,000 ("Judgment Amount") which shall be offset from payments already made prior to the filing of this agreement for judgment.

3. The full terms surrounding this agreement for judgement are defined in the settlement agreement executed between the parties.

**For the Plaintiff:**

_____
Ira H. Grolman
Grolman LLP
29 Stanhope Street
Boston, MA 02116
(617) 859-8966
Attorney for Mark Danko

**For the Defendants:**

_____
Andrew Breiter-Wu
Breiter Planet Properties, LLC
86 Willard Ave
Seekonk, MA 02771
Pro-Se