**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ANDREW BREITER-WU<br><br>Debtor,<br><br>―――――――――――――<br><br>**Mark Danko, Plaintiff**<br><br>v.<br><br>**Andrew Breiter-Wu, Defendant** | CHAPTER 7<br><br>CASE NO. 25-11742<br><br>ADVERSARY PROCEEDING #25-01162 |

## **DEFENDANT ANDREW BREITER-WU'S MOTION TO DISMISS COMPLAINT**

Defendant **Andrew Breiter-Wu** (the "Defendant"), respectfully moves this Court to dismiss the Complaint filed by Plaintiff **Mark Danko** (the "Plaintiff"). As set forth below, the Complaint is legally deficient, improperly seeks to impose personal liability for a corporate obligation, fails to plead fraud with the particularity required by law, and constitutes an improper attempt to circumvent and relitigate a resolved state-court matter. The claims asserted are not cognizable under **11 U.S.C. § 523(a)(2)(A)** and fail as a matter of law. Accordingly, dismissal with prejudice, together with any further relief the Court deems just and proper, is warranted.

**I. BACKGROUND**

1. Plaintiff and **Breiter Planet Properties, LLC** ("BPP") entered into a contractual relationship for a residential solar development and installation project. Defendant acted solely in his representative capacity as **President of BPP** and did not enter into any personal agreement with Plaintiff. All documents related to the project were signed on behalf of BPP, and all payments made by Plaintiff, totalling $1,555.92, were made to BPP—not to Defendant individually.

2. Following contract execution, BPP undertook substantial development efforts, including (a) engineering design work, (b) structural evaluation through third-party engineering professionals, (c) preparation and submission of permit applications to the municipality, and (d) project management activities necessary for progressing the installation. These are real, tangible actions inconsistent with any fraudulent intent.

3. Structural concerns identified by licensed engineers caused delays in permit approval and project completion. These engineering issues were communicated to Plaintiff in writing. At no time during the project did Plaintiff allege that Defendant personally made any false statements. Instead, Plaintiff raised routine project concerns typical of construction and development work affected by structural limitations.

4. On **July 15, 2024**, Plaintiff and BPP entered into a **Settlement Agreement and Mutual Release** (Exhibit A), resolving all claims between them for a total payment of **$5,000**. As a part of the settlement agreement, the parties executed a **Joint Agreement for Judgment** (Exhibit B), to be held in escrow, which unambiguously provided that, upon default, judgment would enter **only against BPP**, not Defendant personally. The Settlement Agreement superseded all prior claims under Massachusetts law.

5. BPP made a **$500 payment** under the settlement agreement before the company became insolvent and unable to continue paying on the settlement agreement. BPP's failure to complete the remaining payments was the result of financial insolvency—not malfeasance, misconduct, or refusal to perform. BPP would have preferred to complete the $5,000 settlement rather than face the contractual $25,000 judgment.

6. The **Malden District Court docket** (Exhibit C) confirms that the judgment entered was **exclusively against BPP**. Plaintiff never obtained any personal judgment against Defendant, nor did any legal proceeding ever establish Defendant's individual liability.

7. Plaintiff has now filed this adversary proceeding seeking to transform a **corporate settlement debt** into a **personal nondischargeable fraud judgment**, contrary to the parties' written agreements, the state-court record, and bankruptcy law.

---

## II. ARGUMENT

### A. The Complaint Fails to State a Claim Under Rule 12(b)(6)

8. A complaint must contain factual matter sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To state a nondischargeability claim under §523(a)(2)(A), a plaintiff must allege:

    a. a knowingly false representation,

    b. made with intent to deceive,

    c. upon which the plaintiff actually relied,

    d. causing the plaintiff's loss.

3

9. The Complaint does not allege any specific false representation made by Defendant individually. Instead, Plaintiff recasts a contractual dispute into a fraud claim without alleging the necessary elements. Even if all allegations were accepted as true, they do not plead a plausible claim for nondischargeable fraud.

10. Project delays, engineering complications, insolvency, and contractual defaults—even if proven—do **not** constitute actionable fraud under §523(a)(2)(A). The First Circuit has repeatedly held that breach of contract, standing alone, does not establish fraud.

11. Because Plaintiff has alleged no personal misrepresentation, no fraudulent intent, and no causation of damages attributable to fraud, the Complaint must be dismissed under Rule 12(b)(6).

---

**B. The Complaint Fails to Plead Fraud with Particularity (Rule 9(b))**

12. Claims under §523(a)(2)(A) are subject to Fed. R. Civ. P. 9(b), which requires a plaintiff to specify the "who, what, when, where, and how" of the alleged fraud. Plaintiff's Complaint contains none of these required details. It does not identify:

    a. **any statement** made by Defendant individually;

    b. **when or where** any supposed misrepresentation occurred;

    c. **what** Plaintiff relied upon; or

    d. **how** any such reliance caused a loss.

13. Courts routinely dismiss §523 claims where a plaintiff alleges fraud in conclusory terms without specific facts. Plaintiff's bare allegations do not meet the heightened pleading standard.

4

**C. The Settlement Agreement Supersedes Prior Claims and Establishes Corporate-Only Liability**

14. Under Massachusetts law, a valid settlement agreement extinguishes the underlying claims and limits future disputes to the terms of the settlement. *See* cases recognizing the merger doctrine and enforceability of settlement agreements.

15. The parties' Settlement **Agreement and Mutual Release** (Exhibit A) resolved all prior claims for $5,000. The corresponding **Agreement for Judgment** (Exhibit B) expressly limits judgment to **Breiter Planet Properties, LLC**. The state court entered judgment accordingly.

16. Plaintiff's attempt to now impose personal liability on Defendant contradicts the executed agreements and represents an impermissible collateral attack on the final state-court judgment. The Complaint fails as a matter of law because Defendant was not personally liable under the settlement and could not be personally liable for any alleged prior debt.

**D. Insufficient Service of Process (Rule 7004(e))**

17. Bankruptcy Rule 7004(e) requires that a summons be served within **seven days** of issuance. The summons in this matter was issued on November 17, 2025. As of the date of this filing, Defendant has not received service, and no certificate of service is contained within the Plaintiff's Complaint.

5

18. Service is therefore defective. While Defendant's primary arguments establish that dismissal with prejudice is required on the merits, this procedural defect provides an additional independent ground for dismissal, and Defendant preserves all rights related to insufficient service.

**III. RELIEF REQUESTED**

For the foregoing reasons, Defendant respectfully requests that the Court:

1. **Dismiss the Complaint with prejudice**; and

2. Grant such other and further relief as the Court deems just and proper.

**EXHIBITS**

The following exhibits are submitted in support of this Motion to Dismiss and will be filed contemporaneously:

- **Exhibit A:** Settlement Agreement and Mutual Release (fully executed)
- **Exhibit B:** Agreement for Judgment (fully executed)
- **Exhibit C:** Malden District Court Docket Sheet (official copy)

Respectfully submitted,
/s/ Andrew Breiter-Wu
Andrew Breiter-Wu, Pro Se
Debtor
86 Willard Ave
Seekonk, MA 02771
617-334-5785
Legal@breiterplanet.com

Dated: November 25, 2025

# **EXHIBIT A**

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into as of July 15, 2024 by and between Mark Danko ("Plaintiff") and Breiter Planet Properties, LLC and Andrew Breiter-Wu ("Defendants"). Collectively, Plaintiff and Defendants are referred to as the "Parties."

**WHEREAS**, the Plaintiff has filed a lawsuit against the Defendants, C.A. NO.: 2450CV000042, currently pending in Malden District Court, Middlesex County, Massachusetts (the "Lawsuit");

**WHEREAS**, the Parties desire to resolve all disputes and claims between them, including those asserted in the Lawsuit, without the need for further litigation;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Settlement Payment**: a. Defendants agree to pay Plaintiff a total sum of $5,000 ("Settlement Amount") in ten (10) monthly installments of $500 each, beginning on August 1, 2024, and continuing on the first day of each subsequent month until paid in full. b. Payments will be made via wire transfer to Plaintiff's attorney's IOLTA account. The Plaintiff's attorney will provide the necessary bank details for the wire transfer.

2. **Joint Agreement for Judgment**: a. The Parties will execute a Joint Agreement for Judgment in the amount of $25,000, which will be held in escrow by Plaintiff's attorney. b. The Joint Agreement for Judgment will only be filed with the court if Defendants default on their payment obligations under this Agreement, and such default is not cured

within thirty (120) days of written notice of the default. Any payments made prior to the filing of the Joint Agreement for Judgment will be offset against the judgment amount.

3. **Mutual Release**: In consideration for the payment of the Settlement Amount detailed in this agreement, and other good and valuable consideration, Plaintiff on the one hand and Defendants on the other, each acting on behalf of themselves and their respective divisions, affiliates, subsidiaries, parents, predecessors, successors and assigns, employees, insurers, sureties, agents, attorneys, and any party affiliated therewith will, upon Defendants' fulfillment of all payment obligations as set forth in this agreement, remise, release, and forever discharge each of the other parties from any and all debts, demands, actions, causes of action, sums of money, covenants, contracts, controversies, agreements, promises, doings, omissions, damages, and liabilities and any and all other claims and counterclaims of every kind, nature, and description whatsoever, both in law and in equity, that either Plaintiff or Defendants have, had or may have, whether known or unknown, from the beginning of the world through the date of this Agreement, including but not limited to all claims related to the Judgment; provided, however, that Plaintiff's rights under the Judgment shall not be released should Defendants default on their obligations to pay the Settlement Amount in a timely manner. This Release shall not impair, limit, or release any right or obligation created by this Agreement.

4. **Mutual Non-Disparagement**: a. The Parties agree not to make any intentionally disparaging statements about each other, whether written, oral, or otherwise, to any third party. Plaintiff agrees to try to remove any negative online reviews about Defendants upon execution of this Agreement, provided that Defendants timely provide links of all negative reviews, and agrees not to post any negative reviews in the future.

5. **Motion to Stay**: a. Plaintiff agrees to file a Motion to Stay the proceedings in the Lawsuit for a period of twelve (12) months from the date of this Agreement to allow for the completion of the Settlement Amount payments. b. The Parties agree that the case will remain open during this period to facilitate the settlement process, and no further litigation actions will be taken by either party during the stay period.

6. **Consequences of Default**: a. In the event Defendants fail to make any scheduled payment, Plaintiff shall provide written notice of the default to Defendants. Defendants shall have thirty (120) days from the date of the notice to cure the default. b. If the default is not cured within the thirty (120) day period, Plaintiff may file the Joint Agreement for Judgment with the court, offset by any payments made by Defendants prior to the default.

7. **Confidentiality**: a. The terms of this Agreement are not confidential, and the Parties may disclose the terms as they see fit.

8. **Severability**: The provisions of this Agreement are severable, and the other Sections shall remain fully valid and enforceable if any part of the Agreement is found to be unenforceable.

9. **Binding Effect**: This Agreement shall be binding upon and inure to the benefit of the predecessors, heirs, successors, and assigns of the Parties.

10. **Governing Law and Jurisdiction**: This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Massachusetts. To the extent an action is necessary to enforce any of the obligations under this Agreement, the Parties agree to submit to jurisdiction in the State Courts in the Commonwealth of Massachusetts.

11. **Entire Agreement**: The Parties acknowledge and agree that this Agreement is a full, final and complete settlement agreement and mutual release. This Agreement contains the entire understanding and agreement between the Parties, and there are no representations, warranties, covenants, promises or undertakings, oral or otherwise, that are not expressly set forth or incorporated by reference herein. All prior discussions and negotiations are merged and integrated into this Agreement.

12. **Voluntary Execution**: This Agreement has been prepared through the combined efforts of the Parties and their respective attorneys. The Parties acknowledge and agree that the terms of this Agreement are fair and reasonable, and clear and unambiguous. The Parties also acknowledge that they have read this Agreement, that they fully understand the contents of this Agreement, and that their execution of this Agreement is voluntary.

13. **Counterparts or Duplicate Agreements**: The Parties acknowledge and agree that facsimile or photocopy signatures shall be deemed to be original signatures for any and all purposes. The Parties also acknowledge and agree that a facsimile or photocopy of the fully executed Agreement shall be deemed to be an original for any and all purposes.

14. **Non-Assignment of Claims**: The Parties each represent and warrant that the rights and claims released pursuant to this Agreement have not in any way been assigned, transferred, hypothecated, or otherwise encumbered, and that they are the sole and absolute owners of such rights and claims.

[SIGNATURE PAGE TO FOLLOW]

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date first above written.

**For the Plaintiff:**

*Ira Grolman*
Ira H. Grolman
Grolman LLP
29 Stanhope Street
Boston, MA 02116
(617) 859-8966
Attorney for Mark Danko

**For the Defendants:**

*Andrew Breiter-Wu*
Andrew Breiter-Wu
Breiter Planet Properties, LLC
86 Willard Ave
Seekonk, MA 02771
(617) 334-5785
Pro-Se

# **EXHIBIT B**

8

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                         District Court Department
                                                       Malden District Court

Mark Danko,                      )
    Plaintiff,                   )
                                 )
v.                               )                     Civil Action No. 2450CV000042
                                 )
Andrew Breiter-Wu, and           )
Breiter Planet Properties, LLC,  )
    Defendants.                  )

## AGREEMENT FOR JUDGMENT

The Parties in the above-entitled action hereby stipulate and agree as follows:

1. The Parties enter into this Agreement voluntarily as stipulated under the terms of the settlement agreement and mutual release ("Settlement Agreement") executed between the parties.

2. In the case of a default on the settlement agreement and default is not cured by the defendants within 120 days, this Judgment shall enter for Plaintiff, and against Breiter Planet Properties, LLC, in the sum of $25,000 ("Judgment Amount") which shall be offset from payments already made prior to the filing of this agreement for judgment.

3. The full terms surrounding this agreement for judgement are defined in the settlement agreement executed between the parties.

**For the Plaintiff:**

*Ira Grolman*
Ira H. Grolman
Grolman LLP
29 Stanhope Street
Boston, MA 02116
(617) 859-8966
Attorney for Mark Danko

**For the Defendants:**

*Andrew Breiter-Wu*
Andrew Breiter-Wu
Breiter Planet Properties, LLC
86 Willard Ave
Seekonk, MA 02771
Pro-Se

# **EXHIBIT C**

9

**2450CV000042 Danko, Mark v. Breiter-Wu, Andrew**

- Case Type:
- Civil
- Case Status:
- Disposed for Statistical Purposes
- File Date
- 01/16/2024
- DCM Track:
- 
- Initiating Action:
- Money Action - District Court Filing (c231 §§ 103-104)
- Status Date:
- 10/28/2025
- Case Judge:
- 
- Next Event:

| All Information | Party | Judgment | Event | Docket | Disposition |

## Party Information

**Danko, Mark**
- Plaintiff

**Alias**

**Party Attorney**
- Attorney
- Grolman, Esq., Ira H
- Bar Code
- 556709
- Address
- Grolman LLP
  29 Stanhope St
  Boston, MA  02116
- Phone Number
- (617)859-8966

**More Party Information**

**Breiter-Wu, Andrew**
- Defendant

**Alias**    **Party Attorney**

**More Party Information**

**Breiter Planet Properties, Llc**
- Defendant

**Alias**    **Party Attorney**

**More Party Information**

## Judgments

| Date | Type | Method | For | Against |
|---|---|---|---|---|
| 10/28/2025 | Judgment for the Plaintiff | , after default and upon assessment of damages | Danko, Mark | Breiter Planet Properties, Llc |

## Events

| Date | Session | Location | Type | Result |
|---|---|---|---|---|
| 06/12/2024 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Reschedule of Hearing |
| 07/16/2024 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Held |
| 03/26/2025 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Event Cancelled |

| Date | Session | Location | Type | Result |
|---|---|---|---|---|
| 08/05/2025 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Reschedule of Hearing |
| 09/09/2025 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Held |
| 09/30/2025 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Reschedule of Hearing |
| 10/28/2025 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Held - Motion Allowed |

## Docket Information

| Docket Date | Docket Text | Amount Owed | File Ref Nbr. | Image Avail. |
|---|---|---|---|---|
| 01/16/2024 | E-File complaint filed. | | | |
| 01/16/2024 | Statement of damages filed by Plaintiff alleging contract action for damages of $25000. or less(Dist./Mun.Cts.Supp.R.Civ.P. 102A) | | | |
| 01/16/2024 | Exparte motion filed. | | 1 | |
| 01/18/2024 | Motion to appoint special process server (Civ.P. 3[c] &4) allowed . | | | |
| 02/02/2024 | Return of service on complaint and summons to Breiter Planet Properties, Llc: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)). | | 3 | |
| 02/08/2024 | Return of service on complaint and summons to Andrew Breiter-Wu: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)). | | 2 | |
| 02/15/2024 | Application to clerk-magistrate to enter default against Andrew Breiter-Wu filed by Mark Danko (Mass.R.Civ.P. 55(a) & 77(b)). | | | |
| 02/28/2024 | Default entered against Andrew Breiter-Wu by clerk-magistrate (Mass.R.Civ.P. 55(a) & 77(b)). | | | |
| 04/26/2024 | Motion to assess damages (Mass.R.Civ.P. 55[b][4]) filed by Mark Danko-Plaintiff. | | 4 | |
| 04/30/2024 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 06/12/2024  Time: 11:00 AM<br>Result: Reschedule of Hearing | | | |
| 06/10/2024 | Answer filed.<br><br>Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant) | | 5 | |
| 06/10/2024 | Motion to dismiss filed<br><br>Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant) | | 6 | |
| 06/10/2024 | Opposition filed to Defts opposition to plaintiffs motion for assessment of damages and default judgment filed. | | 7 | |
| 06/10/2024 | Motion to Plaintiffs motion to strike defendants motion to remove default filed by Mark Danko-Plaintiff. | | 8 | |
| 06/11/2024 | Opposition filed filed. | | 9 | |
| 06/12/2024 | Motion to Plaintiffs motion to strike defendants and counterclaim allowed allowed . | | | |
| 06/13/2024 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 07/16/2024  Time: 11:00 AM<br>Result: Held | | | |
| 07/16/2024 | Event Resulted:  Motion Hearing (CV) scheduled on:<br>         07/16/2024 11:00 AM<br>Has been: Held<br>Hon. James M Murphy, Presiding | | | |
| 07/16/2024 | Misc Entry:<br><br>1 year NISI Order | | | |
| 02/25/2025 | Motion to restore case to trial list filed by Mark Danko-Plaintiff. | | 10 | |
| 02/26/2025 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 03/26/2025  Time: 11:00 AM<br>Result: Event Cancelled | | | |
| 03/05/2025 | Opposition filed to Enforce settlement and enter judgment filed. | | 11 | |
| 03/06/2025 | Motion to Withdraw motion to return to trial list and enforce settlement filed by Mark Danko-Plaintiff. | | 12 | |

| Docket Date | Docket Text | Amount Owed | File Ref Nbr. | Image Avail. |
|---|---|---|---|---|
| 03/07/2025 | Event Resulted:  Motion Hearing (CV) scheduled on:<br>          03/26/2025 11:00 AM<br>Has been: Event Cancelled       For the following reason: Brought forward<br>Hon. Emily A Karstetter, Presiding | | | |
| 07/07/2025 | Motion to To enforce settlement judgment and enter final judgment filed by Mark Danko-Plaintiff. | | 13 | |
| 07/08/2025 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 08/05/2025  Time: 11:00 AM<br>Result: Reschedule of Hearing | | | |
| 08/04/2025 | Opposition filed to plaintiff's motion to enforce settlement and enter final judgment filed. | | 14 | |
| 08/04/2025 | Motion for continuance (Mass.R.Civ.P.40[b]) filed by Mark Danko-Plaintiff. | | 15 | |
| 08/05/2025 | Motion for continuance (Mass.R.Civ.P.40[b]) allowed . | | | |
| 08/05/2025 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 09/09/2025  Time: 11:00 AM<br>Result: Held | | | |
| 09/08/2025 | Suggestion of bankruptcy filed (11 U.S.C. §362). | | 16 | |
| 09/09/2025 | Event Resulted:  Motion Hearing (CV) scheduled on:<br>          09/09/2025 11:00 AM<br>Has been: Held       For the following reason: Bankruptcy<br>Comments: Motion stayed as to Defendant Andrew Breiter-Wu because for bankruptcy filing. Cast Continued for company<br>Hon. David E Frank, Presiding | | | |
| 09/09/2025 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 09/30/2025  Time: 11:00 AM<br>Result: Reschedule of Hearing | | | |
| 09/30/2025 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 10/28/2025  Time: 11:00 AM<br>Result: Held - Motion Allowed | | | |
| 10/28/2025 | Motion to enforce settlement agreement and enter final judgment allowed . | | | |
| 10/28/2025 | Judgment Entered:: Judgment for the Plaintiff    , after default and upon assessment of damages    Presiding: Hon. James M Murphy<br><br>          Judgment For:        Mark Danko<br><br>          Judgment Against:   Breiter Planet Properties, Llc<br><br>Terms of Judgment:  Interest Begins: 01/16/2024 Jdgmnt Date: 10/28/2025  Interest Rate: .12 Daily Interest Rate: .000329<br>Damages: Damage Amt: 24500.00 Filing Fees: 195.00 Costs Pd to Court: 5.00<br>          Judgment Total: 29,947.39 | | | |
| 11/13/2025 | Execution Issued:<br>Execution on Money Judgment<br>Judgment Debtor: Breiter Planet Properties, Llc<br>Judgment Creditor: Danko, Mark<br>Terms of Execution:<br>EXON Issuance Date:  11/13/2025<br>Judgment Total:  29,947.39<br>Post Judgment Int. Rate:  .12          Post Judgment Int. Total:  157.64<br>Execution Subtotal:  30,105.03<br>Execution Total:  30,105.03 | | | |

## Case Disposition

| Disposition | Date |
|---|---|
| Pending | |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

In re:

   ANDREW BREITER-WU

                Debtor,

**Mark Danko, Plaintiff**

v.

**Andrew Breiter-Wu, Defendant**

CHAPTER 7

CASE NO. 25-11742

ADVERSARY PROCEEDING #25-01162

### [PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS

Upon consideration of the Defendant's Motion to Dismiss the Complaint, and for good cause shown, it is hereby:

**ORDERED**, that the Motion to Dismiss is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED**, that this adversary proceeding is **CLOSED**.

SO ORDERED.

Dated: _____

_____

**Hon. Elizabeth D. Katz**
 Chief United States Bankruptcy Judge

10

## CERTIFICATE OF SERVICE

I, **Andrew Breiter-Wu**, hereby certify that on **November 25, 2025**, I caused a true and correct copy of the foregoing **Motion to Dismiss**, together with all referenced exhibits, to be served upon the Plaintiff by first-class mail, postage prepaid, addressed as follows:

    **Mark Danko**
    302 Melrose St
    Melrose, MA 02176

Dated: November 25, 2025

**/s/ Andrew Breiter-Wu**
 **Andrew Breiter-Wu**
 Defendant, Pro Se