UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:

   ANDREW BREITER-WU

                       Debtor,

**Mark Danko, Plaintiff**

v.

**Andrew Breiter-Wu, Defendant**

CHAPTER 7

CASE NO. 25-11742

ADVERSARY PROCEEDING #25-01162

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF

### MOTION TO DISMISS COMPLAINT

Defendant **Andrew Breiter-Wu** (the "Defendant") respectfully submits this Memorandum of Law in support of his Motion to Dismiss the Complaint filed by Plaintiff **Mark Danko** ("Plaintiff"). The Complaint fails to state a claim upon which relief may be granted under **11 U.S.C. § 523(a)(2)(A)**, fails to plead fraud with particularity as required by **Rule 9(b)**, improperly attempts to impose personal liability for a **corporate debt**, and constitutes an impermissible attempt to relitigate a settled state-court matter. Accordingly, dismissal with prejudice is warranted.

**I. INTRODUCTION**

Plaintiff seeks to except from discharge an alleged debt arising from a residential solar project initially contracted between Plaintiff and **Breiter Planet Properties, LLC** ("BPP"). Defendant acted solely in his representative capacity as President of BPP and never received any payments from Plaintiff personally. Plaintiff's own filings confirm that all payments were made to BPP, and the parties later entered into a **Settlement Agreement and Mutual Release**, together with a fully executed **Agreement for Judgment**, which expressly provided that any judgment would enter **only against BPP**.

The Complaint attempts to transform a resolved, corporate contractual dispute into a personal nondischargeability action by asserting conclusory allegations of fraud unsupported by factual detail. The First Circuit requires that claims under §523(a)(2)(A) be pled with specificity and that plaintiffs establish a personal fraudulent representation through which the debtor individually obtained money. Plaintiff alleges neither. Furthermore, Massachusetts settlement law establishes that the Settlement Agreement superseded all prior claims between Plaintiff and BPP, extinguishing any underlying allegations and limiting enforcement to BPP alone.

For these reasons, and those set forth below, the Complaint should be dismissed with prejudice.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Standard

To survive dismissal under Rule 12(b)(6), a complaint must plead "**enough facts to state a claim to relief that is plausible on its face.**" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Legal conclusions, unwarranted inferences, and formulaic recitations of elements do not satisfy this standard. *Twombly*, 550 U.S. at 555.

### B. Rule 9(b) Particularity Requirement for Fraud Allegations

Claims under **§523(a)(2)(A)** must meet the heightened pleading standard of Fed. R. Civ. P. 9(b). The First Circuit requires plaintiffs to specify the "**who, what, where, and when of the allegedly false or fraudulent representation**." *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 15 (1st Cir. 2004). In *Hayduk v. Lanna*, the First Circuit explained: "**Mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusory to satisfy Rule 9(b).**" 775 F.2d 441, 444 (1st Cir. 1985).

Bankruptcy courts within this Circuit routinely dismiss §523 complaints that fail to identify a specific false representation by the debtor. See, e.g., *In re Marrama*, 445 F.3d 518 (1st Cir. 2006).

### C. Elements of §523(a)(2)(A)

To establish nondischargeability under §523(a)(2)(A), a plaintiff must prove:

1. the debtor made a knowingly false representation;
2. with the intent to deceive;
3. the plaintiff relied on the false representation; and
4. the plaintiff was damaged as a result.

*Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997). The First Circuit distinguishes between a false representation and a mere promise to perform. "**A broken promise is not, without more, a false representation.**" *Id.* at 787.

---

### III. THE COMPLAINT FAILS TO STATE A CLAIM UNDER §523(a)(2)(A)

Plaintiff's allegations amount to no more than breach-of-contract assertions relating to project delays, engineering issues, and BPP's later insolvency. Courts universally reject attempts to recharacterize contractual disputes as nondischargeable fraud. See *McCrory v. Spigel*, 260 F.3d 27, 32 (1st Cir. 2001) (breach of contract alone "**does not establish the existence of a false representation**" under §523(a)(2)(A)).

Plaintiff does not identify any false representation made by Defendant personally, nor any facts showing fraudulent intent. The Complaint simply asserts legal conclusions. Under *Twombly* and *Iqbal*, "**naked assertions devoid of further factual enhancement**" cannot sustain a fraud-based nondischargeability claim. *Iqbal*, 556 U.S. at 678.

4

Where a debtor's alleged wrongdoing consists of project performance issues, engineering challenges, or contractual nonperformance, courts routinely dismiss §523 complaints. See *In re Dolan*, 2022 WL 17824524 (Bankr. D. Mass. 2022).*

Because Plaintiff has not alleged that Defendant personally obtained money from Plaintiff through fraud—as §523(a)(2)(A) requires—the claim fails as a matter of law.

---

### IV. THE SETTLEMENT AGREEMENT BARS THIS ACTION AND ESTABLISHES CORPORATE-ONLY LIABILITY

Massachusetts law enforces settlement agreements strictly. A valid settlement "**extinguishes all prior claims**" relating to the dispute. *Franco v. Selective Ins. Co.*, 184 N.E.3d 64, 69 (Mass. App. Ct. 2021). Once parties enter into a settlement, their rights "**are governed exclusively by the terms of the agreement**." *Id.*

Here, Plaintiff and **BPP** executed a **Settlement Agreement and Mutual Release**, resolving all claims for $5,000. The parties also executed a **Joint Agreement for Judgment**, expressly providing that, upon default, judgment would enter **only against BPP**. (Exhibits A and B.)

The Malden District Court entered judgment **exclusively against BPP**, consistent with that Agreement. (Exhibit C.) Plaintiff cannot collaterally attack the terms of a state-court settlement by repackaging the resolved dispute as a nondischargeability action against a non-party to the judgment.

5

Federal courts routinely dismiss §523 claims where the underlying debt arises from settlement obligations owed by a corporation, not the debtor personally. See *In re Sarafoglou*, 345 B.R. 19 (Bankr. D. Mass. 2006) (nondischargeability applies only to "**debts of the debtor**").

Because the debt at issue is a corporate settlement debt, it cannot form the basis of a personal nondischargeability action against Defendant.

---

## V. THE COMPLAINT FAILS TO PLEAD FRAUD WITH PARTICULARITY UNDER RULE 9(b)

Plaintiff alleges no facts specifying any fraudulent statement made by Defendant, when any such statement occurred, or how Plaintiff relied on it. The First Circuit demands more than broad references to "misrepresentations" or "schemes." See *Hayduk*, 775 F.2d at 444.

Bankruptcy courts in this Circuit consistently reject complaints lacking specific factual allegations identifying a personal fraudulent representation made by the debtor. Plaintiff's failure to plead fraud with the particularity required by Rule 9(b) provides an independent basis for dismissal.

---

## VI. PLAINTIFF FAILS TO ALLEGE ANY BASIS FOR PERSONAL LIABILITY

Plaintiff's own allegations confirm that all payments—totaling **$1,555.92**—were made to BPP, a limited liability company. Defendant did not personally receive any funds from Plaintiff. Under

6

Massachusetts law, LLC members and officers are not personally liable for LLC obligations absent veil-piercing, which requires allegations of pervasive control, fraud, or misuse of the corporate form. Plaintiff alleges none of these elements.

Bankruptcy courts consistently hold that corporate debts cannot be transformed into personal nondischargeable obligations without specific allegations supporting personal liability. See *In re Charles*, 474 B.R. 680 (Bankr. D. Mass. 2012).

Because Plaintiff has not alleged that Defendant personally owed or personally obtained any money from Plaintiff, the Complaint fails as a matter of law.

---

### VII. PLAINTIFF DID NOT EFFECTUATE SERVICE UNDER RULE 7004(e)

Under Fed. R. Bankr. P. 7004(e), a summons must be served within **7 days** after issuance. Service outside this window is ineffective, and courts regularly dismiss actions or quash service for noncompliance. See, e.g., *In re Wilkinson*, 2019 WL 2577501 (Bankr. D. Mass. 2019) (strictly applying 7004(e) service window).

Here, the summons was issued on **November 17, 2025**, but as of the date of this memorandum:

- No certificate of service appears on the docket;
- Defendant has not been served by any permissible means; and
- More than seven days have elapsed.

Although the Court need not reach this issue given the substantive failures addressed above, Defendant expressly **preserves all rights** regarding insufficient service of process. Improper or untimely service is an additional independent ground supporting dismissal.

---

## VIII. CONCLUSION

Plaintiff's Complaint fails on multiple, independent grounds. It does not allege the essential elements of a claim under **11 U.S.C. § 523(a)(2)(A)**, nor does it plead fraud with the specificity mandated by **Rule 9(b)**. The allegations arise from a contractual dispute with a limited liability company—not the Defendant personally—and the parties' subsequent **Settlement Agreement and Agreement for Judgment** conclusively resolved all prior claims and expressly imposed liability **solely on BPP**, not Defendant.

Federal and Massachusetts law both bar efforts to relitigate settled claims or convert corporate obligations into personal liabilities without proper legal and factual support. Plaintiff has provided none. For these reasons, and those articulated in Defendant's Motion to Dismiss, the Complaint should be **dismissed with prejudice**.

Respectfully submitted,
/s/ Andrew Breiter-Wu
Andrew Breiter-Wu, Pro Se
Debtor
86 Willard Ave
Seekonk, MA 02771
617-334-5785
Legal@breiterplanet.com

Dated: November 25, 2025

---

## CERTIFICATE OF SERVICE

I, **Andrew Breiter-Wu**, hereby certify that on **November 25, 2025**, I caused a true and correct copy of the foregoing **Memorandum of Law in Support of Motion to Dismiss**, together with all accompanying documents, to be served by first-class mail, postage prepaid, upon:

    **Mark Danko**
    302 Melrose St
    Melrose, MA 02176

Dated: November 25, 2025

**/s/ Andrew Breiter-Wu**
Andrew Breiter-Wu
Defendant, Pro Se