UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Mark Danko, | ) | FIRST AMENDED COMPLAINT TO DETERMINE |
| | ) | DISCHARGEABILITY OF DEBT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | *Adversary Proceeding No. 25-01162 |
| | ) | |
| Andrew Breiter-Wu | ) | |
| Defendants. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)(A)**

Plaintiff, Mark Danko ("Plaintiff"), brings this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2)(A) and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 523(c).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), as it concerns the dischargeability of a particular debt.

3. Venue is proper in this District under 28 U.S.C. § 1409(a) because this adversary proceeding arises in and relates to Defendant's Chapter 7 case pending in this District.

**PARTIES**

4. Plaintiff, Mark Danko, is an individual residing in Massachusetts.

5. Defendant, Andrew Breiter-Wu, is the debtor in Chapter 7 Case No. 25-11742, filed on August 21, 2025, in this Court.

FACTUAL ALLEGATIONS

6. In or about October of 2020, Defendant represented to Plaintiff that he would sell and install photovoltaic solar equipment at Plaintiff's property..

7. Defendant's representations were false when made. Defendant did not intend to perform the promised work, deliver the equipment, or comply with project documents.

8. Defendant made these false representations knowingly and with intent to induce Plaintiff to enter into the transaction and pay money to Defendant.

9.  Plaintiff reasonably and justifiably relied on Defendant's representations and paid
    substantial sums of money to Defendant.

10. Defendant failed to perform the promised work, failed to deliver equipment, and failed to
    refund Plaintiff's money.

11. As a result, Plaintiff suffered damages including:

    a. Loss of funds paid to Defendant;

    b. Costs incurred to remediate and replace Defendant's nonperformance;

    c. Loss of opportunity to install solar at a lower cost; and

    d. Loss of anticipated solar energy production.

12. On February 28, 2024, in Malden District Court, Middlesex County, Massachusetts (Case
    No. 2450CV000042), a default was entered against Defendant pursuant to Mass. R. Civ.
    P. 55(a) and 77(b). A copy of the MassCourts docket is attached as **Attachment B**.

13. The state-court complaint asserted causes of action for Breach of Contract, Violation of
    the Massachusetts Consumer Protection Act (G.L. c. 93A), and Fraud. A copy of the
    complaint is attached as **Attachment A**.

14. On July 15, 2024, the parties executed an Agreement for Judgment resolving liability and
    liquidating damages in the state-court action. A copy is attached as **Attachment C**.

15. Defendant entered into the Agreement for Judgment without intent to perform and with
    the intent to seek bankruptcy protection shortly thereafter, constituting an independent act
    of fraud.

16. Defendant's conduct constitutes false pretenses, false representations, and actual fraud
    within the meaning of 11 U.S.C. §523(a)(2)(A).

17. At the time Defendant entered into the contract with Plaintiff, Defendant did not intend to perform the promised work, deliver the photovoltaic equipment, or complete the project as represented.

18. In or about September 2021, Defendant represented that he had the solar panels intended for Plaintiff's project and that installation would commence in October 2021.

19. That representation was false. The defendant did not possess the solar panels at that time.

20. Defendant further represented that the project would be completed in October 2021, despite knowing, or recklessly disregarding, that he lacked the equipment, personnel, and financial capacity to complete the installation within that timeframe.

21. No installation occurred in October 2021.

22. In or about December 2021, Defendant again represented that installation would occur in January 2022, and affirmatively stated that he was physically viewing the solar panels that would be used for Plaintiff's project while on the phone with plaintiff.

23. Plaintiff asked Defendant to read the serial numbers from the solar panels he claimed to be viewing. The Defendant refused to read serial numbers.

24. Plaintiff requests the defendant to read just one serial number from any one panel that would be installed on the Plaintiff's project. The Defendant refused.

25. Defendant's statements that he possessed the solar panels for Plaintiff's project were knowingly false and made to conceal Defendant's inability or unwillingness to perform.

26. Defendant realized that by asking for serial number the Plaintiff had uncovered the fact he was lying and became unresponsive to phone calls and emails and thereafter ceased or reduced, responding to Plaintiff's phone calls or emails.

27. Defendant's repeated representations that the project would be completed in October 2021, December 2021, or January 2022 were false when made, as Defendant did not intend to complete the project during those timeframes and knew or should have known that completion would not occur.

28. Defendant ceased communicating with Plaintiff because Defendant knew Plaintiff had discovered Defendant's misrepresentations.

29. At no point did Defendant perform the installation or deliver the promised equipment.

30. During the period in which Defendant made these misrepresentations, Plaintiff continued to make monthly payments to Defendant in reliance on Defendant's false statements.

31. Defendant operated a financing scheme in which customer payments were not used to perform existing contracts, but instead were used to satisfy prior obligations.

32. Upon information and belief, Defendant lacked sufficient capital, inventory, or legitimate financing to perform promised installations, and Defendant's ability to continue operating depended on continuously obtaining funds from new customers to cover earlier commitments.

33. Such a business structure is inherently deceptive and mathematically unsustainable. Fraudulent intent under 11 U.S.C. §523(a)(2)(A) may be inferred from the inevitability of harm resulting from such a structure. See *Palmacci v. Umpierrez*, 121 F.3d 781, 789 (1st Cir. 1997); *In re Agriprocessors, Inc.*, 859 F.3d 599, 604 (8th Cir. 2017).

---

**NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)**

32. Section 523(a)(2)(A) excepts from discharge any debt obtained by "false pretenses, a false representation, or actual fraud."

33. Defendant obtained money from Plaintiff through actual fraud and false representations as detailed herein and in Attachments A–C.

34. The Agreement for Judgment does not eliminate the fraudulent character of the underlying debt. Pursuant to *Archer v. Warner*, 538 U.S. 314 (2003), a settlement of a fraud claim does not bar a bankruptcy court from determining that the debt is nondischargeable if it arises out of fraud.

35. Because the Agreement for Judgment resolved claims including fraud, the resulting debt inherits the fraudulent nature of the underlying transaction.

36. Additionally, Defendant's Agreement for Judgment was entered into with intent not to pay and to file bankruptcy shortly thereafter, constituting an additional act of fraud under §523(a)(2)(A).

---

**FRAUD CLAIMS / CAUSES OF ACTION**

**COUNT I – FRAUD BASED ON LACK OF INTENT TO FULFILL CONTRACT (FORMATION FRAUD)**

37. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

38. Defendant, Andrew Breiter-Wu, represented to Plaintiff that he would sell and install photovoltaic equipment at Plaintiff's property, with work to begin on June 30, 2021, in accordance with the project documents (Exhibit A).

39. Defendant knew at the time he made these representations that he had no intention of performing the promised work or delivering the equipment. Plaintiff reasonably relied on these representations and paid substantial sums to Defendant.

40. As a result, Plaintiff suffered damages, including:

   a. Payments for services never rendered and materials never delivered;

   b. Lost opportunity to install solar at a lower cost; and

   c. Loss of anticipated solar energy production.

**41.** Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeab**le.**

---

## COUNT II – FRAUD BASED ON FALSE SEPTEMBER 2021 REPRESENTATIONS

42. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

43. In September 2021, Defendant represented that he had secured the solar panels and that installation would begin in October 2021. These representations were false; Defendant did not possess the panels nor intend for installation to occur.

44. Plaintiff reasonably relied on these representations and continued making payments instead of seeking alternative options. As a result, Plaintiff suffered the damages described in Count I.

45. Defendant's repeated misrepresentations and concealment constitute a continuing course of fraud.

**46.** Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

---

**COUNT III – FRAUD BASED ON FALSE DECEMBER 2021 REPRESENTATIONS**

47. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

In December 2021, Defendant represented that installation would occur by the end of the month or in January 2022 and that he was physically viewing the solar panels intended for Plaintiff's project. These representations were false; Defendant did not possess the panels and could not complete the project within the promised timeframe.

48. Plaintiff requested serial numbers from the panels, but Defendant refused and then ceased communication. Plaintiff reasonably relied on Defendant's false statements, continuing to make payments, and suffered the damages described in Count I.

49. Defendant's repeated misrepresentations and concealment constitute a continuing course of fraud.

**50.** Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering

the debt owed to Plaintiff nondischargeable.

---

## COUNT IV – CONSTRUCTIVE FRAUD BASED ON UNSUSTAINABLE FINANCING
## SCHEME

52. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

53. Defendant operated a financing scheme in which customer payments were not used to

perform existing contracts but were instead used to satisfy prior obligations. Upon

information and belief, Defendant lacked sufficient capital, inventory, or legitimate

financing to fulfill promised installations.

54. Plaintiff reasonably relied on Defendant's representations and continued payments under

the expectation that services would be performed. As a direct result, Plaintiff suffered the

damages described in Count I.

55. Defendant's conduct constitutes constructive fraud under 11 U.S.C. §523(a)(2)(A),

rendering the debt owed to Plaintiff nondischargeable.

---

## COUNT V – CONSTRUCTIVE FRAUD BASED ON VIOLATION OF
## BANKING/FINANCIAL LAWS

56. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

57. Defendant accepted and used customer payments in violation of banking and financial laws, including commingling funds and using new customer payments to satisfy prior obligations.

58. Plaintiff reasonably relied on Defendant's conduct and continued payments under the expectation that services and equipment would be delivered. As a direct result, Plaintiff suffered the damages described in Count I.

59. Defendant's conduct constitutes constructive fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Determine that the debt owed to Plaintiff in the amount of $24,500.00 is nondischargeable under 11 U.S.C. §523(a)(2)(A); and

2. Award such other and further relief as the Court deems just and proper.

Dated: January 5th, 2026

Respectfully submitted,

/s/ Mark Danko

Mark Danko, Pro Se Plaintiff

302 Melrose St

Melrose, MA 02176

(978) 328-6038

mwdanko@gmail.com

ATTACHEMENT #A

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| Middlesex, ss. | District Court Department |
| | Malden District Court |

| | |
|---|---|
| Mark Danko, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. _____ |
| | ) |
| Andrew Breiter-Wu, and | ) |
| Breiter Planet Properties, LLC, | ) |
|     Defendants. | ) |

<u>VERIFIED COMPLAINT</u>

Comes now the Plaintiff, and states as and for his complaint as follows:

1. Plaintiff is a natural person with a residential address of 302 Melrose Street, Melrose, Massachusetts.

2. Defendant Andrew Breiter-Wu is a natural person with a residential address of 86 Willard Avenue, Seekonk, Massachusetts.

3.  Defendant Breiter Planet Properties, LLC is a domestic limited liability company, involuntarily dissolved by court order or the Secretary of the Commonwealth on December 30, 2022, with a resident agent address of 86 Willard Avenue, Seekonk, Massachusetts.

4.  Jurisdiction and venue are wholly appropriate as Plaintiff resides in Middlesex County, and the *res* of this action concerns real estate situated in this County.

Facts

5.  Defendants are engaged in commerce within the Commonwealth, to wit, providing and installing photovoltaic cells, also known as solar panels, on residential homes.

6.  Plaintiff is a consumer.

7.  On or about November 2020, Defendants proposed that Defendants would sell, and Plaintiff would purchase, solar panels to be installed on Plaintiff's roof.

8.  Defendants prepared a contract, project description, and SMART participant customer disclosure form, for the purchase of the equipment by Plaintiff. A copy of each document is attached hereto as "Exhibit A".

9.  Defendants also prepared a promissory note in which Plaintiff agreed to pay Defendant for the equipment and the installation.

10. Inasmuch as Defendant agreed to perform residential contracting services in an amount in excess of one thousand dollars, the contract had to have met certain requirements enumerated in G. L. c. 142A §2(a).

11. Defendants' violations of that section include, but are not limited to: failure to state the complete agreement between the owner and contractor; failure to include the full names, addresses, and contractor registration numbers of all parties; failure to include the dates on which the work under the contract is scheduled to begin and end; failure to affix the signatures of all parties to the contract; failure to provide a time schedule of payments under the contract; and failure to provide the required notices.

12. Despite promises by Defendants, Defendants failed and refused to deliver and install the equipment.

13. Defendants collected funds, totaling one thousand five hundred fifty-five dollars and ninety-two cents ($1555.92), from Plaintiff despite failing to deliver or install the equipment.

14. Defendants failed to perform, or abandoned the contract or project engaged in without excuse or justification in violation of G. L. c. 142A, §17(2).

15. Plaintiff has been harmed by Defendants' actions and omissions. Specifically, due to changes in the supply of materials and labor Plaintiff will now incur a much higher cost to have the solar panels installed, and was forced to forgo years of profit on solar electricity generation while waiting for the Defendant to fulfil his obligations.

16. Plaintiff sent Defendants a demand pursuant to Massachusetts General Laws, ch. 93A without result.

Count I: Breach of Contract

17. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

18. Plaintiff and Defendant entered into a legally enforceable contract supported by valuable consideration.

19. Plaintiff did perform, and was ready, willing, and able to perform all his obligations under the contract.

20. Defendants breached their contractual obligation to Plaintiff to deliver and install photovoltaic equipment at his home when they failed to deliver and install photovoltaic equipment to Plaintiff after repeated requests or demands to do so.

21. As a direct and proximate result, Plaintiff has been greatly injured thereby.

22. Plaintiff must now have solar panels installed at a much greater cost than the cost initially
agreed upon with Defendant.

23. Plaintiff had to forgo years of profit he would have earned on solar generation because
Defendant failed to fulfill his obligations under the contract.

24. Plaintiff paid Defendant, but received nothing of value in exchange.

Count II: Violation of Massachusetts Consumer Protection Act

25. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

26. Each violation of Massachusetts General Laws Chapter 142A committed by Defendants,
as described above, is a per se unfair and deceptive act under the Massachusetts
Consumer Protection Act.

27. Plaintiff's injuries are directly related to, and caused by, Defendants' unfair and deceptive
acts.

28. Defendants' bad acts are unfair or deceptive acts or practices in the trade or commerce in
which Defendants are engaged.

29. Defendants' bad acts were committed knowingly and willfully.

30. Plaintiff made written demand upon Defendant pursuant to G.L. c. 93A alleging these
    unfair and deceptive acts.

31. Defendants received the demand more than 30 days prior to the filing of this action.

32. Defendants made no reasonable offer of settlement in response.

33. As a direct and proximate result, Plaintiff has been greatly injured thereby.

<u>Count III: Fraud</u>

34. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

35. Defendant Andrew Breiter-Wu falsely represented to the Plaintiff that Defendants would
    sell Plaintiff photovoltaic equipment and install that equipment.

36. Specifically, Defendant represented that work on the project would begin June 30, 2021,
    and be conducted in accordance with the project description and other transactional
    documents reproduced in Exhibit A.

37. Defendant's false representations were material as they formed the basis of the bargain
    between the parties, and were justifiably relied on by Plaintiff to Plaintiff's own
    detriment, to wit; Plaintiff paid for services never rendered and materials never delivered,

lost the opportunity to have solar installed at a lower cost, and lost years of profit from solar power generation.

38. At the time the false representations were made, Defendant had no intention to fulfill his obligations under the contract, or made the false representations with intent to deceive Plaintiff, and made those false representations for the purpose of inducing Plaintiff to enter the transaction.

WHEREFORE, Plaintiff demands judgment as follows:

1. A finding for Plaintiff on all claims and an award of monetary damages to Plaintiff.

2. A finding that Defendants violated M.G.L. c. 93A, and an award of reasonable costs, attorney's fees under M.G.L. c. 93A.

3. A finding that Defendants' violations of M.G.L. c. 93A were knowing or willful and an award of multiple damages and attorney fees.

4. An award of costs pursuant to Mass. R. Civ. P. 54(d).

5. Pre and post judgment interest.

6. All other relief that this Court deems just and proper.

Plaintiffs by their attorney,

_____

Ira H. Grolman (BBO 556709)

GROLMAN LLP

29 Stanhope Street

Boston, MA 02116

Ph: (617) 859-8966

Fax: (617) 859-8903

Dated: January 9, 2024

Attachment B:

**2450CV000042 Danko, Mark v. Breiter-Wu, Andrew**

Case Type:

Civil

Case Status:

Disposed for Statistical Purposes

File Date

01/16/2024

DCM Track:

Initiating Action:

Money Action - District Court Filing (c231 §§ 103-104)

Status Date:

10/28/2025

Case Judge:

Next Event:

| All Information | Party | Judgment | Event | Docket | Disposition |
|---|---|---|---|---|---|

**Party Information**

**Danko, Mark**

- Plaintiff

**Alias** **Party Attorney**

Attorney

Grolman, Esq., Ira H

Bar Code

556709

Address

Grolman LLP

29 Stanhope St

Boston, MA 02116

Phone Number

(617)859-8966

**More Party Information**

**Breiter-Wu, Andrew**

- Defendant

**Alias** **Party Attorney**

**More Party Information**

**Breiter Planet Properties, Llc**

- Defendant

**Alias** **Party Attorney**

**More Party Information**

**Judgments**

**Date** **Type** **Method** **For** **Against** 10/28/2025 Judgment for the Plaintiff , after default and upon assessment of damages Danko, Mark Breiter Planet Properties, Llc

**Events**

**Date** **Session** **Location** **Type** **Result** 06/12/2024 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 07/16/2024 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held 03/26/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Event Cancelled

**Date** **Session** **Location** **Type** **Result** 08/05/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 09/09/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held 09/30/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 10/28/2025 11:00 AM Virtual Court Session

Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held - Motion

Allowed

### Docket Information

| Docket Date | Docket Text Amount Owed | File Ref Nbr. Image Avail. |
| --- | --- | --- |

01/16/2024 E-File complaint filed.

01/16/2024 Statement of damages filed by Plaintiff alleging contract action for

damages of $25000. or less(Dist./Mun.Cts.Supp.R.Civ.P. 102A)

01/16/2024 Exparte motion filed. 1 01/18/2024 Motion to appoint special process server

(Civ.P. 3[c] &4) allowed .

02/02/2024 Return of service on complaint and summons to Breiter Planet Properties, Llc:

Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)).3 02/08/2024 Return of service on complaint

and summons to Andrew Breiter-Wu: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)).2

02/15/2024 Application to clerk-magistrate to enter default against Andrew

Breiter-Wu filed by Mark Danko (Mass.R.Civ.P. 55(a) & 77(b)).

02/28/2024 Default entered against Andrew Breiter-Wu by clerk-magistrate

(Mass.R.Civ.P. 55(a) & 77(b)).

04/26/2024 Motion to assess damages (Mass.R.Civ.P. 55[b][4]) filed by Mark Danko-Plaintiff. 4

04/30/2024 Event Scheduled

Event: Motion Hearing (CV)

Date: 06/12/2024 Time: 11:00 AM

Result: Reschedule of Hearing

06/10/2024 Answer filed.

5

Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant)

06/10/2024 Motion to dismiss filed

6

Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant)

06/10/2024 Opposition filed to Defts opposition to plaintiffs motion for assessment of damages and

default judgment filed.7

06/10/2024 Motion to Plaintiffs motion to strike defendants motion to remove default filed by Mark

8

Danko-Plaintiff.

06/11/2024 Opposition filed filed. 9 06/12/2024 Motion to Plaintiffs motion to strike

defendants and counterclaim allowed allowed .

06/13/2024 Event Scheduled

Event: Motion Hearing (CV)

Date: 07/16/2024 Time: 11:00 AM

Result: Held

07/16/2024 Event Resulted: Motion Hearing (CV) scheduled on:

07/16/2024 11:00 AM

Has been: Held

Hon. James M Murphy, Presiding

07/16/2024 Misc Entry:

1 year NISI Order

02/25/2025 Motion to restore case to trial list filed by Mark Danko-Plaintiff. 10

02/26/2025 Event Scheduled

Event: Motion Hearing (CV)

Date: 03/26/2025 Time: 11:00 AM

Result: Event Cancelled

03/05/2025 Opposition filed to Enforce settlement and enter judgment filed. 11

03/06/2025 Motion to Withdraw motion to return to trial list and enforce settlement filed by Mark

12

Danko-Plaintiff.

**Docket Date**        **Owed**                    *Image Avail.*

*Docket Text* **Amount**      **File Ref Nbr.**

03/07/2025 Event Resulted: Motion Hearing (CV) scheduled on:

03/26/2025 11:00 AM

Has been: Event Cancelled For the following reason: Brought forward

Hon. Emily A Karstetter, Presiding

07/07/2025 Motion to To enforce settlement judgment and enter final judgment filed by Mark Danko

13

Plaintiff.

07/08/2025 Event Scheduled

Event: Motion Hearing (CV)

Date: 08/05/2025 Time: 11:00 AM

Result: Reschedule of Hearing

08/04/2025 Opposition filed to plaintiff's motion to enforce settlement and enter final judgment filed. 14 08/04/2025 Motion for continuance (Mass.R.Civ.P.40[b]) filed by Mark Danko-Plaintiff. 15 08/05/2025 Motion for continuance (Mass.R.Civ.P.40[b]) allowed .

08/05/2025 Event Scheduled

Event: Motion Hearing (CV)

Date: 09/09/2025 Time: 11:00 AM

Result: Held

09/08/2025 Suggestion of bankruptcy filed (11 U.S.C. §362). 16

09/09/2025 Event Resulted: Motion Hearing (CV) scheduled on:

09/09/2025 11:00 AM

Has been: Held For the following reason: Bankruptcy

Comments: Motion stayed as to Defendant Andrew Breiter-Wu because for bankruptcy filing. Cast Continued for company

Hon. David E Frank, Presiding

09/09/2025 Event Scheduled

Event: Motion Hearing (CV)

Date: 09/30/2025 Time: 11:00 AM

Result: Reschedule of Hearing

09/30/2025 Event Scheduled

Event: Motion Hearing (CV)

Date: 10/28/2025 Time: 11:00 AM

Result: Held - Motion Allowed

10/28/2025 Motion to enforce settlement agreement and enter final judgment allowed .

10/28/2025 Judgment Entered:: Judgment for the Plaintiff , after default and

upon assessment of damages Presiding: Hon. James M Murphy

Judgment For: Mark Danko

Judgment Against: Breiter Planet Properties, Llc

Terms of Judgment: Interest Begins: 01/16/2024 Jdgmnt Date: 10/28/2025 Interest Rate:

.12 Daily Interest Rate: .000329

Damages: Damage Amt: 24500.00 Filing Fees: 195.00 Costs Pd to Court: 5.00

Judgment Total: 29,947.39

11/13/2025 Execution Issued:

Execution on Money Judgment

Judgment Debtor: Breiter Planet Properties, Llc

Judgment Creditor: Danko, Mark

Terms of Execution:

EXON Issuance Date: 11/13/2025

Judgment Total: 29,947.39

Post Judgment Int. Rate: .12 Post Judgment Int. Total: 157.64

Execution Subtotal: 30,105.03

Execution Total: 30,105.03

**Case Disposition**

**Disposition Date** Pending

Attachment C

AGREEMENT FOR JUDGMENT

Docusign Envelope ID: AFBBE940-11B5-49B1-8E1A-B8C3CC34046F

## COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss. District Court Department Malden District Court

Mark Danko, )

      Plaintiff, )

                                                       )

                        v. ) Civil Action No. 2450CV000042 )

Andrew Breiter-Wu, and )

Breiter Planet Properties, LLC, )

      Defendants. )

**AGREEMENT FOR JUDGMENT**

The Parties in the above-entitled action hereby stipulate and agree as follows:

1. The Parties enter into this Agreement voluntarily as stipulated under the terms of the   settlement agreement and mutual release ("Settlement Agreement") executed between the  parties.

2. In the case of a default on the settlement agreement and default is not cured by

the defendants  within 120 days, this Judgment shall enter for Plaintiff, and against Breiter Planet Properties,  LLC, in the sum of $25,000 ("Judgment Amount") which shall be offset from payments  already made prior to the filing of this agreement for judgment.

3. The full terms surrounding this agreement for judgement are defined in the settlement  agreement executed between the parties.

**For the Plaintiff:**

_____

Ira H. Grolman

Grolman LLP

29 Stanhope Street

Boston, MA 02116

(617) 859-8966

Attorney for Mark Danko

**For the Defendants:**

_____

Andrew Breiter-Wu

Breiter Planet Properties, LLC

86 Willard Ave

Seekonk, MA 02771

Pro-Se