**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| In re: <br><br> ANDREW BREITER-WU <br><br> Debtor, <br><br> --- <br><br> **Mark Danko, Plaintiff** <br><br> v. <br><br> **Andrew Breiter-Wu, Defendant** | CHAPTER 7 <br><br> CASE NO. 25-11742 <br><br> ADVERSARY PROCEEDING #25-01162 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant **Andrew Breiter-Wu** ("Defendant"), appearing pro se, hereby objects to Plaintiff's Motion for Leave to File a First Amended Complaint. Although leave to amend is often liberally granted, it is properly denied where amendment would be **futile**. Here, Plaintiff's proposed amendment does not, and cannot, cure the fundamental legal defects in the Complaint. The Motion for Leave should therefore be denied.

# I. LEGAL STANDARD

Under Fed. R. Civ. P. 15(a), made applicable by Fed. R. Bankr. P. 7015, leave to amend may be denied where the proposed amendment would be futile. An amendment is futile if the amended

pleading would still fail to state a claim upon which relief may be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Glassman v. Computervision Corp.*, 90 F.3d 617, 622–23 (1st Cir. 1996).

In the bankruptcy context, courts routinely deny leave where a proposed amended complaint fails, as a matter of law, to state a viable claim under **11 U.S.C. § 523** or fails to plead fraud with the particularity required by **Fed. R. Civ. P. 9(b)**. See *In re Curran*, 855 F.3d 19, 26 (1st Cir. 2017).

## II. AMENDMENT IS FUTILE

Plaintiff's proposed amended complaint does not correct the dispositive deficiencies identified in Defendant's Motion to Dismiss. Instead, it repackages the same legally insufficient theory: an attempt to transform a resolved corporate dispute into a personal nondischargeability claim. Amendment is futile for at least three independent reasons.

**A. The Settlement Agreement and Agreement for Judgment Superseded and Extinguished All Prior Claims**

As alleged by Plaintiff himself, the parties entered into a **Settlement Agreement and Mutual Release**, together with a fully executed **Agreement for Judgment against solely Breiter Planet Properties, LLC**, resolving the underlying dispute. Under Massachusetts law, a valid settlement agreement supersedes and extinguishes all prior claims arising from the same subject matter. *Franco v. Selective Ins. Co.*, 184 N.E.3d 64, 69 (Mass. App. Ct. 2021).

Once the parties' rights were reduced to a settlement and judgment, Plaintiff's remedies became limited to enforcement of that agreement. Plaintiff cannot, through amendment, revive pre-settlement allegations or recharacterize a settled claim as fraud. Because the settlement governs as a matter of law, no amendment can state a viable nondischargeability claim based on the superseded dispute.

**B. There Is No Personal Debt Owed by the Defendant**

The Agreement for Judgment and the state-court docket reflect that **judgment entered solely against Breiter Planet Properties, LLC**, not against Andrew Breiter-Wu individually. Section 523 applies only to a "debt of the debtor." Where no personal debt exists, nondischargeability relief is unavailable as a matter of law. See *In re Sarafoglou*, 345 B.R. 19, 23 (Bankr. D. Mass. 2006).

Plaintiff's proposed amendment does not, and cannot, alter the dispositive fact that the only judgment entered was against a corporate entity. Amendment is therefore futile because the statutory prerequisite for § 523 relief is absent.

**C. Plaintiff Still Fails to Allege That the Defendant Personally Obtained Money by Fraud**

Even as amended, the complaint does not allege facts showing that Defendant personally obtained money, property, or credit from Plaintiff through fraud, as required by **§ 523(a)(2)(A)**. Allegations that payments were made to a limited liability company do not satisfy the "obtained by" requirement. *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997).

3

Moreover, the proposed amendment continues to fall short of **Rule 9(b)**'s particularity requirement. It does not identify a specific false representation made by Defendant, when or where it was made, or how Plaintiff justifiably relied on it. Courts consistently deny leave where amended pleadings merely add detail without curing these fundamental defects. See *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985).

## III. CONCLUSION

Plaintiff's proposed amendment does not cure the legal deficiencies identified in Defendant's Motion to Dismiss. Because the claims are barred by settlement, unsupported by any personal debt, and insufficient under § 523(a)(2)(A) and Rule 9(b), amendment would be futile. The Motion for Leave to File a First Amended Complaint should therefore be **denied**.

Respectfully submitted,
/s/ Andrew Breiter-Wu
Andrew Breiter-Wu, Pro Se
Debtor
86 Willard Ave
Seekonk, MA 02771
617-334-5785
Legal@breiterplanet.com

Dated: January 16, 2026

## CERTIFICATE OF SERVICE

I, **Andrew Breiter-Wu**, hereby certify that on **January 16, 2026**, I served a true and correct copy of **Defendant's Objection to Plaintiff's Motion for Leave to File First Amended Complaint** in the matter of *Mark Danko v. Andrew Breiter-Wu*, Adversary Proceeding No. **25-01162**, by **electronic mail** upon the following party:

    **Mark Danko**
    302 Melrose St
    Melrose, MA 02176
    mwdanko@gmail.com

**/s/ Andrew Breiter-Wu**
**Andrew Breiter-Wu**
Defendant, Pro Se