UNITED STATES BANKRUPTCY COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark Danko, | ) FIRST AMENDED COMPLAINT TO DETERMINE |
| | ) DISCHARGEABILITY OF DEBT |
| Plaintiff, | ) |
| | ) |
| v. | ) *Adversary Proceeding No. 25-01162 |
| | ) |
| Andrew Breiter-Wu | ) |
| Defendant. | ) |

FIRST AMENDED  COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

UNDER 11 U.S.C. § 523(a)(2)(A)

Plaintiff, Mark Danko ("Plaintiff"), brings this adversary proceeding pursuant to 11 U.S.C. §

523(a)(2)(A) and alleges as follows:

JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §

1334(b) and 11 U.S.C. § 523(c).

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), as it concerns the

dischargeability of a particular debt.

3.      Venue is proper in this District under 28 U.S.C. § 1409(a) because this adversary

proceeding arises in and relates to Defendant's Chapter 7 case pending in this District.

PARTIES

4.      Plaintiff, Mark Danko, is an individual residing in Massachusetts.

5.      Defendant, Andrew Breiter-Wu, is the debtor in Chapter 7 Case No. 25-11742,

filed on August 21, 2025, in this Court.

FACTUAL ALLEGATIONS

6.	In or about October of 2020, Defendant represented to Plaintiff that he would sell and install photovoltaic solar equipment at Plaintiff's property.

7.	Defendant's representations were false when made. Defendant did not intend to perform the promised work, deliver the equipment, or comply with project documents.

8.	Defendant made these false representations knowingly and with intent to induce Plaintiff to enter into the transaction and pay money to Defendant.

9.	Plaintiff reasonably and justifiably relied on Defendant's representations and paid substantial sums of money to Defendant.

10.	Defendant failed to perform the promised work, failed to deliver equipment, and failed to refund Plaintiff's money.

11.	As a result, Plaintiff suffered damages including:

a.	Loss of funds paid to Defendant;

b.	Costs incurred to remediate and replace Defendant's nonperformance;

c.	Loss of opportunity to install solar at a lower cost;

d.	Loss of anticipated solar energy production.

12.	On February 28, 2024, in Malden District Court, Middlesex County, Massachusetts (Case No. 2450CV000042), a default was entered against Defendant pursuant to Mass. R. Civ. P. 55(a) and 77(b).

13.	The state-court complaint asserted causes of action for Breach of Contract, Violation of the Massachusetts Consumer Protection Act (G.L. c. 93A), and Fraud.

14.	The state court process is stayed by this bankruptcy with regards to Andrew Breiter-Wu

15.     On July 15, 2024, the parties executed a "SETTLEMENT AGREEMENT AND MUTUAL RELEASE".

16.     The "SETTLEMENT AGREEMENT AND MUTUAL RELEASE" does not limit Plaintiff's rights by having the text "... Plaintiff's rights under the Judgment shall not be released should Defendants default on their obligations to pay the Settlement Amount in a timely manner."

17.     Payment was not made in a timely manner.

18.     Defendant entered into the Agreement for Judgment without intent to perform and with the intent to seek bankruptcy protection shortly thereafter, constituting an independent act of fraud.

19.     Defendant's conduct constitutes false pretenses, false representations, and actual fraud within the meaning of 11 U.S.C. §523(a)(2)(A).

20.     At the time Defendant entered into the contract with Plaintiff, Defendant did not intend to perform the promised work, deliver the photovoltaic equipment, or complete the project as represented.

21.     In or about September 2021, Defendant represented that he had the solar panels intended for Plaintiff's project and that installation would commence in October 2021.

22.     That representation was false. Defendant did not possess the solar panels at that time.

23.     Defendant further represented that the project would be completed in October 2021, despite knowing, or recklessly disregarding, that he lacked the equipment, personnel, and financial capacity to complete the installation within that timeframe.

24.     No installation occurred in October 2021.

25.    In or about December 2021, Defendant represented that installation would occur in January 2022, and affirmatively stated that he was physically viewing the solar panels that would be used for Plaintiff's project while on the phone with Plaintiff.

26.    Plaintiff asked Defendant to read the serial numbers from the solar panels he claimed to be viewing. The Defendant refused to read serial numbers.

27.    Plaintiff requested that Defendant read just one serial number from any one panel that would be installed on the Plaintiff's project. The Defendant refused.

28.    Defendant's statements that he possessed the solar panels for Plaintiff's project were knowingly false and made to conceal Defendant's inability or unwillingness to perform.

29.    Defendant realized that by asking for serial numbers, Plaintiff had uncovered the fact that Defendant was lying and became unresponsive to phone calls and emails and thereafter ceased or substantially reduced responding to Plaintiff's phone calls or emails.

30.    Defendant's repeated representations that the project would be completed in October 2021, December 2021, or January 2022 were false when made, as Defendant did not intend to complete the project during those timeframes and knew or should have known that completion would not occur.

31.    Defendant ceased communicating with Plaintiff because Defendant knew Plaintiff had discovered Defendant's misrepresentations.

32.    At no point did Defendant perform the installation or deliver the promised equipment.

33.     During the period in which Defendant made these misrepresentations, Plaintiff continued to make monthly payments to Defendant in reliance on Defendant's false statements.

34.     Defendant operated a financing scheme in which customer payments were not used to perform existing contracts, but instead were used to satisfy prior obligations.

35.     Upon information and belief, Defendant lacked sufficient capital, inventory, or legitimate financing to perform promised installations, and Defendant's ability to continue operating depended on continuously obtaining funds from new customers to cover earlier commitments.

36.     Such a business structure is inherently deceptive and mathematically unsustainable. Fraudulent intent under 11 U.S.C. §523(a)(2)(A) may be inferred from the inevitability of harm resulting from such a structure. See Palmacci v. Umpierrez, 121 F.3d 781, 789 (1st Cir. 1997); In re Agriprocessors, Inc., 859 F.3d 599, 604 (8th Cir. 2017).

37.     Defendant failed to observe corporate formalities, including by failing to maintain adequate records, hold regular meetings, or keep LLC affairs separate from his personal affairs.

38.     Defendant exercised complete domination and control over all LLCs in which he had ownership or management authority, such that those entities had no separate mind, will, or existence of their own.

39. All LLCs in which he had ownership or management authority were undercapitalized and lacked sufficient assets to meet reasonably foreseeable obligations to customers and creditors.

40.     Defendant commingled LLC funds with his personal funds, using company accounts for personal expenses and personal accounts for company business.

41.     Defendant used all LLCs in which he had ownership or management authority to perpetrate fraud or to avoid obligations to Plaintiff and other creditors.

42.     Defendant used all LLCs in which he had ownership or management authority as his personal checking account, paying personal expenses from LLC accounts and treating LLC assets as his own.

43.     Transactions between Defendant and all LLCs in which he had ownership or management authority were not conducted at arm's length and did not reflect fair dealing between separate entities.

44.     Due to the lack of corporate formalities and the foregoing factors, all LLCs in which he had ownership or management authority should be disregarded and Defendant held personally liable for the debts at issue.

## NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

43.     Section 523(a)(2)(A) excepts from discharge any debt obtained by "false pretenses, a false representation, or actual fraud."

44.     Defendant obtained money from Plaintiff through actual fraud and false representations as detailed herein.

45. The Agreement for Judgment does not eliminate the fraudulent character of the underlying debt. Pursuant to Archer v. Warner, 538 U.S. 314 (2003), a settlement of a fraud claim does not bar a bankruptcy court from determining that the debt is nondischargeable if it arises out of fraud.

46.     Because the Agreement for Judgment resolved claims including fraud, the resulting debt inherits the fraudulent nature of the underlying transaction.

## FRAUD CLAIMS / CAUSES OF ACTION COUNT I – FRAUD BASED ON LACK OF INTENT TO FULFILL CONTRACT (FORMATION FRAUD)

47.     Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

48.     Defendant induced Plaintiff to enter into a contract for solar panels.

49.     Defendant, Andrew Breiter-Wu, represented to Plaintiff that he would sell and install photovoltaic equipment at Plaintiff's property, with work to begin on June 30, 2021, in accordance with the project documents.

50.     Defendant had no intent to perform or acted with reckless disregard for the truth that the equipment would not be installed.

51.     Plaintiff reasonably relied on these representations and paid substantial sums to Defendant.

52.     As a result, Plaintiff suffered damages, including:

    a. Loss of funds paid to Defendant;

    b. Costs incurred to remediate and replace Defendant's nonperformance;

    c. Loss of opportunity to install solar at a lower cost;

    d. Loss of anticipated solar energy production.

53.     Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

## COUNT II – FRAUD BASED ON FALSE SEPTEMBER 2021 REPRESENTATIONS

54.     Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

55.     In September 2021, Defendant represented that he had secured the solar panels and that installation would begin in October 2021. These representations were false; Defendant did not possess the panels nor intend for installation to occur.

56.     Plaintiff reasonably relied on these representations and continued making payments instead of seeking alternative options. As a result, Plaintiff suffered the damages described in Count I.

57.     Defendant's repeated misrepresentations and concealment constitute a continuing course of fraud.

58.     Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

COUNT III – FRAUD BASED ON FALSE DECEMBER 2021 REPRESENTATIONS

59.     Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

60.     In December 2021, Defendant represented that installation would occur by the end of the month or in January 2022 and that he was physically viewing the solar panels intended for Plaintiff's project. These representations were false; Defendant did not possess the panels and could not complete the project within the promised timeframe.

61.     Plaintiff requested serial numbers from the panels that were for Plaintiff's house, which Defendant claimed to be looking at. Defendant refused because he did not have the solar panels. Then Defendant ceased communication. Plaintiff reasonably relied on Defendant's false statements, continuing to make payments, and suffered the damages described in Count I.

62.     Defendant's repeated misrepresentations and concealment constitute a continuing course of fraud.

63.      Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

COUNT IV – FRAUD BASED ON UNSUSTAINABLE FINANCING SCHEME

64.      Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

65.      Defendant operated a financing scheme in which customer payments were not used to perform existing contracts but were instead used to satisfy prior obligations. Upon information and belief, Defendant lacked sufficient capital, inventory, or legitimate financing to fulfill promised installations.

66.      Plaintiff reasonably relied on Defendant's representations and continued payments under the expectation that services would be performed. As a direct result, Plaintiff suffered the damages described in Count I.

67.      Defendant's conduct constitutes constructive fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

COUNT V – FRAUD BASED ON VIOLATION OF BANKING/FINANCIAL LAWS

68.      Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

69.      Defendant accepted and used customer payments in violation of banking and financial laws, including commingling funds and using new customer payments to satisfy prior obligations.

70.      Plaintiff reasonably relied on Defendant's conduct and continued payments under the expectation that services and equipment would be delivered. As a direct result, Plaintiff suffered the damages described in Count I.

71.     Defendant's conduct constitutes fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

PRAYER FOR RELIEF WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Determine that the debt owed to Plaintiff in the amount of $24,500.00 plus pre- and post-judgment interest, and any other liabilities arising from the same central nucleus of facts, is nondischargeable under 11 U.S.C. § 523(a)(2)(A); and

2.      Award such other and further relief as the Court deems just and proper.

Dated: 2/25/2026

Respectfully submitted,
/s/ Mark Danko
Mark Danko,
Plaintiff Acting Pro Se
302 Melrose St
Melrose, MA 02176
(978) 328-6038
mwdanko@gmail.com