**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST**

**AMENDED COMPLAINT**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

In re:
**ANDREW BREITER-WU**
Debtor.

**Mark Danko,**
Plaintiff,
v.
**Andrew Breiter-Wu,**
Defendant.

**CHAPTER 7 CASE NO. 25-11742**
**ADVERSARY PROCEEDING NO. 25-01162**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S**

**FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiff Mark Danko opposes Defendant Andrew Breiter-Wu's Motion to Dismiss the

First Amended Complaint. The Motion should be denied. Plaintiff has stated plausible claims for

nondischargeability under 11 U.S.C. § 523(a)(2)(A) with the particularity required by Rule 9(b).

Defendant's submission does not test the legal sufficiency of the pleadings. Instead, it repeatedly

relies on materials outside the Complaint, disputes Plaintiff's factual allegations, and urges the

Court to resolve factual issues that are reserved for summary judgment or trial. That approach is

improper under Rule 12(b)(6) and controlling authority.

---

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the statement need not include

"detailed factual allegations," it must plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must

accept all well-pleaded factual allegations as true and draw all reasonable inferences in the

plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Only a complaint that states a

plausible claim for relief survives a motion to dismiss." *Id.* at 679.

When deciding a Rule 12(b)(6) motion, review is generally limited to the complaint and

any exhibits attached thereto or incorporated by reference. Fed. R. Civ. P. 10(c). A motion to

dismiss addresses legal sufficiency, not factual disputes or the merits of the case.

Because Plaintiff alleges fraud, the Complaint must also satisfy Fed. R. Civ. P. 9(b), made

applicable by Fed. R. Bankr. P. 7009. Rule 9(b) requires that "the circumstances constituting

fraud or mistake" be stated "with particularity"—the who, what, when, where, and how of the

alleged fraud. Rule 9(b) expressly provides that "malice, intent, knowledge, and other conditions

of a person's mind may be alleged generally." Fraudulent intent may be inferred from circumstantial evidence, including a pattern of misrepresentations and post-contract conduct. *See, e.g., Palmacci v. Umpierrez*, 121 F.3d 781, 789 (1st Cir. 1997). Where factual information regarding the fraud is peculiarly within the defendant's knowledge or control, the particularity requirement may be relaxed; a plaintiff cannot be expected to plead with full detail facts that only discovery from the defendant will reveal. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) ("Where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control, the rigid requirements of Rule 9(b) may be relaxed."); *see also Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (same principle). Here, key facts—including Defendant's internal intent, use of customer funds, corporate records, and financial practices—are within Defendant's exclusive control and will be developed through discovery.

---

## III. DEFENDANT'S MOTION IMPROPERLY RELIES ON EXTRINSIC MATERIALS AND DISPUTED FACTS

Defendant's motion repeatedly relies on extrinsic materials and disputed factual assertions to challenge the Complaint. Such arguments are improper at the pleading stage, where the Court's review is confined to the allegations set forth within the four corners of the Complaint and any documents properly incorporated therein. By advancing a competing version of events and relying on materials outside the pleadings, Defendant effectively seeks a premature merits determination. The Federal Rules do not permit such an approach. Accordingly, the Court should disregard these extrinsic materials and evaluate the sufficiency of the Complaint under the

governing Rule 12(b)(6) standard, accepting all well-pleaded allegations as true and drawing all reasonable inferences in Plaintiff's favor.

---

### IV. THE COMPLAINT PLAUSIBLY ALLEGES FRAUD UNDER § 523(a)(2)(A)

**A. This Is Not Merely a Breach of Contract—It Is Formation and Continuing Fraud**

Defendant's central theme—that this case is "at most" a contract dispute—ignores the core allegations of the First Amended Complaint. Plaintiff has alleged:

- **Formation fraud:** At the time Defendant entered into the contract, he did not intend to perform the promised work, deliver equipment, or complete the project. First Am. Compl. ¶¶ 7–8, 20.

- **Repeated false status updates:** In September 2021, Defendant represented that he had the solar panels and that installation would commence in October 2021; those representations were false. *Id.* ¶¶ 21–24. In December 2021, Defendant represented that installation would occur in January 2022 and that he was physically viewing the panels; those representations were also false. *Id.* ¶¶ 25–27.

- **Specific lie about present fact:** Defendant affirmatively stated he was physically viewing the solar panels for Plaintiff's project while on the phone with Plaintiff. When Plaintiff asked Defendant to read serial numbers from those panels, Defendant refused—because he did not have the panels. *Id.* ¶¶ 26–28.

- **Evasive conduct when confronted:** After Plaintiff's request for serial numbers exposed the lie, Defendant ceased or substantially reduced communication. *Id.* ¶¶ 29–31.

A knowingly false statement regarding a present fact—such as possession of equipment—made to induce payment is classic fraud under § 523(a)(2)(A), not mere breach of contract. *See Palmacci*, 121 F.3d at 786–87. Plaintiff has alleged exactly that.

**B. Rule 9(b) Is Satisfied—Counts I, II, and III Each Plead Who, What, When, Where, and How, and Counts IV and V Concern Facts in Defendant's Control**

Counts I, II, and III each plead the circumstances of fraud with particularity. The Complaint identifies who made the statements, what was said, when it was said, where and how it was communicated, and why each statement was false when made.

**Count I – Fraud Based on Lack of Intent to Fulfill Contract (Formation Fraud)**

| Requirement | Allegation | Paragraph(s) |
| --- | --- | --- |
| **Who** | Defendant Andrew Breiter-Wu | ¶¶ 5, 48, 49 |
| **What** | That he would sell and install photovoltaic equipment at Plaintiff's property, with work to begin June 30, 2021, in accordance with project documents | ¶¶ 6, 49 |
| **When** | October 2020 (contract formation); work represented to begin June 30, 2021 | ¶¶ 6, 49 |

| | | |
|---|---|---|
| **Where / How** | Representations inducing Plaintiff to enter the contract; Plaintiff paid substantial sums in reliance | ¶¶ 9, 51 |
| **Why false** | Defendant had no intent to perform or acted with reckless disregard for the truth that the equipment would not be installed | ¶¶ 7, 8, 20, 50 |

**Count II – Fraud Based on False September 2021 Representations**

| Requirement | Allegation | Paragraph(s) |
|---|---|---|
| **Who** | Defendant Andrew Breiter-Wu | ¶¶ 5, 55 |
| **What** | That he had secured the solar panels and that installation would begin in October 2021 | ¶¶ 21, 55 |
| **When** | September 2021 | ¶¶ 21, 55 |

| | | |
|---|---|---|
| **Where / How** | Direct communications with Plaintiff; Plaintiff reasonably relied and continued making payments instead of seeking alternatives | ¶¶ 33, 56 |
| **Why false** | Defendant did not possess the panels and did not intend for installation to occur | ¶¶ 22, 23, 24, 55 |

**Count III – Fraud Based on False December 2021 Representations**

| Requirement | Allegation | Paragraph(s) |
|---|---|---|
| **Who** | Defendant Andrew Breiter-Wu | ¶¶ 5, 60 |
| **What** | That installation would occur by the end of the month or in January 2022, and that he was physically viewing the solar panels intended for Plaintiff's project | ¶¶ 25, 60 |
| **When** | December 2021 | ¶¶ 25, 60 |

| **Where / How** | Phone call with Plaintiff; Defendant claimed to be viewing panels; Plaintiff requested serial numbers; Defendant refused; Defendant then ceased communication; Plaintiff continued making payments in reliance | ¶¶ 25, 26, 27, 29, 33, 61 |
| --- | --- | --- |
| **Why false** | Defendant did not possess the panels and could not complete the project within the promised timeframe; his refusal to provide serial numbers and cessation of communication confirm the falsity | ¶¶ 28, 29, 30, 60 |

Counts IV and V are also plausibly pleaded because they concern Defendant's financing practices, use of customer payments, corporate records, account activity, and internal business practices. Those facts are largely within Defendant's control and will be developed through discovery.

Defendant's assertion that allegations of intent are "conclusory" is incorrect. Rule 9(b) permits intent to be alleged generally, and fraudulent intent may be inferred from the alleged pattern of misrepresentations and evasive conduct. Defendant is demanding evidentiary proof at the pleading stage; that is not the law.

---

### V. DEFENDANT'S ARGUMENTS A–E EACH FAIL AS A MATTER OF LAW

#### A. Argument A ("No Personal Debt") Improperly Seeks Resolution of Disputed Facts

Defendant's threshold argument—that Plaintiff has failed to allege a debt owed by Defendant personally—is not a proper basis for dismissal under Rule 12(b)(6). It does not identify a pleading defect. It asks the Court to resolve factual issues: the nature of the parties' relationship, the flow of funds, and the effect of state-court proceedings. That is improper at this stage.

The Court must accept Plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a complaint must contain sufficient factual matter, *accepted as true*, to state a claim that is plausible on its face); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That includes allegations that Defendant personally made fraudulent representations and that Plaintiff suffered damages as a result. Whether liability ultimately runs to Defendant individually may depend on alter-ego, veil-piercing, or the state-court default—all of which are fact-intensive and cannot be resolved on a motion to dismiss.

Defendant's argument is further undermined by the procedural history. As alleged in the Complaint, a default was entered against Defendant Andrew Breiter-Wu individually in the state-court action prior to the bankruptcy stay. First Am. Compl.    12; *see* Mass. R. Civ. P. 55(a) & 77(b). Defendant's suggestion that no personal liability exists ignores that record. In addition, the Settlement Agreement and Mutual Release expressly preserved Plaintiff's rights under the Judgment should Defendant default on payment obligations. First Am. Compl. ¶¶ 15–17. Defendant did not pay in a timely manner. *Id.*    17. Those allegations support a plausible claim that Plaintiff may pursue Defendant personally.

Moreover, a corporate officer is personally liable for his own fraudulent conduct, regardless of the corporate form. *See, e.g., Palmacci v. Umpierrez*, 121 F.3d at 786. The Complaint alleges that Defendant personally made the false representations. That is an independent and sufficient basis for personal liability. Argument A does not address a failure to state a claim; it asks the Court to weigh facts. It must be rejected.

**B. Argument B (Rule 9(b)) Fails Because the Complaint Meets the Standard and Defendant Misstates It**

As set forth in Section IV.B above, the Complaint pleads the who, what, when, where, and how of the alleged fraud in Counts I, II, and III. Counts IV and V concern Defendant's internal financing practices and use of customer funds—facts largely within Defendant's control. Rule 9(b) still governs those counts, but **where factual information about the alleged fraud is peculiarly within the defendant's knowledge or control, the rigid particularity requirement may be relaxed**, and a plaintiff need not plead details that only the defendant or discovery could supply. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002); *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001); *cf.* Fed. R. Civ. P. 9(b) (malice, intent, knowledge, and conditions of mind "may be alleged generally"). Defendant's contention that Plaintiff has not pleaded fraud with particularity is wrong.

Defendant also asserts, without citation, that "conclusory assertions that a defendant never intended to perform... are insufficient." That formulation is not an accurate statement of the pleading standard. Rule 9(b) allows intent to be alleged generally, and courts may infer fraudulent intent from circumstantial evidence. Plaintiff has alleged specific false statements, dates, and context. Argument B fails.

**C. Argument C ("At Most a Contract Dispute") Is Irrelevant and Relies on Improper Evidence**

Defendant's assertion that Plaintiff's allegations describe "at most" a contract dispute is both irrelevant at the pleading stage and unsupported. Plaintiff has alleged specific, knowingly false statements of present fact—including that Defendant possessed and was physically viewing the solar panels—made to induce continued payment. That is fraud under § 523(a)(2)(A), not mere nonperformance.

Defendant's reliance on a "documentary record" (Exhibits D and E) is improper. Those materials are not incorporated by reference in the First Amended Complaint and are offered to contradict Plaintiff's allegations. They may not be considered on a Rule 12(b)(6) motion. Even if they were considered, the existence of some project development activity does not negate Plaintiff's fraud theories as a matter of law; that is a factual dispute for another day.

Defendant cites no authority for the proposition that fraud claims must be dismissed whenever a contractual relationship exists. Fraud and breach of contract are not mutually exclusive; the same facts may support both. *See, e.g., Microfin., Inc. v. Premier Holidays Int'l*, 385 F.3d 72, 77 (1st Cir. 2004) (affirming judgment imposing liability for fraud, breach of contract, and breach of the covenant of good faith and fair dealing); *Combined Servs., Inc. v. Lynn Elecs. Corp.*, 888 F.2d 106, 110–12 (11th Cir. 1989) (breach of contract and fraud claims may proceed together where fraud is adequately pleaded). Argument C fails.

**D. The Alter-Ego and Veil-Piercing Allegations Are Plausible; Argument D Applies the Wrong Standard**

Defendant challenges Plaintiff's alter-ego and veil-piercing allegations as "conclusory." At the pleading stage, Plaintiff need only allege facts that make it plausible that the corporate form should be disregarded—not that it is already proven. The Complaint alleges, among other things:

- Defendant's failure to observe corporate formalities, maintain adequate records, or keep LLC affairs separate from his personal affairs. First Am. Compl.   37.

- Defendant's complete domination and control over all LLCs in which he had ownership or management authority. *Id.*   38.

- Undercapitalization and lack of sufficient assets to meet foreseeable obligations. *Id.*   39.

- Commingling of LLC funds with personal funds and use of company accounts for personal expenses. *Id.* ¶¶ 40–42.

- Use of entities to perpetrate fraud or avoid obligations to Plaintiff. *Id.* ¶¶ 41, 44.

These allegations track the factors recognized under Massachusetts law for disregarding the corporate form. *See My Bread Baking Co. v. Cumberland Farms, Inc.*, 233 N.E.2d 748 (Mass. 1968); *Attorney Gen. v. M.C.K., Inc.*, 432 Mass. 546 (2000); *Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc.*, 754 F.2d 10, 14–16 (1st Cir. 1985). They are sufficient to state a plausible claim at this stage.

Defendant's argument effectively requires Plaintiff to plead detailed financial and corporate records that are in Defendant's control and will be developed in discovery. That is not the law. Where key facts are within the defendant's control, courts permit claims to proceed.

In any event, veil piercing is not Plaintiff's only theory. As alleged, Defendant is personally liable for his own fraudulent conduct. The state-court default against Defendant

individually also supports personal liability. Thus, even if the Court were skeptical of the veil-piercing allegations, dismissal would still be improper. Argument D fails.

## E. Counts IV and V State Plausible Claims or, at Minimum, Warrant Discovery

Defendant attacks Counts IV (unsustainable financing scheme) and Count V (violation of banking/financial laws) on the ground that they do not state cognizable claims under § 523(a)(2)(A). That argument is wrong or premature.

Section 523(a)(2)(A) excepts debts obtained by "false pretenses, a false representation, or actual fraud." A scheme in which customer payments are used to satisfy prior obligations rather than to perform current contracts can support an inference of fraudulent intent. *See Palmacci*, 121 F.3d at 789; *In re Agriprocessors, Inc.*, 859 F.3d 599, 604 (8th Cir. 2017). Plaintiff has alleged that Defendant operated such a scheme and that Defendant lacked capital, inventory, or legitimate financing to perform. First Am. Compl. ¶¶ 34–36, 65–66, 69–70. Those allegations support a plausible claim under § 523(a)(2)(A).

Plaintiff addresses Rule 9(b) and specificity as to Counts IV and V again here only because Defendant independently urges dismissal of those counts on that basis in this portion of his Motion; Plaintiff incorporates by reference the fuller discussion in Sections IV.B and V.B and does not repeat it for needless emphasis. For the substantive reasons stated above, and the pleading rules stated in those sections, Argument E fails.

---

## VI. DEFENDANT'S MOTION IS AN IMPROPER ATTEMPT TO OBTAIN SUMMARY JUDGMENT AT THE PLEADING STAGE

Taken together, Defendant's arguments show that the Motion is not a proper Rule 12(b)(6) motion. Defendant introduces extrinsic materials, disputes Plaintiff's factual allegations, and urges the Court to draw inferences in Defendant's favor. That is precisely what *Twombly* and *Iqbal* prohibit at the pleading stage. The Court should confine its analysis to the Complaint, accept all well-pleaded allegations as true, draw all reasonable inferences in Plaintiff's favor, and deny the Motion.

---

## VII. CONCLUSION

Defendant's motion does raise some vague claims that plaintiff did not use the required level of detail without explaining what detail is missing.  Plaintiff has shown that plaintiff clearly has used the required level of detail including who/what/when/where when the facts are not exclusive in the defendant's control. Much of Defendant's Motion improperly seeks to resolve factual disputes, rely on extrinsic evidence, and raise the pleading standard beyond what the law requires. Plaintiff has alleged detailed, plausible claims for nondischargeability under 11 U.S.C. § 523(a)(2)(A), including knowingly false statements of present fact, intent to deceive, justifiable reliance, and resulting damages. The Complaint satisfies Rule 8 and Rule 9(b) with the required detail.. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety.

---

**Dated:** 4/29/2026

Respectfully submitted,

**MARK DANKO**

**/s/ Mark Danko**

Plaintiff, Pro Se

302 Melrose St

Melrose, MA 02176

(978) 328-6038

mwdanko@gmail.com