# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 25-11742-EDK |
| ANDREW BREITER-WU, | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |
|  | ) |  |
| MARK DANKO, | ) | Adversary Proceeding |
|  | ) | No. 25-01162 |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| ANDREW BREITER-WU, | ) |  |
|  | ) |  |
| Defendant | ) |  |
|  | ) |  |

## ORDER

Before the Court is the "Motion to Dismiss Plaintiff's First Amended Complaint" [Docket #33] filed by the defendant, Andrew Breiter-Wu, the debtor in the underlying Chapter 7 bankruptcy case (the "Debtor"), seeking to dismiss the "First Amended Complaint" [Docket #32] filed by the plaintiff in this adversary proceeding, Mark Danko (the "Plaintiff"). The complaint seeks to except from the Debtor's discharge a debt owed by the Debtor to the Plaintiff under 11 U.S.C. § 523(a)(2)(A)[1] related to the installation of solar equipment on the Plaintiff's property pursuant to an agreement made on or around October 2020. The Plaintiff asserts five counts in the complaint, each brought under § 523(a)(2)(A).

_____

[1] All statutory references in this Order are to provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), unless otherwise stated.

1

Count One is based on alleged false representations made on or around October 2020 that the Debtor would sell solar equipment in accordance with an agreement. Count Two is based on alleged misrepresentations made by the Debtor in September 2021 that he had secured solar panels and installation would begin the following month. Count Three is based on alleged misrepresentations made by the Debtor in December 2021 that he would install solar panels the following month and that he was physically viewing the solar panels intended for the project. Count Four is based on a theory that the Debtor allegedly operated a financing scheme through which customer payments were used to satisfy other obligations rather than perform existing contracts. Count Five is based on a theory that the Debtor accepted and used customer payments in violation of banking and finance laws, including commingling funds and using new customer payments to satisfy prior obligations. The Plaintiff does not specify what laws were allegedly violated in Count Five.

In evaluating a motion to dismiss under Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7012(b), the Court must determine whether the complaint contains a short and plain statement alleging sufficient "facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, because an action under § 523(a)(2)(A) "sounds in fraud," the complaint "therefore must be pleaded with particularity," as required by Federal Rule 9(b), made applicable by Bankruptcy Rule 7009. *Zutrau v. Zutrau (In re Zutrau)*, 482 B.R. 704, 710 (Bankr. D. Mass. 2012) (citing Fed. R. Civ. P. 9(b)).

While the Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the [plaintiff]'s favor," *Back Beach Neighbors Comm. v. Town of Rockport*, 63 F.4th 126, 130 (1st Cir. 2023) (alteration in original) (quoting *Legal Sea*

2

*Foods, LLC v. Strathmore Ins. Co.*, 36 F.4th 29, 34 (1st Cir. 2022)), the Court "credit[s] neither conclusory legal allegations nor factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," *id.* (quoting *Legal Sea Foods*, 36 F.4th at 33).

In addition to considering the facts alleged in the complaint and exhibits attached thereto, *Thorton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76, 81 (1st Cir. 2025) (citing *Freeman v. Town of Hudson*, 714 F.3d 29, 35–36 (1st Cir. 2012)), courts may consider documents "'fairly incorporated into the complaint,' 'facts susceptible to judicial notice,' and 'concessions in plaintiff[s'] response to the motion to dismiss,'" *Cheng v. Neumann*, 51 F.4th 438, 441 (1st Cir. 2022) (alteration in original) (quoting *Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 21 (1st Cir. 2018)).  The Court may also consider documents the authenticity of which are not disputed, official public records, documents central to the claims, and documents sufficiently referred to in the complaint. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

Where, as here, the Plaintiff is proceeding pro se, the Court construes the complaint liberally.  *See Vieira v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citation omitted).

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge "any debt for money, property, services . . . to the extent obtained by false pretenses, a false representation, or actual fraud."  11 U.S.C. § 523(a)(2)(A).

To prevail under § 523(a)(2)(A) based on a false representation, a plaintiff must prove that:

> 1) the debtor made a knowingly false representation or one made in reckless disregard of the truth, 2) the debtor intended to deceive, 3) the debtor intended to

3

induce the creditor to rely upon the false statement, 4) the creditor actually relied upon the false statement, 5) the creditor's reliance was justifiable, and 6) the reliance upon the false statement caused damage.

*Dewitt v. Stewart (In re Stewart)*, 948 F.3d 509, 520 (1st Cir. 2020) (quoting *Shafarz v. Goguen (In re Goguen)*, 691 F.3d 62, 66 (1st Cir. 2012)).

To prevail under § 523(a)(2)(A) based on false pretenses, the elements are substantially similar to those required for a false representation. A plaintiff must "prove that [the defendant] made a false representation with fraudulent intent (i.e., with 'scienter'), that [the defendant] intended to induce the [plaintiff] to justifiably rely on [the] misrepresentation, that the [plaintiff] did in fact rely on the representation, and that the reliance caused a pecuniary loss." *Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur)*, 737 F.3d 814, 818 (1st Cir. 2013) (citing *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997)). "A false pretense or misrepresentation can be created 'when the circumstances imply a particular set of facts, and one party knows the facts to be otherwise,' and where the silent party 'may have a duty to correct what would otherwise be a false impression.'" *Id.* (quoting *Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999)).

Finally, actual fraud under § 523(a)(2)(A) "consists of any deceit, artifice, trick, or design involving direct or active operation of the mind, used to circumvent and cheat another." *Stewart*, 948 F.3d at 521 (quoting *Sauer Inc. v. Lawson (In re Lawson)*, 791 F.3d 214, 219 (1st Cir. 2015)).

After accepting the allegations in the complaint as true and drawing all reasonable inferences in the Plaintiff's favor, the Court finds that the Plaintiff has failed to sufficiently allege that any debt owed to the Plaintiff is excepted from the Debtor's discharge under § 523(a)(2)(A) because any debt incurred was not "for money, property, services, or an extension, renewal, or refinancing of credit . . . *obtained by*" a false representation, false pretenses, or actual fraud. 11 U.S.C. § 523(a)(2)(A) (emphasis added).

4

Count One does not allege with sufficient particularity facts to support the conclusory allegations that the Debtor made false representations and "did not intend to perform the promised work, deliver the equipment, or comply with project documents" at the time the alleged misrepresentations were made in October 2020 to state a claim under § 523(a)(2)(A).  And, at the hearing held this date, the Plaintiff conceded that he needed additional discovery to sufficiently determine whether the Debtor truly intended to install the solar equipment.  Counts Two and Three are both related to alleged misrepresentations that occurred after the debt was incurred, which therefore cannot state a claim under § 523(a)(2)(A).  Finally, Counts Four and Five do not state a claim under § 523(a)(2)(A) because the allegations related to those counts do not sufficiently relate to or arise from the alleged misrepresentations made in October 2020, when the underlying agreement was made and the debt was incurred.

Because the allegations in the complaint do not state a claim upon which relief can be granted under 11 U.S.C. § 523(a)(2)(A), the Court grants the Debtor's Motion to Dismiss. Accordingly, Counts One through Five are DISMISSED.

DATED: June 4, 2026

By the Court,

Elizabeth D. Katz
United States Bankruptcy Judge

5