**TUA, DISMISSED, APPEAL**

# United States Bankruptcy Court
# District of Massachusetts (Boston)
# Adversary Proceeding #: 25−01162

*Assigned to:* Chief Judge Elizabeth D. Katz
*Lead BK Case:* 25−11742
*Lead BK Title:* Andrew Breiter−Wu
*Lead BK Chapter:* 7
*Demand:* $24000
*Nature[s] of Suit:* 62 Dischargeability − 523(a)(2), false pretenses, false representation, actual fraud

*Date Filed:* 11/17/25
*Date Dismissed:* 06/04/26

***Plaintiff***
−−−−−−−−−−−−−−−−−−−−−−−
**Mark Danko**
302 Melrose St
Melrose, MA 02176
978−328−6038

represented by **Mark Danko**
PRO SE

V.

***Defendant***
−−−−−−−−−−−−−−−−−−−−−−−
**Andrew Breiter−Wu**
86 Willard Ave
Seekonk, MA 02771
617−334−5785
SSN / ITIN: xxx−xx−0563

represented by **Andrew Breiter−Wu**
PRO SE

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 11/17/2025 | | 1 | Adversary case 25−01162. Complaint by Mark Danko against Andrew Breiter−Wu. Fee Amount $350. Nature of Suit(62 (Dischargeability − 523(a)(2), false pretenses, false representation, actual fraud))(kmj, usbc) (Entered: 11/17/2025) |
| 11/17/2025 | | 2 | Summons Issued on Andrew Breiter−Wu Answer Due 12/17/2025. Summons must be served within seven (7) days of issuance. (Delivered in hand at time of filing) (kmj, usbc) (Entered: 11/17/2025) |
| 11/17/2025 | | | Receipt of Adversary Filing Fee − $350.00 by KJ. Receipt Number 11001096. (adi) (Entered: 11/18/2025) |
| 11/25/2025 | | 3 | Motion filed by Defendant Andrew Breiter−Wu to Dismiss Case (Re: 1 Complaint) with certificate of service. (Attachments: # 1 Memorandum in Support of Motion) (pf) (Entered: 11/25/2025) |
| 12/02/2025 | | 4 | Request for Alias Summons filed by Plaintiff Mark Danko. (pf) (Entered: 12/02/2025) |

| | | | |
|---|---|---|---|
| 12/02/2025 | | 5 | Alias Summons Issued on Andrew Breiter−Wu. Date Issued 12/2/2025, Answer Due 1/2/2026. Summons must be served within seven (7) days of issuance. (pf) (Entered: 12/02/2025) |
| 12/03/2025 | | 6 | Hearing Scheduled for 1/15/2026 at 12:00 PM at Worcester Courtroom 3 Re: 3 Motion of Defendant to Dismiss Adversary Proceeding. Objection deadline is 01/08/2026 at 4:00PM. (spr) (Entered: 12/03/2025) |
| 12/04/2025 | | 7 | Certificate of Service of Notice of Hearing (Re: 3 Motion to Dismiss Adversary Proceeding) filed by Defendant Andrew Breiter−Wu. (sas) (Entered: 12/04/2025) |
| 12/04/2025 | | 8 | BNC Certificate of Mailing. (Re: 5 Alias Summons Issued) Notice Date 12/04/2025. (Admin.) (Entered: 12/05/2025) |
| 12/06/2025 | | 9 | BNC Certificate of Mailing − Hearing. (Re: 6 Hearing Scheduled) Notice Date 12/06/2025. (Admin.) (Entered: 12/07/2025) |
| 12/09/2025 | | 10 | Summons Service Executed on Andrew Breiter−Wu 12/3/2025. (meh, Usbc) (Entered: 12/09/2025) |
| 12/26/2025 | | 11 | Request for Alias Summons filed by Plaintiff Mark Danko. (pf) (Entered: 12/26/2025) |
| 12/26/2025 | | 12 | Alias Summons Issued on Mark Danko Date Issued 12/26/2025, Answer Due 1/26/2026. Summons must be served within seven (7) days of issuance. (pf) (Entered: 12/26/2025) |
| 12/28/2025 | | 13 | BNC Certificate of Mailing. (Re: 12 Alias Summons Issued) Notice Date 12/28/2025. (Admin.) (Entered: 12/29/2025) |
| 01/02/2026 | | 14 | Summons Service Executed on Andrew Breiter−Wu on 12/24/2025. (pf) (Entered: 01/05/2026) |
| 01/08/2026 | | 15 | Amended Complaint by Mark Danko against Andrew Breiter−Wu. (RE: related document(s)1 Adversary case 25−01162. Complaint by Mark Danko against Andrew Breiter−Wu. Fee Amount $350. Nature of Suit(62 (Dischargeability − 523(a)(2), false pretenses, false representation, actual fraud)) filed by Plaintiff Mark Danko). (Attachments: # 1 Certificate of Service) (pf) (Entered: 01/08/2026) |
| 01/08/2026 | | 16 | Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. (Attachments: # 1 Certificate of Service) (pf) (Entered: 01/08/2026) |
| 01/08/2026 | | 17 | Opposition filed by Plaintiff Mark Danko Re: 3 Motion filed by Defendant Andrew Breiter−Wu to Dismiss Adversary Proceeding. (Attachments: # 1 Certificate of Service) (pf) (Entered: 01/08/2026) |
| 01/08/2026 | | 18 | Endorsed Order dated 1/8/2026 Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. THIS MOTION WILL BE HELD FOR OBJECTIONS THROUGH JANUARY 26, 2026. (ag) (Entered: 01/08/2026) |
| 01/08/2026 | | 19 | Endorsed Order dated 1/8/2026 Re: 3 Motion filed by Defendant Andrew Breiter−Wu to Dismiss Case. IN THE INTEREST OF JUDICIAL ECONOMY, IN LIGHT OF THE MOTION TO AMEND COMPLAINT |

| | | | |
|---|---|---|---|
| | | | FILED JANUARY 8, 2026, THE HEARING ON THIS MOTION SET FOR JANUARY 15, 2026 IS CONTINUED TO FEBRUARY 5, 2026 AT 12:00 P.M. IN THE FEDERAL BUILDING AND COURTHOUSE, COURTROOM 3, 595 MAIN STREET, WORCESTER, MA. (pf) (Entered: 01/08/2026) |
| 01/08/2026 | | | Hearing Continued to 02/05/2026 at 12:00 PM at Worcester Courtroom 3 Re: 3 Motion to Dismiss Adversary Proceeding Filed by Defendant Andrew Breiter−Wu. (pf) (Entered: 01/08/2026) |
| 01/10/2026 | | 20 | BNC Certificate of Mailing − PDF Document. (Re: 18 Order on Motion to Amend) Notice Date 01/10/2026. (Admin.) (Entered: 01/11/2026) |
| 01/10/2026 | | 21 | BNC Certificate of Mailing − PDF Document. (Re: 19 Order on Motion to Dismiss Adversary Proceeding) Notice Date 01/10/2026. (Admin.) (Entered: 01/11/2026) |
| 01/16/2026 | | 22 | Objection with certificate of service filed by Defendant Andrew Breiter−Wu Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. (pf) (Entered: 01/16/2026) |
| 01/22/2026 | | 23 | Hearing Scheduled for 2/5/2026 at 12:00 PM at Worcester Courtroom 3 Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. (slh, usbc) (Entered: 01/22/2026) |
| 01/24/2026 | | 24 | BNC Certificate of Mailing − Hearing. (Re: 23 Hearing Scheduled) Notice Date 01/24/2026. (Admin.) (Entered: 01/25/2026) |
| 01/30/2026 | | 25 | Response with certificate of service filed by Plaintiff Mark Danko Re: 22 Defendant's Objection to: 16 Motion filed by Plaintiff for Leave to File 15 First Amended Complaint. (pf) (Entered: 01/30/2026) |
| 02/02/2026 | | 26 | Certificate of Service of Notice of Hearing Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. (sas) (Entered: 02/02/2026) |
| 02/03/2026 | | 27 | Notice of Pro Se Representation and Bar Admission with certificate of service filed by Plaintiff Mark Danko. (pf) (Entered: 02/04/2026) |
| 02/05/2026 | | | Hearing Held Re: 3 Motion filed by Defendant Andrew Breiter−Wu to Dismiss Adversary Proceeding. (pf) (Entered: 02/05/2026) |
| 02/05/2026 | | 28 | Proceeding Memorandum and Order dated 2/5/2026 Re: 3 Motion filed by Defendant Andrew Breiter−Wu to Dismiss Adversary Proceeding. DENIED WITHOUT PREJUDICE. THE DEADLINE FOR THE PLAINTIFF TO FILE A FURTHER AMENDED COMPLAINT IS FEBRUARY 26, 2026. THE DEADLINE FOR THE DEFENDANT TO FILE AN ANSWER OR RESPONSIVE PLEADING TO THE FURTHER AMENDED COMPLAINT IS 21 DAYS FROM THE FILING AND SERVICE OF THE AMENDED COMPLAINT. (pf) (Entered: 02/05/2026) |
| 02/05/2026 | | | Hearing Held Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. (pf) (Entered: 02/05/2026) |
| 02/05/2026 | | 29 | Proceeding Memorandum and Order dated 2/5/2026 Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. GRANTED. SEE ORDER OF EVEN DATE. (pf) (Entered: 02/05/2026) |

| | | | |
|---|---|---|---|
| 02/07/2026 | | 30 | BNC Certificate of Mailing − PDF Document. (Re: 28 Order on Motion to Dismiss Adversary Proceeding) Notice Date 02/07/2026. (Admin.) (Entered: 02/08/2026) |
| 02/07/2026 | | 31 | BNC Certificate of Mailing − PDF Document. (Re: 29 Order on Motion to Amend) Notice Date 02/07/2026. (Admin.) (Entered: 02/08/2026) |
| 02/25/2026 | | 32 | Amended Complaint by Mark Danko against Andrew Breiter−Wu. (RE: 1 Complaint). (Attachments: # 1 Certificate of Service) (pf) (Entered: 02/26/2026) |
| 03/16/2026 | | 33 | Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint with certificate of service. (Attachments: # 1 Memorandum of Law in Support of) (pf) (Entered: 03/17/2026) |
| 03/17/2026 | | 34 | Hearing Scheduled on 5/7/2026 at 11:00 AM at Worcester Courtroom 3 − EDK Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. Objections due by 4/30/2026 at 04:00 PM. (slh, usbc) (Entered: 03/17/2026) |
| 03/19/2026 | | 35 | BNC Certificate of Mailing − Hearing. (Re: 34 Hearing Scheduled) Notice Date 03/19/2026. (Admin.) (Entered: 03/20/2026) |
| 04/06/2026 | | | Hearing Rescheduled to 05/21/2026 at 10:00 AM at Worcester Courtroom 3 − EDK Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. (slh, usbc) (Entered: 04/06/2026) |
| 04/06/2026 | | 36 | Proceeding Memorandum and Order dated 4/6/2026 Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. IN THE INTEREST OF JUDICIAL ECONOMY, THE HEARING ON THIS MATTER SET FOR MAY 7, 2026, AT 11:00 AM HAS BEEN RESCHEDULED. THIS MATTER WILL NOW BE HEARD ON MAY 21, 2026, AT 10:00 A.M. THE RESCHEDULED HEARING WILL BE CONDUCTED IN−PERSON AT 595 MAIN STREET, COURTROOM 3, WORCESTER, MASSACHUSETTS. (pf) (Entered: 04/06/2026) |
| 04/08/2026 | | 37 | BNC Certificate of Mailing − PDF Document. (Re: 36 Order on Motion to Dismiss Adversary Proceeding) Notice Date 04/08/2026. (Admin.) (Entered: 04/09/2026) |
| 04/17/2026 | | | Hearing Rescheduled to 06/04/2026 at 10:30 AM at Springfield Courtroom − Berkshire and by Zoom.gov Re: 33 Motion to Dismiss Adversary Proceeding Filed by Defendant Andrew Breiter−Wu. (slh, usbc) (Entered: 04/17/2026) |
| 04/17/2026 | | 38 | Proceeding Memorandum and Order dated 4/17/2026 Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. DUE TO A CONFLICT IN THE COURT'S CALENDAR, THE HEARING ON THIS MATTER SET FOR MAY 21, 2026, HAS BEEN RESCHEDULED. THIS MATTER WILL NOW BE HEARD ON JUNE 4, 2026, AT 10:30 AM IN THE FEDERAL COURTHOUSE, BERKSHIRE COURTROOM, 300 STATE STREET, SPRINGFIELD, MA AND BY ZOOM.GOV VIDEO CONFERENCE. PARTIES IN INTEREST WHO WISH TO PARTICIPATE THROUGH ZOOM, BY 12:00 P.M. ONE COURT BUSINESS DAY BEFORE THE HEARING, SHOULD EMAIL THE COURTROOM DEPUTY AT sophia_howard@mab.uscourts.gov REQUESTING REMOTE PARTICIPATION, PROVIDING THEIR NAME, THE PARTY THEY |

| | | | |
|---|---|---|---|
| | | | REPRESENT, AND WHETHER OR NOT THEY WILL BE AN ACTIVE PARTICIPANT IN THE HEARING OR ONLY OBSERVING. PARTICIPATION BY VIDEO IS ONLY PERMITTED BY PARTIES IN INTEREST. ALL OTHER PARTIES WHO WISH TO ATTEND THE HEARING MUST ATTEND IN PERSON. (pf) (Entered: 04/17/2026) |
| 04/19/2026 | | 39 | BNC Certificate of Mailing − PDF Document. (Re: 38 Order on Motion to Dismiss Adversary Proceeding) Notice Date 04/19/2026. (Admin.) (Entered: 04/20/2026) |
| 04/29/2026 | | 40 | Opposition filed by Plaintiff Mark Danko Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. (Attachments: # 1 Certificate of Service) (pf) (Entered: 04/29/2026) |
| 05/04/2026 | | 41 | Reply with certificate of service filed by Defendant Andrew Breiter−Wu Re: 40 Plaintiff's Opposition to 33 Motion to Dismiss 32 First Amended Complaint. (pf) (Entered: 05/04/2026) |
| 06/04/2026 | | | Hearing Held Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. (pf) (Entered: 06/04/2026) |
| 06/04/2026 | | 42 | Endorsed Order dated 6/4/2026 Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. TAKEN UNDER ADVISEMENT. (pf) (Entered: 06/04/2026) |
| 06/04/2026 | | 43 | Order dated 6/4/2026 Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. GRANTED. See Order for Full Text. (pf) (Entered: 06/04/2026) |
| 06/06/2026 | | 44 | BNC Certificate of Mailing − PDF Document. (Re: 42 Order on Motion to Dismiss Adversary Proceeding) Notice Date 06/06/2026. (Admin.) (Entered: 06/07/2026) |
| 06/06/2026 | | 45 | BNC Certificate of Mailing − PDF Document. (Re: 43 Order on Motion to Dismiss Adversary Proceeding) Notice Date 06/06/2026. (Admin.) (Entered: 06/07/2026) |
| 06/18/2026 | | 46 | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel filed by Plaintiff Mark Danko (Re: 43 Order on Motion to Dismiss Adversary Proceeding). Appellant Designation due by 7/2/2026. Compiled Records Due by 7/16/2026. Transmission of Designation Due by 7/20/2026. Fee Amount $298. (Attachments: # 1 Certificate of Service)(sas) (Entered: 06/18/2026) |
| 06/18/2026 | | 47 | Clerk's Notice of Fees Due in the amount of $298.00 Re: 46 Notice of Appeal and Statement of Election filed by Plaintiff Mark Danko. Fee due by 7/2/2026. (sas) (Entered: 06/18/2026) |
| 06/18/2026 | | 48 | Notice of Appeal to Bankruptcy Appellate Panel (Re: 46 Notice of Appeal and Statement of Election filed by Plaintiff Mark Danko). (sas) (Entered: 06/18/2026) |
| 06/18/2026 | | 49 | Copy of Notice of Appeal to Bankruptcy Appellate Panel sent to Plaintiff Mark Danko. (sas) (Entered: 06/18/2026) |
| 06/18/2026 | | 50 | Initial Transmittal to BAP Re: 46 Notice of Appeal and Statement of Election filed by Plaintiff Mark Danko. (sas) (Entered: 06/18/2026) |

| | | | |
|---|---|---|---|
| 06/20/2026 | | 51 | BNC Certificate of Mailing − Notice (Re: 47 Clerk's Notice of Fees Due) Notice Date 06/20/2026. (Admin.) (Entered: 06/22/2026) |
| 06/20/2026 | | 52 | BNC Certificate of Mailing − PDF Document. (Re: 49 Generic PDF) Notice Date 06/20/2026. (Admin.) (Entered: 06/22/2026) |
| 07/02/2026 | | 53 | Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Plaintiff Mark Danko (RE: 46 Notice of Appeal and Statement of Election). Appellee designation due by 7/16/2026. (pf) (Entered: 07/02/2026) |
| 07/02/2026 | | | Receipt of Appeal Adversary Filing Fee − $298.00 by KJ. Receipt Number 11001453. (adi) (Entered: 07/02/2026) |
| 07/03/2026 | | | Transcript Requested by Mark Danko, Pro Se. Transcriptionist awaiting payment upon completion of transcript. (Janice Russell Transcripts) (Entered: 07/03/2026) |
| 07/16/2026 | | | Transcript Ordered and Acknowledged. Requested by Mark Danko, Pro Se and payment received. The expected completion date is 7/16/2026. (Janice Russell Transcripts) (Entered: 07/16/2026) |
| 07/16/2026 | | 54 | An official transcript (RE: Hearing Rescheduled Re: 33 Motion to Dismiss Adversary Proceeding Filed by Defendant Andrew Breiter−Wu.) heard on 06/04/26 has been filed. Pursuant to Judicial Conference Policy, electronic access to transcripts is restricted for 90 days from the date of filing. The transcript is available for inspection at the Clerk's Office or a copy may be purchased from the transcriber. Contact the ECR Operator for transcriber information. Parties have until 08/6/2026 to file a Request for Redaction with the Court. If no request is filed, the transcript may be made available electronically on 10/15/2026. (Janice Russell Transcripts) (Entered: 07/16/2026) |
| 07/16/2026 | | 56 | Appellee Designation of Additional Item for Inclusion in Record of Appeal filed by Defendant Andrew Breiter−Wu (Re: 46 Notice of Appeal and Statement of Election). (sas) (Entered: 07/17/2026) |
| 07/17/2026 | | 55 | Notice of Filing of Official Transcript. Notice is hereby given that an official transcript has been filed. Pursuant to the Judicial Conference policy governing public access to transcripts of federal court proceedings, transcripts are not electronically available(online) until 90 days after filing but may be inspected by clerk's office or purchased from the court transcriber during the 90−day period. (ADI) (Entered: 07/17/2026) |
| 07/19/2026 | | 57 | BNC Certificate of Mailing − Notice (Re: 55 Notice of Filing of Official Transcript) Notice Date 07/19/2026. (Admin.) (Entered: 07/20/2026) |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) U.S. BANKRUPTCY COURT |
|---|---|
| **PLAINTIFFS** MARK DANKO | **DEFENDANTS** 2025 NOV 17 P 2:33 andrew Breiter-Wu |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) none | **ATTORNEYS** (If Known) none |
| **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Determine Dischargabity of a debt 11 usc 523 a2A 28 usc 1334(b)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 24,560 |

Other Relief Sought
non-dischargablity and other as the court finds fair

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Andrew Breaker-Wu | BANKRUPTCY CASE NO.<br>25-11742 | |
| DISTRICT IN WHICH CASE IS PENDING<br>MA. | DIVISION OFFICE<br>Boston | NAME OF JUDGE<br>Elizabeth D Katz |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>11/17/2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>[signature] | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

U.S. BANKRUPTCY COURT
2025 NOV 17 P 2:21

| | | |
|---|---|---|
| Mark Danko, | ) | COMPLAINT TO DETERMINE |
| | ) | DISCHARGEABILITY OF DEBT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | *Adversary Proceeding No. [TO BE ASSIGNED] |
| | ) | |
| Andrew Breiter-Wu | ) | |
| Defendants. | ) | |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

UNDER 11 U.S.C. § 523(a)(2)(A)

1. Plaintiff, Mark Danko ("Plaintiff"), brings this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2)(A) and alleges as follows:

JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 523(c).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), as it concerns the dischargeability of a particular debt.

4. Venue is proper in this District under 28 U.S.C. § 1409(a) because this adversary proceeding arises in and relates to Defendant's Chapter 7 case pending in this District.

PARTIES

5. Plaintiff, Mark Danko, is an individual residing in Massachusetts.

6. Defendant, Andrew Breiter-Wu, is the debtor in Chapter 7 Case No. 25-11742, filed on August 21, 2025, in this Court.

FACTUAL ALLEGATIONS

7. On February 28, 2024, in the Malden District Court, Middlesex County, Massachusetts (Case No. 2450CV000042), a default was entered against Defendant pursuant to Mass. R. Civ. P. 55(a) and 77(b). A summary from MassCourts reflecting the default is attached as Attachment B.

8. The state-court complaint asserted causes of action including Breach of Contract, Violation of the Massachusetts Consumer Protection Act (G.L. c. 93A), and Fraud. A true and correct copy is attached as Attachment A.

9. On July 15, 2024, the parties executed an Agreement for Judgment resolving liability and liquidating damages in the state-court action. A true and correct copy is attached as Attachment C.

10. Plaintiff incorporates by reference paragraphs 34–38 of the state-court complaint (Attachment A), which set forth detailed factual allegations of fraudulent conduct by Defendant.

11. As alleged in Attachment A, Defendant represented to Plaintiff that he would sell and install photovoltaic solar equipment for Plaintiff, that work would begin on June 30, 2021, and that the project would be completed in accordance with written project documents.

12. Defendant's representations were false when made, and Defendant never intended to perform the promised work or deliver the equipment.

13. Defendant made these false representations knowingly and with the intent to induce Plaintiff to enter into the transaction and pay money to Defendant.

14. Plaintiff reasonably and justifiably relied on Defendant's false representations, paid Defendant substantial funds, and suffered financial loss as a result, including (a) payment for services never rendered, (b) payment for materials never delivered, (c) loss of the opportunity to install solar at a lower cost, and (d) loss of years of solar energy production.

15. Defendant's conduct constitutes false pretenses, false representations, and actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

16. Section 523(a)(2)(A) excepts from discharge any debt obtained by "false pretenses, a false representation, or actual fraud."

17. Defendant obtained money from Plaintiff through actual fraud and false representations, as detailed above and in Attachments A–C.

18. The Agreement for Judgment does not eliminate the fraudulent character of the underlying debt. Under Archer v. Warner, 538 U.S. 314 (2003), a settlement of a fraud claim does not bar a

bankruptcy court from determining that the debt is nondischargeable if the debt arises out of fraud.

19. Because the Agreement for Judgment settled claims including fraud, the resulting debt inherits the fraudulent nature of the underlying transaction pursuant to Archer.

20. Additionally, Defendant entered into the Agreement forJudgment with the intent to not pay it and to file bankruptcy shortly thereafter, which constitutes a second, independent act of fraud within the scope of § 523(a)(2)(A).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Determine that the debt owed to Plaintiff in the amount of $24,500.00 is nondischargeable under 11 U.S.C. § 523(a)(2)(A);

2. Award such other and further relief as the Court deems just and proper.

Dated: November 16, 2025
Respectfully submitted,

Mark Danko
Pro Se Plaintiff



/s/ Mark Danko
302 Melrose St
Melrose, MA 02176
(978) 328-6038
mwdanko@gmail.com

ATTACHEMENT #A

COMMONWEALTH OF MASSACHUSETTS

| | | |
|---|---|---|
| Middlesex, ss. | | District Court Department<br>Malden District Court |
| Mark Danko,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. ________________ |
| Andrew Breiter-Wu, and<br>Breiter Planet Properties, LLC,<br>Defendants. | )<br>)<br>) | |

## VERIFIED COMPLAINT

Comes now the Plaintiff, and states as and for his complaint as follows:

1. Plaintiff is a natural person with a residential address of 302 Melrose Street, Melrose, Massachusetts.

2. Defendant Andrew Breiter-Wu is a natural person with a residential address of 86 Willard Avenue, Seekonk, Massachusetts.

3. Defendant Breiter Planet Properties, LLC is a domestic limited liability company, involuntarily dissolved by court order or the Secretary of the Commonwealth on December 30, 2022, with a resident agent address of 86 Willard Avenue, Seekonk, Massachusetts.

4. Jurisdiction and venue are wholly appropriate as Plaintiff resides in Middlesex County, and the *res* of this action concerns real estate situated in this County.

### Facts

5. Defendants are engaged in commerce within the Commonwealth, to wit, providing and installing photovoltaic cells, also known as solar panels, on residential homes.

6. Plaintiff is a consumer.

7. On or about November 2020, Defendants proposed that Defendants would sell, and Plaintiff would purchase, solar panels to be installed on Plaintiff's roof.

8. Defendants prepared a contract, project description, and SMART participant customer disclosure form, for the purchase of the equipment by Plaintiff. A copy of each document is attached hereto as "Exhibit A".

9. Defendants also prepared a promissory note in which Plaintiff agreed to pay Defendant for the equipment and the installation.

10. Inasmuch as Defendant agreed to perform residential contracting services in an amount in excess of one thousand dollars, the contract had to have met certain requirements enumerated in G. L. c. 142A §2(a).

11. Defendants' violations of that section include, but are not limited to: failure to state the complete agreement between the owner and contractor; failure to include the full names, addresses, and contractor registration numbers of all parties; failure to include the dates on which the work under the contract is scheduled to begin and end; failure to affix the signatures of all parties to the contract; failure to provide a time schedule of payments under the contract; and failure to provide the required notices.

12. Despite promises by Defendants, Defendants failed and refused to deliver and install the equipment.

13. Defendants collected funds, totaling one thousand five hundred fifty-five dollars and ninety-two cents ($1555.92), from Plaintiff despite failing to deliver or install the equipment.

14. Defendants failed to perform, or abandoned the contract or project engaged in without excuse or justification in violation of G. L. c. 142A, §17(2).

15. Plaintiff has been harmed by Defendants' actions and omissions. Specifically, due to changes in the supply of materials and labor Plaintiff will now incur a much higher cost to have the solar panels installed, and was forced to forgo years of profit on solar electricity generation while waiting for the Defendant to fulfil his obligations.

16. Plaintiff sent Defendants a demand pursuant to Massachusetts General Laws, ch. 93A without result.

<u>Count I: Breach of Contract</u>

17. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

18. Plaintiff and Defendant entered into a legally enforceable contract supported by valuable consideration.

19. Plaintiff did perform, and was ready, willing, and able to perform all his obligations under the contract.

20. Defendants breached their contractual obligation to Plaintiff to deliver and install photovoltaic equipment at his home when they failed to deliver and install photovoltaic equipment to Plaintiff after repeated requests or demands to do so.

21. As a direct and proximate result, Plaintiff has been greatly injured thereby.

22. Plaintiff must now have solar panels installed at a much greater cost than the cost initially agreed upon with Defendant.

23. Plaintiff had to forgo years of profit he would have earned on solar generation because Defendant failed to fulfill his obligations under the contract.

24. Plaintiff paid Defendant, but received nothing of value in exchange.

Count II: Violation of Massachusetts Consumer Protection Act

25. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

26. Each violation of Massachusetts General Laws Chapter 142A committed by Defendants, as described above, is a per se unfair and deceptive act under the Massachusetts Consumer Protection Act.

27. Plaintiff's injuries are directly related to, and caused by, Defendants' unfair and deceptive acts.

28. Defendants' bad acts are unfair or deceptive acts or practices in the trade or commerce in which Defendants are engaged.

29. Defendants' bad acts were committed knowingly and willfully.

30. Plaintiff made written demand upon Defendant pursuant to G.L. c. 93A alleging these unfair and deceptive acts.

31. Defendants received the demand more than 30 days prior to the filing of this action.

32. Defendants made no reasonable offer of settlement in response.

33. As a direct and proximate result, Plaintiff has been greatly injured thereby.

Count III: Fraud

34. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

35. Defendant Andrew Breiter-Wu falsely represented to the Plaintiff that Defendants would sell Plaintiff photovoltaic equipment and install that equipment.

36. Specifically, Defendant represented that work on the project would begin June 30, 2021, and be conducted in accordance with the project description and other transactional documents reproduced in Exhibit A.

37. Defendant's false representations were material as they formed the basis of the bargain between the parties, and were justifiably relied on by Plaintiff to Plaintiff's own detriment, to wit; Plaintiff paid for services never rendered and materials never delivered, lost the opportunity to have solar installed at a lower cost, and lost years of profit from solar power generation.

38. At the time the false representations were made, Defendant had no intention to fulfill his obligations under the contract, or made the false representations with intent to deceive Plaintiff, and made those false representations for the purpose of inducing Plaintiff to enter the transaction.

WHEREFORE, Plaintiff demands judgment as follows:

1. A finding for Plaintiff on all claims and an award of monetary damages to Plaintiff.

2. A finding that Defendants violated M.G.L. c. 93A, and an award of reasonable costs, attorney's fees under M.G.L. c. 93A.

3. A finding that Defendants' violations of M.G.L. c. 93A were knowing or willful and an award of multiple damages and attorney fees.

4. An award of costs pursuant to Mass. R. Civ. P. 54(d).

5. Pre and post judgment interest.

6. All other relief that this Court deems just and proper.

Plaintiffs by their attorney,

______________________________

Ira H. Grolman (BBO 556709)
GROLMAN LLP
29 Stanhope Street
Boston, MA 02116
Ph: (617) 859-8966
Fax: (617) 859-8903

Dated: January 9, 2024

Attachment B:

# 2450CV000042 Danko, Mark v. Breiter-Wu, Andrew

Case Type:
Civil
Case Status:
Disposed for Statistical Purposes
File Date
01/16/2024
DCM Track:

Initiating Action:
Money Action - District Court Filing (c231 §§ 103-104)
Status Date:
10/28/2025
Case Judge:

Next Event:

| All Information | Party | Judgment | Event | Docket | Disposition |
|---|---|---|---|---|---|

## Party Information

**Danko, Mark**
- Plaintiff

**Alias Party Attorney**

Attorney
Grolman, Esq., Ira H
Bar Code
556709
Address
Grolman LLP
29 Stanhope St
Boston, MA 02116
Phone Number
(617)859-8966

More Party Information

**Breiter-Wu, Andrew**
- Defendant

**Alias Party Attorney**

More Party Information

**Breiter Planet Properties, Llc**
- Defendant

**Alias Party Attorney**

More Party Information

## Judgments

Date Type Method For Against 10/28/2025 Judgment for the Plaintiff , after default and upon assessment of damages Danko, Mark Breiter Planet Properties, Llc

## Events

**Date Session Location Type Result** 06/12/2024 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 07/16/2024 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held 03/26/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Event Cancelled

**Date Session Location Type Result** 08/05/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 09/09/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held 09/30/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 10/28/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held - Motion Allowed

## Docket Information

**Docket Date** *Docket Text* **Amount Owed** **File Ref Nbr.** *Image Avail.*

01/16/2024 E-File complaint filed.

01/16/2024 Statement of damages filed by Plaintiff alleging contract action for damages of $25000. or less(Dist./Mun.Cts.Supp.R.Civ.P. 102A)

01/16/2024 Exparte motion filed. 1 01/18/2024 Motion to appoint special process server (Civ.P. 3[c] &4) allowed .

02/02/2024 Return of service on complaint and summons to Breiter Planet Properties, Llc: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)).3 02/08/2024 Return of service on complaint and summons to Andrew Breiter-Wu: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)).2

02/15/2024 Application to clerk-magistrate to enter default against Andrew Breiter-Wu filed by Mark Danko (Mass.R.Civ.P. 55(a) & 77(b)).

02/28/2024 Default entered against Andrew Breiter-Wu by clerk-magistrate (Mass.R.Civ.P. 55(a) & 77(b)).

04/26/2024 Motion to assess damages (Mass.R.Civ.P. 55[b][4]) filed by Mark Danko-Plaintiff. 4

04/30/2024 Event Scheduled
Event: Motion Hearing (CV)
Date: 06/12/2024 Time: 11:00 AM
Result: Reschedule of Hearing

06/10/2024 Answer filed. 5

Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant)

06/10/2024 Motion to dismiss filed 6

Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant)

06/10/2024 Opposition filed to Defts opposition to plaintiffs motion for assessment of damages and default judgment filed.7

06/10/2024 Motion to Plaintiffs motion to strike defendants motion to remove default filed by Mark Danko-Plaintiff. 8

06/11/2024 Opposition filed filed. 9 06/12/2024 Motion to Plaintiffs motion to strike defendants and counterclaim allowed allowed .

06/13/2024 Event Scheduled
Event: Motion Hearing (CV)

Date: 07/16/2024 Time: 11:00 AM
Result: Held

07/16/2024 Event Resulted: Motion Hearing (CV) scheduled on:
07/16/2024 11:00 AM
Has been: Held
Hon. James M Murphy, Presiding

07/16/2024 Misc Entry:

1 year NISI Order

02/25/2025 Motion to restore case to trial list filed by Mark Danko-Plaintiff. 10

02/26/2025 Event Scheduled
Event: Motion Hearing (CV)
Date: 03/26/2025 Time: 11:00 AM
Result: Event Cancelled

03/05/2025 Opposition filed to Enforce settlement and enter judgment filed. 11

03/06/2025 Motion to Withdraw motion to return to trial list and enforce settlement filed by Mark 12

Danko-Plaintiff.

| Docket Date | Docket Text Amount Owed | File Ref Nbr. | Image Avail. |
|---|---|---|---|

03/07/2025 Event Resulted: Motion Hearing (CV) scheduled on:
03/26/2025 11:00 AM
Has been: Event Cancelled For the following reason: Brought forward
Hon. Emily A Karstetter, Presiding

07/07/2025 Motion to To enforce settlement judgment and enter final judgment filed by Mark Danko 13

Plaintiff.

07/08/2025 Event Scheduled
Event: Motion Hearing (CV)
Date: 08/05/2025 Time: 11:00 AM
Result: Reschedule of Hearing

08/04/2025 Opposition filed to plaintiff's motion to enforce settlement and enter final judgment filed. 14 08/04/2025 Motion for continuance (Mass.R.Civ.P.40[b]) filed by Mark Danko-Plaintiff. 15 08/05/2025 Motion for continuance (Mass.R.Civ.P.40[b]) allowed .

08/05/2025 Event Scheduled
Event: Motion Hearing (CV)
Date: 09/09/2025 Time: 11:00 AM
Result: Held

09/08/2025 Suggestion of bankruptcy filed (11 U.S.C. §362). 16

09/09/2025 Event Resulted: Motion Hearing (CV) scheduled on:
09/09/2025 11:00 AM
Has been: Held For the following reason: Bankruptcy
Comments: Motion stayed as to Defendant Andrew Breiter-Wu because for bankruptcy
filing. Cast Continued for company
Hon. David E Frank, Presiding

09/09/2025 Event Scheduled
Event: Motion Hearing (CV)
Date: 09/30/2025 Time: 11:00 AM
Result: Reschedule of Hearing

09/30/2025 Event Scheduled
Event: Motion Hearing (CV)
Date: 10/28/2025 Time: 11:00 AM
Result: Held - Motion Allowed

10/28/2025 Motion to enforce settlement agreement and enter final judgment allowed .

10/28/2025 Judgment Entered:: Judgment for the Plaintiff , after default and upon assessment of damages Presiding: Hon. James M Murphy

Judgment For: Mark Danko

Judgment Against: Breiter Planet Properties, Llc

Terms of Judgment: Interest Begins: 01/16/2024 Jdgmnt Date: 10/28/2025 Interest Rate: .12 Daily Interest Rate: .000329
Damages: Damage Amt: 24500.00 Filing Fees: 195.00 Costs Pd to Court: 5.00
Judgment Total: 29,947.39

11/13/2025 Execution Issued:
Execution on Money Judgment
Judgment Debtor: Breiter Planet Properties, Llc
Judgment Creditor: Danko, Mark
Terms of Execution:
EXON Issuance Date: 11/13/2025
Judgment Total: 29,947.39
Post Judgment Int. Rate: .12 Post Judgment Int. Total: 157.64
Execution Subtotal: 30,105.03
Execution Total: 30,105.03

## Case Disposition

**Disposition Date** Pending

Attachment C

AGREEMENT FOR JUDGMENT
Docusign Envelope ID: AFBBE940-11B5-49B1-8E1A-B8C3CC34046F

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss. District Court Department Malden District Court
Mark Danko, )
Plaintiff, )
)
v. ) Civil Action No. 2450CV000042 )
Andrew Breiter-Wu, and )
Breiter Planet Properties, LLC, )
Defendants. )

**AGREEMENT FOR JUDGMENT**

The Parties in the above-entitled action hereby stipulate and agree as follows:

1. The Parties enter into this Agreement voluntarily as stipulated under the terms of the settlement agreement and mutual release ("Settlement Agreement") executed between the parties.

2. In the case of a default on the settlement agreement and default is not cured by the defendants within 120 days, this Judgment shall enter for Plaintiff, and against Breiter Planet Properties, LLC, in the sum of $25,000 ("Judgment Amount") which shall be offset from payments already made prior to the filing of this agreement for judgment.

3. The full terms surrounding this agreement for judgement are defined in the settlement agreement executed between the parties.

**For the Plaintiff:**

______________________________

Ira H. Grolman
Grolman LLP
29 Stanhope Street
Boston, MA 02116
(617) 859-8966
Attorney for Mark Danko

**For the Defendants:**

______________________________
Andrew Breiter-Wu
Breiter Planet Properties, LLC
86 Willard Ave
Seekonk, MA 02771
Pro-Se

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

In re:

ANDREW BREITER-WU

Debtor,

**Mark Danko, Plaintiff**

v.

**Andrew Breiter-Wu, Defendant**

CHAPTER 7

CASE NO. 25-11742

ADVERSARY PROCEEDING #25-01162

**<u>DEFENDANT ANDREW BREITER-WU'S MOTION TO DISMISS COMPLAINT</u>**

Defendant **Andrew Breiter-Wu** (the "Defendant"), respectfully moves this Court to dismiss the Complaint filed by Plaintiff **Mark Danko** (the "Plaintiff"). As set forth below, the Complaint is legally deficient, improperly seeks to impose personal liability for a corporate obligation, fails to plead fraud with the particularity required by law, and constitutes an improper attempt to circumvent and relitigate a resolved state-court matter. The claims asserted are not cognizable under **11 U.S.C. § 523(a)(2)(A)** and fail as a matter of law. Accordingly, dismissal with prejudice, together with any further relief the Court deems just and proper, is warranted.

---

## I. BACKGROUND

1. Plaintiff and **Breiter Planet Properties, LLC** ("BPP") entered into a contractual relationship for a residential solar development and installation project. Defendant acted solely in his representative capacity as **President of BPP** and did not enter into any personal agreement with Plaintiff. All documents related to the project were signed on behalf of BPP, and all payments made by Plaintiff, totalling $1,555.92, were made to BPP—not to Defendant individually.
2. Following contract execution, BPP undertook substantial development efforts, including (a) engineering design work, (b) structural evaluation through third-party engineering professionals, (c) preparation and submission of permit applications to the municipality, and (d) project management activities necessary for progressing the installation. These are real, tangible actions inconsistent with any fraudulent intent.
3. Structural concerns identified by licensed engineers caused delays in permit approval and project completion. These engineering issues were communicated to Plaintiff in writing. At no time during the project did Plaintiff allege that Defendant personally made any false statements. Instead, Plaintiff raised routine project concerns typical of construction and development work affected by structural limitations.
4. On **July 15, 2024**, Plaintiff and BPP entered into a **Settlement Agreement and Mutual Release** (Exhibit A), resolving all claims between them for a total payment of **$5,000**. As a part of the settlement agreement, the parties executed a **Joint Agreement for Judgment** (Exhibit B), to be held in escrow, which unambiguously provided that, upon default, judgment would enter **only against BPP**, not Defendant personally. The Settlement Agreement superseded all prior claims under Massachusetts law.

5. BPP made a **$500 payment** under the settlement agreement before the company became insolvent and unable to continue paying on the settlement agreement. BPP's failure to complete the remaining payments was the result of financial insolvency—not malfeasance, misconduct, or refusal to perform. BPP would have preferred to complete the $5,000 settlement rather than face the contractual $25,000 judgment.
6. The **Malden District Court docket** (Exhibit C) confirms that the judgment entered was **exclusively against BPP**. Plaintiff never obtained any personal judgment against Defendant, nor did any legal proceeding ever establish Defendant's individual liability.
7. Plaintiff has now filed this adversary proceeding seeking to transform a **corporate settlement debt** into a **personal nondischargeable fraud judgment**, contrary to the parties' written agreements, the state-court record, and bankruptcy law.

---

## II. ARGUMENT

### A. The Complaint Fails to State a Claim Under Rule 12(b)(6)

8. A complaint must contain factual matter sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To state a nondischargeability claim under §523(a)(2)(A), a plaintiff must allege:
   a. a knowingly false representation,
   b. made with intent to deceive,
   c. upon which the plaintiff actually relied,
   d. causing the plaintiff's loss.

9. The Complaint does not allege any specific false representation made by Defendant individually. Instead, Plaintiff recasts a contractual dispute into a fraud claim without alleging the necessary elements. Even if all allegations were accepted as true, they do not plead a plausible claim for nondischargeable fraud.
10. Project delays, engineering complications, insolvency, and contractual defaults—even if proven—do **not** constitute actionable fraud under §523(a)(2)(A). The First Circuit has repeatedly held that breach of contract, standing alone, does not establish fraud.
11. Because Plaintiff has alleged no personal misrepresentation, no fraudulent intent, and no causation of damages attributable to fraud, the Complaint must be dismissed under Rule 12(b)(6).

---

**B. The Complaint Fails to Plead Fraud with Particularity (Rule 9(b))**

12. Claims under §523(a)(2)(A) are subject to Fed. R. Civ. P. 9(b), which requires a plaintiff to specify the “who, what, when, where, and how” of the alleged fraud. Plaintiff’s Complaint contains none of these required details. It does not identify:
    a. **any statement** made by Defendant individually;
    b. **when or where** any supposed misrepresentation occurred;
    c. **what** Plaintiff relied upon; or
    d. **how** any such reliance caused a loss.
13. Courts routinely dismiss §523 claims where a plaintiff alleges fraud in conclusory terms without specific facts. Plaintiff’s bare allegations do not meet the heightened pleading standard.

---

**C. The Settlement Agreement Supersedes Prior Claims and Establishes Corporate-Only Liability**

14. Under Massachusetts law, a valid settlement agreement extinguishes the underlying claims and limits future disputes to the terms of the settlement. *See* cases recognizing the merger doctrine and enforceability of settlement agreements.
15. The parties' Settlement **Agreement and Mutual Release** (Exhibit A) resolved all prior claims for $5,000. The corresponding **Agreement for Judgment** (Exhibit B) expressly limits judgment to **Breiter Planet Properties, LLC**. The state court entered judgment accordingly.
16. Plaintiff's attempt to now impose personal liability on Defendant contradicts the executed agreements and represents an impermissible collateral attack on the final state-court judgment. The Complaint fails as a matter of law because Defendant was not personally liable under the settlement and could not be personally liable for any alleged prior debt.

---

**D. Insufficient Service of Process (Rule 7004(e))**

17. Bankruptcy Rule 7004(e) requires that a summons be served within **seven days** of issuance. The summons in this matter was issued on November 17, 2025. As of the date of this filing, Defendant has not received service, and no certificate of service is contained within the Plaintiff's Complaint.

18. Service is therefore defective. While Defendant's primary arguments establish that dismissal with prejudice is required on the merits, this procedural defect provides an additional independent ground for dismissal, and Defendant preserves all rights related to insufficient service.

---

## III. RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests that the Court:

1. **Dismiss the Complaint with prejudice**; and
2. Grant such other and further relief as the Court deems just and proper.

## EXHIBITS

The following exhibits are submitted in support of this Motion to Dismiss and will be filed contemporaneously:

- **Exhibit A:** Settlement Agreement and Mutual Release (fully executed)
- **Exhibit B:** Agreement for Judgment (fully executed)
- **Exhibit C:** Malden District Court Docket Sheet (official copy)

Respectfully submitted,
/s/ Andrew Breiter-Wu
Andrew Breiter-Wu, Pro Se
Debtor
86 Willard Ave
Seekonk, MA 02771
617-334-5785
Legal@breiterplanet.com

Dated: November 25, 2025

---

# EXHIBIT A

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into as of July 15, 2024 by and between Mark Danko ("Plaintiff") and Breiter Planet Properties, LLC and Andrew Breiter-Wu ("Defendants"). Collectively, Plaintiff and Defendants are referred to as the "Parties."

**WHEREAS**, the Plaintiff has filed a lawsuit against the Defendants, C.A. NO.: 2450CV000042, currently pending in Malden District Court, Middlesex County, Massachusetts (the "Lawsuit");

**WHEREAS**, the Parties desire to resolve all disputes and claims between them, including those asserted in the Lawsuit, without the need for further litigation;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Settlement Payment**: a. Defendants agree to pay Plaintiff a total sum of $5,000 ("Settlement Amount") in ten (10) monthly installments of $500 each, beginning on August 1, 2024, and continuing on the first day of each subsequent month until paid in full. b. Payments will be made via wire transfer to Plaintiff's attorney's IOLTA account. The Plaintiff's attorney will provide the necessary bank details for the wire transfer.
2. **Joint Agreement for Judgment**: a. The Parties will execute a Joint Agreement for Judgment in the amount of $25,000, which will be held in escrow by Plaintiff's attorney. b. The Joint Agreement for Judgment will only be filed with the court if Defendants default on their payment obligations under this Agreement, and such default is not cured

within thirty (120) days of written notice of the default. Any payments made prior to the filing of the Joint Agreement for Judgment will be offset against the judgment amount.

3. **Mutual Release**: In consideration for the payment of the Settlement Amount detailed in this agreement, and other good and valuable consideration, Plaintiff on the one hand and Defendants on the other, each acting on behalf of themselves and their respective divisions, affiliates, subsidiaries, parents, predecessors, successors and assigns, employees, insurers, sureties, agents, attorneys, and any party affiliated therewith will, upon Defendants' fulfillment of all payment obligations as set forth in this agreement, remise, release, and forever discharge each of the other parties from any and all debts, demands, actions, causes of action, sums of money, covenants, contracts, controversies, agreements, promises, doings, omissions, damages, and liabilities and any and all other claims and counterclaims of every kind, nature, and description whatsoever, both in law and in equity, that either Plaintiff or Defendants have, had or may have, whether known or unknown, from the beginning of the world through the date of this Agreement, including but not limited to all claims related to the Judgment; provided, however, that Plaintiff's rights under the Judgment shall not be released should Defendants default on their obligations to pay the Settlement Amount in a timely manner. This Release shall not impair, limit, or release any right or obligation created by this Agreement.

4. **Mutual Non-Disparagement**: a. The Parties agree not to make any intentionally disparaging statements about each other, whether written, oral, or otherwise, to any third party. Plaintiff agrees to try to remove any negative online reviews about Defendants upon execution of this Agreement, provided that Defendants timely provide links of all negative reviews, and agrees not to post any negative reviews in the future.

5. **Motion to Stay**: a. Plaintiff agrees to file a Motion to Stay the proceedings in the Lawsuit for a period of twelve (12) months from the date of this Agreement to allow for the completion of the Settlement Amount payments. b. The Parties agree that the case will remain open during this period to facilitate the settlement process, and no further litigation actions will be taken by either party during the stay period.
6. **Consequences of Default**: a. In the event Defendants fail to make any scheduled payment, Plaintiff shall provide written notice of the default to Defendants. Defendants shall have thirty (120) days from the date of the notice to cure the default. b. If the default is not cured within the thirty (120) day period, Plaintiff may file the Joint Agreement for Judgment with the court, offset by any payments made by Defendants prior to the default.
7. **Confidentiality**: a. The terms of this Agreement are not confidential, and the Parties may disclose the terms as they see fit.
8. **Severability**: The provisions of this Agreement are severable, and the other Sections shall remain fully valid and enforceable if any part of the Agreement is found to be unenforceable.
9. **Binding Effect**: This Agreement shall be binding upon and inure to the benefit of the predecessors, heirs, successors, and assigns of the Parties.
10. **Governing Law and Jurisdiction**: This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Massachusetts. To the extent an action is necessary to enforce any of the obligations under this Agreement, the Parties agree to submit to jurisdiction in the State Courts in the Commonwealth of Massachusetts.

11. **Entire Agreement**: The Parties acknowledge and agree that this Agreement is a full, final and complete settlement agreement and mutual release. This Agreement contains the entire understanding and agreement between the Parties, and there are no representations, warranties, covenants, promises or undertakings, oral or otherwise, that are not expressly set forth or incorporated by reference herein. All prior discussions and negotiations are merged and integrated into this Agreement.

12. **Voluntary Execution**: This Agreement has been prepared through the combined efforts of the Parties and their respective attorneys. The Parties acknowledge and agree that the terms of this Agreement are fair and reasonable, and clear and unambiguous. The Parties also acknowledge that they have read this Agreement, that they fully understand the contents of this Agreement, and that their execution of this Agreement is voluntary.

13. **Counterparts or Duplicate Agreements**: The Parties acknowledge and agree that facsimile or photocopy signatures shall be deemed to be original signatures for any and all purposes. The Parties also acknowledge and agree that a facsimile or photocopy of the fully executed Agreement shall be deemed to be an original for any and all purposes.

14. **Non-Assignment of Claims**: The Parties each represent and warrant that the rights and claims released pursuant to this Agreement have not in any way been assigned, transferred, hypothecated, or otherwise encumbered, and that they are the sole and absolute owners of such rights and claims.

[SIGNATURE PAGE TO FOLLOW]

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date first above written.

**For the Plaintiff:**

DocuSigned by:
Ira Grolman
4EA2612D366E474...

Ira H. Grolman
Grolman LLP
29 Stanhope Street
Boston, MA 02116
(617) 859-8966
Attorney for Mark Danko

**For the Defendants:**

DocuSigned by:
Andrew Breiter-Wu
8131D0629B21440...

Andrew Breiter-Wu
Breiter Planet Properties, LLC
86 Willard Ave
Seekonk, MA 02771
(617) 334-5785
Pro-Se

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

| | | |
|---|---|---|
| Middlesex, ss. | | District Court Department<br>Malden District Court |
| Mark Danko,<br>Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 2450CV000042 |
| Andrew Breiter-Wu, and<br>Breiter Planet Properties, LLC,<br>Defendants. | ) ) ) | |

## AGREEMENT FOR JUDGMENT

The Parties in the above-entitled action hereby stipulate and agree as follows:

1. The Parties enter into this Agreement voluntarily as stipulated under the terms of the settlement agreement and mutual release ("Settlement Agreement") executed between the parties.

2. In the case of a default on the settlement agreement and default is not cured by the defendants within 120 days, this Judgment shall enter for Plaintiff, and against Breiter Planet Properties, LLC, in the sum of $25,000 ("Judgment Amount") which shall be offset from payments already made prior to the filing of this agreement for judgment.

3. The full terms surrounding this agreement for judgement are defined in the settlement agreement executed between the parties.

**For the Plaintiff:**

DocuSigned by:
Ira Grolman
4EA2612D366E474...
______________________________
Ira H. Grolman
Grolman LLP
29 Stanhope Street
Boston, MA 02116
(617) 859-8966
Attorney for Mark Danko

**For the Defendants:**

DocuSigned by:
Andrew Breiter-Wu
8131D0829B21440...
______________________________
Andrew Breiter-Wu
Breiter Planet Properties, LLC
86 Willard Ave
Seekonk, MA 02771
Pro-Se

# <u>EXHIBIT C</u>

# 2450CV000042 Danko, Mark v. Breiter-Wu, Andrew

- Case Type:
- Civil
- Case Status:
- Disposed for Statistical Purposes
- File Date
- 01/16/2024
- DCM Track:
-
- Initiating Action:
- Money Action - District Court Filing (c231 §§ 103-104)
- Status Date:
- 10/28/2025
- Case Judge:
-
- Next Event:
-

All Information | Party | Judgment | Event | Docket | Disposition

## Party Information

**Danko, Mark**
- Plaintiff

**Alias**

**Party Attorney**
- Attorney
- Grolman, Esq., Ira H
- Bar Code
- 556709
- Address
- Grolman LLP
29 Stanhope St
Boston, MA 02116
- Phone Number
- (617)859-8966

More Party Information

**Breiter-Wu, Andrew**
- Defendant

**Alias**

**Party Attorney**

More Party Information

**Breiter Planet Properties, Llc**
- Defendant

**Alias**

**Party Attorney**

More Party Information

## Judgments

| Date | Type | Method | For | Against |
|---|---|---|---|---|
| 10/28/2025 | Judgment for the Plaintiff | , after default and upon assessment of damages | Danko, Mark | Breiter Planet Properties, Llc |

## Events

| Date | Session | Location | Type | Result |
|---|---|---|---|---|
| 06/12/2024 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Reschedule of Hearing |
| 07/16/2024 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Held |
| 03/26/2025 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Event Cancelled |

| Date | Session | Location | Type | Result |
|---|---|---|---|---|
| 08/05/2025 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Reschedule of Hearing |
| 09/09/2025 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Held |
| 09/30/2025 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Reschedule of Hearing |
| 10/28/2025 11:00 AM | Virtual Court Session | Https://www.zoomgov.com/j/16164523078 | Motion Hearing (CV) | Held - Motion Allowed |

## Docket Information

| Docket Date | *Docket Text* | Amount Owed | File Ref Nbr. | *Image Avail.* |
|---|---|---|---|---|
| 01/16/2024 | E-File complaint filed. | | | |
| 01/16/2024 | Statement of damages filed by Plaintiff alleging contract action for damages of $25000. or less(Dist./Mun.Cts.Supp.R.Civ.P. 102A) | | | |
| 01/16/2024 | Exparte motion filed. | | 1 | |
| 01/18/2024 | Motion to appoint special process server (Civ.P. 3[c] &4) allowed . | | | |
| 02/02/2024 | Return of service on complaint and summons to Breiter Planet Properties, Llc: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)). | | 3 | |
| 02/08/2024 | Return of service on complaint and summons to Andrew Breiter-Wu: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)). | | 2 | |
| 02/15/2024 | Application to clerk-magistrate to enter default against Andrew Breiter-Wu filed by Mark Danko (Mass.R.Civ.P. 55(a) & 77(b)). | | | |
| 02/28/2024 | Default entered against Andrew Breiter-Wu by clerk-magistrate (Mass.R.Civ.P. 55(a) & 77(b)). | | | |
| 04/26/2024 | Motion to assess damages (Mass.R.Civ.P. 55[b][4]) filed by Mark Danko-Plaintiff. | | 4 | |
| 04/30/2024 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 06/12/2024 Time: 11:00 AM<br>Result: Reschedule of Hearing | | | |
| 06/10/2024 | Answer filed.<br><br>Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant) | | 5 | |
| 06/10/2024 | Motion to dismiss filed<br><br>Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant) | | 6 | |
| 06/10/2024 | Opposition filed to Defts opposition to plaintiffs motion for assessment of damages and default judgment filed. | | 7 | |
| 06/10/2024 | Motion to Plaintiffs motion to strike defendants motion to remove default filed by Mark Danko-Plaintiff. | | 8 | |
| 06/11/2024 | Opposition filed filed. | | 9 | |
| 06/12/2024 | Motion to Plaintiffs motion to strike defendants and counterclaim allowed allowed . | | | |
| 06/13/2024 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 07/16/2024 Time: 11:00 AM<br>Result: Held | | | |
| 07/16/2024 | Event Resulted: Motion Hearing (CV) scheduled on:<br>07/16/2024 11:00 AM<br>Has been: Held<br>Hon. James M Murphy, Presiding | | | |
| 07/16/2024 | Misc Entry:<br><br>1 year NISI Order | | | |
| 02/25/2025 | Motion to restore case to trial list filed by Mark Danko-Plaintiff. | | 10 | |
| 02/26/2025 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 03/26/2025 Time: 11:00 AM<br>Result: Event Cancelled | | | |
| 03/05/2025 | Opposition filed to Enforce settlement and enter judgment filed. | | 11 | |
| 03/06/2025 | Motion to Withdraw motion to return to trial list and enforce settlement filed by Mark Danko-Plaintiff. | | 12 | |

| Docket Date | Docket Text | Amount Owed | File Ref Nbr. | Image Avail. |
|---|---|---|---|---|
| 03/07/2025 | Event Resulted: Motion Hearing (CV) scheduled on:<br>03/26/2025 11:00 AM<br>Has been: Event Cancelled For the following reason: Brought forward<br>Hon. Emily A Karstetter, Presiding | | | |
| 07/07/2025 | Motion to To enforce settlement judgment and enter final judgment filed by Mark Danko-Plaintiff. | | 13 | |
| 07/08/2025 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 08/05/2025 Time: 11:00 AM<br>Result: Reschedule of Hearing | | | |
| 08/04/2025 | Opposition filed to plaintiff's motion to enforce settlement and enter final judgment filed. | | 14 | |
| 08/04/2025 | Motion for continuance (Mass.R.Civ.P.40[b]) filed by Mark Danko-Plaintiff. | | 15 | |
| 08/05/2025 | Motion for continuance (Mass.R.Civ.P.40[b]) allowed . | | | |
| 08/05/2025 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 09/09/2025 Time: 11:00 AM<br>Result: Held | | | |
| 09/08/2025 | Suggestion of bankruptcy filed (11 U.S.C. §362). | | 16 | |
| 09/09/2025 | Event Resulted: Motion Hearing (CV) scheduled on:<br>09/09/2025 11:00 AM<br>Has been: Held For the following reason: Bankruptcy<br>Comments: Motion stayed as to Defendant Andrew Breiter-Wu because for bankruptcy filing. Cast Continued for company<br>Hon. David E Frank, Presiding | | | |
| 09/09/2025 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 09/30/2025 Time: 11:00 AM<br>Result: Reschedule of Hearing | | | |
| 09/30/2025 | Event Scheduled<br>Event: Motion Hearing (CV)<br>Date: 10/28/2025 Time: 11:00 AM<br>Result: Held - Motion Allowed | | | |
| 10/28/2025 | Motion to enforce settlement agreement and enter final judgment allowed . | | | |
| 10/28/2025 | Judgment Entered:: Judgment for the Plaintiff , after default and upon assessment of damages Presiding: Hon. James M Murphy<br><br>Judgment For: Mark Danko<br><br>Judgment Against: Breiter Planet Properties, Llc<br><br>Terms of Judgment: Interest Begins: 01/16/2024 Jdgmnt Date: 10/28/2025 Interest Rate: .12 Daily Interest Rate: .000329<br>Damages: Damage Amt: 24500.00 Filing Fees: 195.00 Costs Pd to Court: 5.00<br>Judgment Total: 29,947.39 | | | |
| 11/13/2025 | Execution Issued:<br>Execution on Money Judgment<br>Judgment Debtor: Breiter Planet Properties, Llc<br>Judgment Creditor: Danko, Mark<br>Terms of Execution:<br>EXON Issuance Date: 11/13/2025<br>Judgment Total: 29,947.39<br>Post Judgment Int. Rate: .12 Post Judgment Int. Total: 157.64<br>Execution Subtotal: 30,105.03<br>Execution Total: 30,105.03 | | | |

## Case Disposition

| Disposition | Date |
|---|---|
| Pending | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

In re:

ANDREW BREITER-WU

Debtor,

---

**Mark Danko, Plaintiff**

v.

**Andrew Breiter-Wu, Defendant**

CHAPTER 7

CASE NO. 25-11742

ADVERSARY PROCEEDING #25-01162

**[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS**

Upon consideration of the Defendant's Motion to Dismiss the Complaint, and for good cause shown, it is hereby:

**ORDERED**, that the Motion to Dismiss is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED**, that this adversary proceeding is **CLOSED**.

SO ORDERED.

Dated: ________________________

________________________________

**Hon. Elizabeth D. Katz**
Chief United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, **Andrew Breiter-Wu**, hereby certify that on **November 25, 2025**, I caused a true and correct copy of the foregoing **Motion to Dismiss**, together with all referenced exhibits, to be served upon the Plaintiff by first-class mail, postage prepaid, addressed as follows:

**Mark Danko**
302 Melrose St
Melrose, MA 02176

Dated: November 25, 2025

**/s/ Andrew Breiter-Wu**
**Andrew Breiter-Wu**
Defendant, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

In re:

ANDREW BREITER-WU

Debtor,

**Mark Danko, Plaintiff**

v.

**Andrew Breiter-Wu, Defendant**

CHAPTER 7

CASE NO. 25-11742

ADVERSARY PROCEEDING #25-01162

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**

**MOTION TO DISMISS COMPLAINT**

Defendant **Andrew Breiter-Wu** (the "Defendant") respectfully submits this Memorandum of Law in support of his Motion to Dismiss the Complaint filed by Plaintiff **Mark Danko** ("Plaintiff"). The Complaint fails to state a claim upon which relief may be granted under **11 U.S.C. § 523(a)(2)(A)**, fails to plead fraud with particularity as required by **Rule 9(b)**, improperly attempts to impose personal liability for a **corporate debt**, and constitutes an impermissible attempt to relitigate a settled state-court matter. Accordingly, dismissal with prejudice is warranted.

---

## I. INTRODUCTION

Plaintiff seeks to except from discharge an alleged debt arising from a residential solar project initially contracted between Plaintiff and **Breiter Planet Properties, LLC** (“BPP”). Defendant acted solely in his representative capacity as President of BPP and never received any payments from Plaintiff personally. Plaintiff’s own filings confirm that all payments were made to BPP, and the parties later entered into a **Settlement Agreement and Mutual Release**, together with a fully executed **Agreement for Judgment**, which expressly provided that any judgment would enter **only against BPP**.

The Complaint attempts to transform a resolved, corporate contractual dispute into a personal nondischargeability action by asserting conclusory allegations of fraud unsupported by factual detail. The First Circuit requires that claims under §523(a)(2)(A) be pled with specificity and that plaintiffs establish a personal fraudulent representation through which the debtor individually obtained money. Plaintiff alleges neither. Furthermore, Massachusetts settlement law establishes that the Settlement Agreement superseded all prior claims between Plaintiff and BPP, extinguishing any underlying allegations and limiting enforcement to BPP alone.

For these reasons, and those set forth below, the Complaint should be dismissed with prejudice.

---

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Standard

To survive dismissal under Rule 12(b)(6), a complaint must plead "**enough facts to state a claim to relief that is plausible on its face.**" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Legal conclusions, unwarranted inferences, and formulaic recitations of elements do not satisfy this standard. *Twombly*, 550 U.S. at 555.

### B. Rule 9(b) Particularity Requirement for Fraud Allegations

Claims under **§523(a)(2)(A)** must meet the heightened pleading standard of Fed. R. Civ. P. 9(b). The First Circuit requires plaintiffs to specify the "**who, what, where, and when of the allegedly false or fraudulent representation**." *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 15 (1st Cir. 2004). In *Hayduk v. Lanna*, the First Circuit explained: "**Mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusory to satisfy Rule 9(b).**" 775 F.2d 441, 444 (1st Cir. 1985).

Bankruptcy courts within this Circuit routinely dismiss §523 complaints that fail to identify a specific false representation by the debtor. See, e.g., *In re Marrama*, 445 F.3d 518 (1st Cir. 2006).

**C. Elements of §523(a)(2)(A)**

To establish nondischargeability under §523(a)(2)(A), a plaintiff must prove:

1. the debtor made a knowingly false representation;
2. with the intent to deceive;
3. the plaintiff relied on the false representation; and
4. the plaintiff was damaged as a result.

*Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997). The First Circuit distinguishes between a false representation and a mere promise to perform. "**A broken promise is not, without more, a false representation.**" *Id.* at 787.

---

**III. THE COMPLAINT FAILS TO STATE A CLAIM UNDER §523(a)(2)(A)**

Plaintiff's allegations amount to no more than breach-of-contract assertions relating to project delays, engineering issues, and BPP's later insolvency. Courts universally reject attempts to recharacterize contractual disputes as nondischargeable fraud. See *McCrory v. Spigel*, 260 F.3d 27, 32 (1st Cir. 2001) (breach of contract alone "**does not establish the existence of a false representation**" under §523(a)(2)(A)).

Plaintiff does not identify any false representation made by Defendant personally, nor any facts showing fraudulent intent. The Complaint simply asserts legal conclusions. Under *Twombly* and *Iqbal*, "**naked assertions devoid of further factual enhancement**" cannot sustain a fraud-based nondischargeability claim. *Iqbal*, 556 U.S. at 678.

Where a debtor's alleged wrongdoing consists of project performance issues, engineering challenges, or contractual nonperformance, courts routinely dismiss §523 complaints. See *In re Dolan*, 2022 WL 17824524 (Bankr. D. Mass. 2022).*

Because Plaintiff has not alleged that Defendant personally obtained money from Plaintiff through fraud—as §523(a)(2)(A) requires—the claim fails as a matter of law.

---

## IV. THE SETTLEMENT AGREEMENT BARS THIS ACTION AND ESTABLISHES CORPORATE-ONLY LIABILITY

Massachusetts law enforces settlement agreements strictly. A valid settlement "**extinguishes all prior claims**" relating to the dispute. *Franco v. Selective Ins. Co.*, 184 N.E.3d 64, 69 (Mass. App. Ct. 2021). Once parties enter into a settlement, their rights "**are governed exclusively by the terms of the agreement**." *Id.*

Here, Plaintiff and **BPP** executed a **Settlement Agreement and Mutual Release**, resolving all claims for $5,000. The parties also executed a **Joint Agreement for Judgment**, expressly providing that, upon default, judgment would enter **only against BPP**. (Exhibits A and B.)

The Malden District Court entered judgment **exclusively against BPP**, consistent with that Agreement. (Exhibit C.) Plaintiff cannot collaterally attack the terms of a state-court settlement by repackaging the resolved dispute as a nondischargeability action against a non-party to the judgment.

Federal courts routinely dismiss §523 claims where the underlying debt arises from settlement obligations owed by a corporation, not the debtor personally. See *In re Sarafoglou*, 345 B.R. 19 (Bankr. D. Mass. 2006) (nondischargeability applies only to "**debts of the debtor**").

Because the debt at issue is a corporate settlement debt, it cannot form the basis of a personal nondischargeability action against Defendant.

---

## V. THE COMPLAINT FAILS TO PLEAD FRAUD WITH PARTICULARITY UNDER RULE 9(b)

Plaintiff alleges no facts specifying any fraudulent statement made by Defendant, when any such statement occurred, or how Plaintiff relied on it. The First Circuit demands more than broad references to "misrepresentations" or "schemes." See *Hayduk*, 775 F.2d at 444.

Bankruptcy courts in this Circuit consistently reject complaints lacking specific factual allegations identifying a personal fraudulent representation made by the debtor. Plaintiff's failure to plead fraud with the particularity required by Rule 9(b) provides an independent basis for dismissal.

---

## VI. PLAINTIFF FAILS TO ALLEGE ANY BASIS FOR PERSONAL LIABILITY

Plaintiff's own allegations confirm that all payments—totaling **$1,555.92**—were made to BPP, a limited liability company. Defendant did not personally receive any funds from Plaintiff. Under

Massachusetts law, LLC members and officers are not personally liable for LLC obligations absent veil-piercing, which requires allegations of pervasive control, fraud, or misuse of the corporate form. Plaintiff alleges none of these elements.

Bankruptcy courts consistently hold that corporate debts cannot be transformed into personal nondischargeable obligations without specific allegations supporting personal liability. See *In re Charles*, 474 B.R. 680 (Bankr. D. Mass. 2012).

Because Plaintiff has not alleged that Defendant personally owed or personally obtained any money from Plaintiff, the Complaint fails as a matter of law.

---

## VII. PLAINTIFF DID NOT EFFECTUATE SERVICE UNDER RULE 7004(e)

Under Fed. R. Bankr. P. 7004(e), a summons must be served within **7 days** after issuance. Service outside this window is ineffective, and courts regularly dismiss actions or quash service for noncompliance. See, e.g., *In re Wilkinson*, 2019 WL 2577501 (Bankr. D. Mass. 2019) (strictly applying 7004(e) service window).

Here, the summons was issued on **November 17, 2025**, but as of the date of this memorandum:

- No certificate of service appears on the docket;
- Defendant has not been served by any permissible means; and
- More than seven days have elapsed.

Although the Court need not reach this issue given the substantive failures addressed above, Defendant expressly **preserves all rights** regarding insufficient service of process. Improper or untimely service is an additional independent ground supporting dismissal.

---

## VIII. CONCLUSION

Plaintiff's Complaint fails on multiple, independent grounds. It does not allege the essential elements of a claim under **11 U.S.C. § 523(a)(2)(A)**, nor does it plead fraud with the specificity mandated by **Rule 9(b)**. The allegations arise from a contractual dispute with a limited liability company—not the Defendant personally—and the parties' subsequent **Settlement Agreement and Agreement for Judgment** conclusively resolved all prior claims and expressly imposed liability **solely on BPP**, not Defendant.

Federal and Massachusetts law both bar efforts to relitigate settled claims or convert corporate obligations into personal liabilities without proper legal and factual support. Plaintiff has provided none. For these reasons, and those articulated in Defendant's Motion to Dismiss, the Complaint should be **dismissed with prejudice**.

Respectfully submitted,
/s/ Andrew Breiter-Wu
Andrew Breiter-Wu, Pro Se
Debtor
86 Willard Ave
Seekonk, MA 02771
617-334-5785
Legal@breiterplanet.com

Dated: November 25, 2025

---

## CERTIFICATE OF SERVICE

I, **Andrew Breiter-Wu**, hereby certify that on **November 25, 2025**, I caused a true and correct copy of the foregoing **Memorandum of Law in Support of Motion to Dismiss**, together with all accompanying documents, to be served by first-class mail, postage prepaid, upon:

**Mark Danko**
302 Melrose St
Melrose, MA 02176

Dated: November 25, 2025

**/s/ Andrew Breiter-Wu**
**Andrew Breiter-Wu**
Defendant, Pro Se

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark Danko, | ) FIRST AMENDED COMPLAINT TO DETERMINE |
| | ) DISCHARGEABILITY OF DEBT |
| Plaintiff, | ) |
| | ) |
| v. | ) *Adversary Proceeding No. 25-01162 |
| | ) |
| Andrew Breiter-Wu | ) |
| Defendants. | ) |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)(A)**

Plaintiff, Mark Danko ("Plaintiff"), brings this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2)(A) and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 523(c).
2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), as it concerns the dischargeability of a particular debt.
3. Venue is proper in this District under 28 U.S.C. § 1409(a) because this adversary proceeding arises in and relates to Defendant's Chapter 7 case pending in this District.

**PARTIES**

4. Plaintiff, Mark Danko, is an individual residing in Massachusetts.
5. Defendant, Andrew Breiter-Wu, is the debtor in Chapter 7 Case No. 25-11742, filed on August 21, 2025, in this Court.

FACTUAL ALLEGATIONS

6. In or about October of 2020, Defendant represented to Plaintiff that he would sell and install photovoltaic solar equipment at Plaintiff's property..
7. Defendant's representations were false when made. Defendant did not intend to perform the promised work, deliver the equipment, or comply with project documents.
8. Defendant made these false representations knowingly and with intent to induce Plaintiff to enter into the transaction and pay money to Defendant.

9. Plaintiff reasonably and justifiably relied on Defendant's representations and paid substantial sums of money to Defendant.

10. Defendant failed to perform the promised work, failed to deliver equipment, and failed to refund Plaintiff's money.

11. As a result, Plaintiff suffered damages including:

    a. Loss of funds paid to Defendant;

    b. Costs incurred to remediate and replace Defendant's nonperformance;

    c. Loss of opportunity to install solar at a lower cost; and

    d. Loss of anticipated solar energy production.

12. On February 28, 2024, in Malden District Court, Middlesex County, Massachusetts (Case No. 2450CV000042), a default was entered against Defendant pursuant to Mass. R. Civ. P. 55(a) and 77(b). A copy of the MassCourts docket is attached as **Attachment B**.

13. The state-court complaint asserted causes of action for Breach of Contract, Violation of the Massachusetts Consumer Protection Act (G.L. c. 93A), and Fraud. A copy of the complaint is attached as **Attachment A**.

14. On July 15, 2024, the parties executed an Agreement for Judgment resolving liability and liquidating damages in the state-court action. A copy is attached as **Attachment C**.

15. Defendant entered into the Agreement for Judgment without intent to perform and with the intent to seek bankruptcy protection shortly thereafter, constituting an independent act of fraud.

16. Defendant's conduct constitutes false pretenses, false representations, and actual fraud within the meaning of 11 U.S.C. §523(a)(2)(A).

17. At the time Defendant entered into the contract with Plaintiff, Defendant did not intend to perform the promised work, deliver the photovoltaic equipment, or complete the project as represented.
18. In or about September 2021, Defendant represented that he had the solar panels intended for Plaintiff's project and that installation would commence in October 2021.
19. That representation was false. The defendant did not possess the solar panels at that time.
20. Defendant further represented that the project would be completed in October 2021, despite knowing, or recklessly disregarding, that he lacked the equipment, personnel, and financial capacity to complete the installation within that timeframe.
21. No installation occurred in October 2021.
22. In or about December 2021, Defendant again represented that installation would occur in January 2022, and affirmatively stated that he was physically viewing the solar panels that would be used for Plaintiff's project while on the phone with plaintiff.
23. Plaintiff asked Defendant to read the serial numbers from the solar panels he claimed to be viewing. The Defendant refused to read serial numbers.
24. Plaintiff requests the defendant to read just one serial number from any one panel that would be installed on the Plaintiff's project. The Defendant refused.
25. Defendant's statements that he possessed the solar panels for Plaintiff's project were knowingly false and made to conceal Defendant's inability or unwillingness to perform.
26. Defendant realized that by asking for serial number the Plaintiff had uncovered the fact he was lying and became unresponsive to phone calls and emails and thereafter ceased or reduced, responding to Plaintiff's phone calls or emails.

27. Defendant's repeated representations that the project would be completed in October 2021, December 2021, or January 2022 were false when made, as Defendant did not intend to complete the project during those timeframes and knew or should have known that completion would not occur.

28. Defendant ceased communicating with Plaintiff because Defendant knew Plaintiff had discovered Defendant's misrepresentations.

29. At no point did Defendant perform the installation or deliver the promised equipment.

30. During the period in which Defendant made these misrepresentations, Plaintiff continued to make monthly payments to Defendant in reliance on Defendant's false statements.

31. Defendant operated a financing scheme in which customer payments were not used to perform existing contracts, but instead were used to satisfy prior obligations.

32. Upon information and belief, Defendant lacked sufficient capital, inventory, or legitimate financing to perform promised installations, and Defendant's ability to continue operating depended on continuously obtaining funds from new customers to cover earlier commitments.

33. Such a business structure is inherently deceptive and mathematically unsustainable. Fraudulent intent under 11 U.S.C. §523(a)(2)(A) may be inferred from the inevitability of harm resulting from such a structure. See *Palmacci v. Umpierrez*, 121 F.3d 781, 789 (1st Cir. 1997); *In re Agriprocessors, Inc.*, 859 F.3d 599, 604 (8th Cir. 2017).

---

**NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)**

32. Section 523(a)(2)(A) excepts from discharge any debt obtained by "false pretenses, a false representation, or actual fraud."
33. Defendant obtained money from Plaintiff through actual fraud and false representations as detailed herein and in Attachments A–C.
34. The Agreement for Judgment does not eliminate the fraudulent character of the underlying debt. Pursuant to *Archer v. Warner*, 538 U.S. 314 (2003), a settlement of a fraud claim does not bar a bankruptcy court from determining that the debt is nondischargeable if it arises out of fraud.
35. Because the Agreement for Judgment resolved claims including fraud, the resulting debt inherits the fraudulent nature of the underlying transaction.
36. Additionally, Defendant's Agreement for Judgment was entered into with intent not to pay and to file bankruptcy shortly thereafter, constituting an additional act of fraud under §523(a)(2)(A).

---

**FRAUD CLAIMS / CAUSES OF ACTION**

**COUNT I – FRAUD BASED ON LACK OF INTENT TO FULFILL CONTRACT (FORMATION FRAUD)**

37. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

38. Defendant, Andrew Breiter-Wu, represented to Plaintiff that he would sell and install photovoltaic equipment at Plaintiff's property, with work to begin on June 30, 2021, in accordance with the project documents (Exhibit A).

39. Defendant knew at the time he made these representations that he had no intention of performing the promised work or delivering the equipment. Plaintiff reasonably relied on these representations and paid substantial sums to Defendant.

40. As a result, Plaintiff suffered damages, including:

    a. Payments for services never rendered and materials never delivered;

    b. Lost opportunity to install solar at a lower cost; and

    c. Loss of anticipated solar energy production.

**41.** Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeabl**e.**

---

**COUNT II – FRAUD BASED ON FALSE SEPTEMBER 2021 REPRESENTATIONS**

42. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

43. In September 2021, Defendant represented that he had secured the solar panels and that installation would begin in October 2021. These representations were false; Defendant did not possess the panels nor intend for installation to occur.

44. Plaintiff reasonably relied on these representations and continued making payments instead of seeking alternative options. As a result, Plaintiff suffered the damages described in Count I.

45. Defendant's repeated misrepresentations and concealment constitute a continuing course of fraud.

**46.** Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

---

**COUNT III – FRAUD BASED ON FALSE DECEMBER 2021 REPRESENTATIONS**

47. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

In December 2021, Defendant represented that installation would occur by the end of the month or in January 2022 and that he was physically viewing the solar panels intended for Plaintiff's project. These representations were false; Defendant did not possess the panels and could not complete the project within the promised timeframe.

48. Plaintiff requested serial numbers from the panels, but Defendant refused and then ceased communication. Plaintiff reasonably relied on Defendant's false statements, continuing to make payments, and suffered the damages described in Count I.

49. Defendant's repeated misrepresentations and concealment constitute a continuing course of fraud.

**50.** Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

---

**COUNT IV – CONSTRUCTIVE FRAUD BASED ON UNSUSTAINABLE FINANCING SCHEME**

52. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.
53. Defendant operated a financing scheme in which customer payments were not used to perform existing contracts but were instead used to satisfy prior obligations. Upon information and belief, Defendant lacked sufficient capital, inventory, or legitimate financing to fulfill promised installations.
54. Plaintiff reasonably relied on Defendant's representations and continued payments under the expectation that services would be performed. As a direct result, Plaintiff suffered the damages described in Count I.
55. Defendant's conduct constitutes constructive fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

---

**COUNT V – CONSTRUCTIVE FRAUD BASED ON VIOLATION OF BANKING/FINANCIAL LAWS**

56. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

57. Defendant accepted and used customer payments in violation of banking and financial laws, including commingling funds and using new customer payments to satisfy prior obligations.
58. Plaintiff reasonably relied on Defendant's conduct and continued payments under the expectation that services and equipment would be delivered. As a direct result, Plaintiff suffered the damages described in Count I.
59. Defendant's conduct constitutes constructive fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Determine that the debt owed to Plaintiff in the amount of $24,500.00 is nondischargeable under 11 U.S.C. §523(a)(2)(A); and

2. Award such other and further relief as the Court deems just and proper.

Dated: January 5th, 2026

Respectfully submitted,

/s/ Mark Danko

Mark Danko, Pro Se Plaintiff

302 Melrose St

Melrose, MA 02176

(978) 328-6038

mwdanko@gmail.com

ATTACHEMENT #A

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss. District Court Department

Malden District Court

Mark Danko, )

Plaintiff, )

)

v. ) Civil Action No. ________________

)

Andrew Breiter-Wu, and )

Breiter Planet Properties, LLC, )

Defendants. )

VERIFIED COMPLAINT

Comes now the Plaintiff, and states as and for his complaint as follows:

1. Plaintiff is a natural person with a residential address of 302 Melrose Street, Melrose, Massachusetts.

2. Defendant Andrew Breiter-Wu is a natural person with a residential address of 86 Willard Avenue, Seekonk, Massachusetts.

3. Defendant Breiter Planet Properties, LLC is a domestic limited liability company, involuntarily dissolved by court order or the Secretary of the Commonwealth on December 30, 2022, with a resident agent address of 86 Willard Avenue, Seekonk, Massachusetts.

4. Jurisdiction and venue are wholly appropriate as Plaintiff resides in Middlesex County, and the *res* of this action concerns real estate situated in this County.

Facts

5. Defendants are engaged in commerce within the Commonwealth, to wit, providing and installing photovoltaic cells, also known as solar panels, on residential homes.

6. Plaintiff is a consumer.

7. On or about November 2020, Defendants proposed that Defendants would sell, and Plaintiff would purchase, solar panels to be installed on Plaintiff's roof.

8. Defendants prepared a contract, project description, and SMART participant customer disclosure form, for the purchase of the equipment by Plaintiff. A copy of each document is attached hereto as "Exhibit A".

9. Defendants also prepared a promissory note in which Plaintiff agreed to pay Defendant for the equipment and the installation.

10. Inasmuch as Defendant agreed to perform residential contracting services in an amount in excess of one thousand dollars, the contract had to have met certain requirements enumerated in G. L. c. 142A §2(a).

11. Defendants' violations of that section include, but are not limited to: failure to state the complete agreement between the owner and contractor; failure to include the full names, addresses, and contractor registration numbers of all parties; failure to include the dates on which the work under the contract is scheduled to begin and end; failure to affix the signatures of all parties to the contract; failure to provide a time schedule of payments under the contract; and failure to provide the required notices.

12. Despite promises by Defendants, Defendants failed and refused to deliver and install the equipment.

13. Defendants collected funds, totaling one thousand five hundred fifty-five dollars and ninety-two cents ($1555.92), from Plaintiff despite failing to deliver or install the equipment.

14. Defendants failed to perform, or abandoned the contract or project engaged in without excuse or justification in violation of G. L. c. 142A, §17(2).

15. Plaintiff has been harmed by Defendants' actions and omissions. Specifically, due to changes in the supply of materials and labor Plaintiff will now incur a much higher cost to have the solar panels installed, and was forced to forgo years of profit on solar electricity generation while waiting for the Defendant to fulfil his obligations.

16. Plaintiff sent Defendants a demand pursuant to Massachusetts General Laws, ch. 93A without result.

<u>Count I: Breach of Contract</u>

17. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

18. Plaintiff and Defendant entered into a legally enforceable contract supported by valuable consideration.

19. Plaintiff did perform, and was ready, willing, and able to perform all his obligations under the contract.

20. Defendants breached their contractual obligation to Plaintiff to deliver and install photovoltaic equipment at his home when they failed to deliver and install photovoltaic equipment to Plaintiff after repeated requests or demands to do so.

21. As a direct and proximate result, Plaintiff has been greatly injured thereby.

22. Plaintiff must now have solar panels installed at a much greater cost than the cost initially agreed upon with Defendant.

23. Plaintiff had to forgo years of profit he would have earned on solar generation because Defendant failed to fulfill his obligations under the contract.

24. Plaintiff paid Defendant, but received nothing of value in exchange.

<u>Count II: Violation of Massachusetts Consumer Protection Act</u>

25. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

26. Each violation of Massachusetts General Laws Chapter 142A committed by Defendants, as described above, is a per se unfair and deceptive act under the Massachusetts Consumer Protection Act.

27. Plaintiff's injuries are directly related to, and caused by, Defendants' unfair and deceptive acts.

28. Defendants' bad acts are unfair or deceptive acts or practices in the trade or commerce in which Defendants are engaged.

29. Defendants' bad acts were committed knowingly and willfully.

30. Plaintiff made written demand upon Defendant pursuant to G.L. c. 93A alleging these unfair and deceptive acts.

31. Defendants received the demand more than 30 days prior to the filing of this action.

32. Defendants made no reasonable offer of settlement in response.

33. As a direct and proximate result, Plaintiff has been greatly injured thereby.

<u>Count III: Fraud</u>

34. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

35. Defendant Andrew Breiter-Wu falsely represented to the Plaintiff that Defendants would sell Plaintiff photovoltaic equipment and install that equipment.

36. Specifically, Defendant represented that work on the project would begin June 30, 2021, and be conducted in accordance with the project description and other transactional documents reproduced in Exhibit A.

37. Defendant's false representations were material as they formed the basis of the bargain between the parties, and were justifiably relied on by Plaintiff to Plaintiff's own detriment, to wit; Plaintiff paid for services never rendered and materials never delivered,

lost the opportunity to have solar installed at a lower cost, and lost years of profit from solar power generation.

38. At the time the false representations were made, Defendant had no intention to fulfill his obligations under the contract, or made the false representations with intent to deceive Plaintiff, and made those false representations for the purpose of inducing Plaintiff to enter the transaction.

WHEREFORE, Plaintiff demands judgment as follows:

1. A finding for Plaintiff on all claims and an award of monetary damages to Plaintiff.

2. A finding that Defendants violated M.G.L. c. 93A, and an award of reasonable costs, attorney's fees under M.G.L. c. 93A.

3. A finding that Defendants' violations of M.G.L. c. 93A were knowing or willful and an award of multiple damages and attorney fees.

4. An award of costs pursuant to Mass. R. Civ. P. 54(d).

5. Pre and post judgment interest.

6. All other relief that this Court deems just and proper.

Plaintiffs by their attorney,

______________________________

Ira H. Grolman (BBO 556709)

GROLMAN LLP

29 Stanhope Street

Boston, MA 02116

Ph: (617) 859-8966

Fax: (617) 859-8903

Dated: January 9, 2024

Attachment B: