Case 25-11162 Doc 15 Filed 08/20/25 Entered 08/20/25 14:03:54 Desc Main Document Page 23 of 36

**2450CV000042 Danko, Mark v. Breiter-Wu, Andrew**

Case Type:

Civil

Case Status:

Disposed for Statistical Purposes

File Date

01/16/2024

DCM Track:

Initiating Action:

Money Action - District Court Filing (c231 §§ 103-104)

Status Date:

10/28/2025

Case Judge:

Next Event:

| All Information | Party | Judgment | Event | Docket | Disposition |
|---|---|---|---|---|---|

**Party Information**

**Danko, Mark**

- Plaintiff

**Alias Party Attorney**

Attorney

Grolman, Esq., Ira H

Bar Code

556709

Address

Grolman LLP

29 Stanhope St

Boston, MA 02116

Phone Number

(617)859-8966

**More Party Information**

**Breiter-Wu, Andrew**

- Defendant

**Alias Party Attorney**

**More Party Information**

**Breiter Planet Properties, Llc**

- Defendant

**Alias Party Attorney**

**More Party Information**

**Judgments**

**Date Type Method For Against** 10/28/2025 Judgment for the Plaintiff , after default and upon assessment of damages Danko, Mark Breiter Planet Properties, Llc

**Events**

**Date Session Location Type Result** 06/12/2024 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 07/16/2024 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held 03/26/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Event Cancelled

**Date Session Location Type Result** 08/05/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 09/09/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held 09/30/2025 11:00 AM Virtual Court Session Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Reschedule of Hearing 10/28/2025 11:00 AM Virtual Court Session

Case 25-01162 Doc 158-1 Filed 08/20/25 Entered 08/20/25 14:49:03 Desc Main
Document Page 26 of 36

Https://www.zoomgov.com/j/16164523078 Motion Hearing (CV) Held - Motion Allowed

**Docket Information**

| Docket Date | *Docket Text* Amount Owed | File Ref Nbr. *Image Avail.* |
|---|---|---|

01/16/2024 E-File complaint filed.

01/16/2024 Statement of damages filed by Plaintiff alleging contract action for damages of $25000. or less(Dist./Mun.Cts.Supp.R.Civ.P. 102A)

01/16/2024 Exparte motion filed. 1 01/18/2024 Motion to appoint special process server (Civ.P. 3[c] &4) allowed .

02/02/2024 Return of service on complaint and summons to Breiter Planet Properties, Llc: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)).3 02/08/2024 Return of service on complaint and summons to Andrew Breiter-Wu: Officer service SERVED at last and usual abode (Mass.R.Civ.P. 4(f)).2

02/15/2024 Application to clerk-magistrate to enter default against Andrew Breiter-Wu filed by Mark Danko (Mass.R.Civ.P. 55(a) & 77(b)).

02/28/2024 Default entered against Andrew Breiter-Wu by clerk-magistrate (Mass.R.Civ.P. 55(a) & 77(b)).

04/26/2024 Motion to assess damages (Mass.R.Civ.P. 55[b][4]) filed by Mark Danko-Plaintiff. 4

04/30/2024 Event Scheduled

Event: Motion Hearing (CV)

Date: 06/12/2024 Time: 11:00 AM

Result: Reschedule of Hearing

06/10/2024 Answer filed. 5

Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant)

06/10/2024 Motion to dismiss filed 6

Applies To: Breiter-Wu, Andrew (Defendant); Breiter Planet Properties, Llc (Defendant)

06/10/2024 Opposition filed to Defts opposition to plaintiffs motion for assessment of damages and default judgment filed. 7

06/10/2024 Motion to Plaintiffs motion to strike defendants motion to remove default filed by Mark 8

Danko-Plaintiff.

06/11/2024 Opposition filed filed. 9 06/12/2024 Motion to Plaintiffs motion to strike defendants and counterclaim allowed allowed .

06/13/2024 Event Scheduled

Event: Motion Hearing (CV)

Date: 07/16/2024 Time: 11:00 AM

Result: Held

07/16/2024 Event Resulted: Motion Hearing (CV) scheduled on:

07/16/2024 11:00 AM

Has been: Held

Hon. James M Murphy, Presiding

07/16/2024 Misc Entry:

Case 25-01162 Doc 15 Filed 01/07/26 Entered 01/07/26 14:04:08 Desc Main
Document Page 286 of 365

1 year NISI Order

02/25/2025 Motion to restore case to trial list filed by Mark Danko-Plaintiff. 10

02/26/2025 Event Scheduled

Event: Motion Hearing (CV)

Date: 03/26/2025 Time: 11:00 AM

Result: Event Cancelled

03/05/2025 Opposition filed to Enforce settlement and enter judgment filed. 11

03/06/2025 Motion to Withdraw motion to return to trial list and enforce settlement filed by Mark

12

Danko-Plaintiff.

**Docket Date** **Owed** ***Image Avail.***

***Docket Text*** **Amount** **File Ref Nbr.**

03/07/2025 Event Resulted: Motion Hearing (CV) scheduled on:

03/26/2025 11:00 AM

Has been: Event Cancelled For the following reason: Brought forward

Hon. Emily A Karstetter, Presiding

07/07/2025 Motion to To enforce settlement judgment and enter final judgment filed by Mark Danko

13

Plaintiff.

07/08/2025 Event Scheduled

Event: Motion Hearing (CV)

Date: 08/05/2025 Time: 11:00 AM

Result: Reschedule of Hearing

08/04/2025 Opposition filed to plaintiff's motion to enforce settlement and enter final judgment filed. 14 08/04/2025 Motion for continuance (Mass.R.Civ.P.40[b]) filed by Mark Danko-Plaintiff. 15 08/05/2025 Motion for continuance (Mass.R.Civ.P.40[b]) allowed .

08/05/2025 Event Scheduled

Event: Motion Hearing (CV)

Date: 09/09/2025 Time: 11:00 AM

Result: Held

09/08/2025 Suggestion of bankruptcy filed (11 U.S.C. §362). 16

09/09/2025 Event Resulted: Motion Hearing (CV) scheduled on:

09/09/2025 11:00 AM

Has been: Held For the following reason: Bankruptcy

Comments: Motion stayed as to Defendant Andrew Breiter-Wu because for bankruptcy filing. Cast Continued for company

Hon. David E Frank, Presiding

09/09/2025 Event Scheduled

Event: Motion Hearing (CV)

Date: 09/30/2025 Time: 11:00 AM

Result: Reschedule of Hearing

09/30/2025 Event Scheduled

Event: Motion Hearing (CV)

Date: 10/28/2025 Time: 11:00 AM

Result: Held - Motion Allowed

10/28/2025 Motion to enforce settlement agreement and enter final judgment allowed .

10/28/2025 Judgment Entered:: Judgment for the Plaintiff , after default and upon assessment of damages Presiding: Hon. James M Murphy

Judgment For: Mark Danko

Judgment Against: Breiter Planet Properties, Llc

Terms of Judgment: Interest Begins: 01/16/2024 Jdgmnt Date: 10/28/2025 Interest Rate: .12 Daily Interest Rate: .000329

Damages: Damage Amt: 24500.00 Filing Fees: 195.00 Costs Pd to Court: 5.00

Judgment Total: 29,947.39

11/13/2025 Execution Issued:

Execution on Money Judgment

Judgment Debtor: Breiter Planet Properties, Llc

Judgment Creditor: Danko, Mark

Terms of Execution:

EXON Issuance Date: 11/13/2025

Judgment Total: 29,947.39

Post Judgment Int. Rate: .12 Post Judgment Int. Total: 157.64

Execution Subtotal: 30,105.03

Execution Total: 30,105.03

**Case Disposition**

**Disposition Date** Pending

Attachment C

Case 25-11162 Doc 5 Filed 08/20/25 Entered 08/20/25 14:08 Desc
Document Page 11 of 6

AGREEMENT FOR JUDGMENT

Docusign Envelope ID: AFBBE940-11B5-49B1-8E1A-B8C3CC34046F

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss. District Court Department Malden District Court

Mark Danko, )

Plaintiff, )

)

v. ) Civil Action No. 2450CV000042 )

Andrew Breiter-Wu, and )

Breiter Planet Properties, LLC, )

Defendants. )

**AGREEMENT FOR JUDGMENT**

The Parties in the above-entitled action hereby stipulate and agree as follows:

1. The Parties enter into this Agreement voluntarily as stipulated under the terms of the settlement agreement and mutual release ("Settlement Agreement") executed between the parties.

2. In the case of a default on the settlement agreement and default is not cured by

the defendants within 120 days, this Judgment shall enter for Plaintiff, and against Breiter Planet Properties, LLC, in the sum of $25,000 ("Judgment Amount") which shall be offset from payments already made prior to the filing of this agreement for judgment.

3. The full terms surrounding this agreement for judgement are defined in the settlement agreement executed between the parties.

**For the Plaintiff:**

________________________________

Ira H. Grolman

Grolman LLP

29 Stanhope Street

Boston, MA 02116

(617) 859-8966

Attorney for Mark Danko

**For the Defendants:**

________________________________

Andrew Breiter-Wu

Breiter Planet Properties, LLC

86 Willard Ave

Seekonk, MA 02771

Pro-Se

Case 25-01162 Doc 18-1 Filed 01/09/26 Entered 01/09/26 09:03:03 Desc
Certificate of Service Page 1 of 1

## CERTIFICATE OF SERVICE

I hereby certify that on this _6__ day of ____jan, 2026, by my agent a true and correct copy of the foregoing **Plaintiff's Opposition to Defendant's Motion to Dismiss, PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, and FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** was served upon the following parties in interest by **first-class mail** pursuant to Fed. R. Bankr. P. 7004 and 9036:

**Andrew Breiter-Wu**
86 Willard Ave Seekonk, MA 02771

/s/ Mark Danko
Mark Danko
Plaintiff, Pro Se

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Mark Danko, | ) | PLAINTIFF'S MOTION FOR LEAVE |
| | ) | TO FILE FIRST AMENDED COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 25-01162 |
| | ) | |
| Andrew Breiter-Wu, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015, Plaintiff Mark Danko respectfully moves for leave to file a First Amended Complaint to Determine Nondischargeability of Debt.

In support of this Motion, Plaintiff states as follows:

1. Plaintiff commenced this adversary proceeding seeking a determination of nondischargeability under 11 U.S.C. § 523(a)(2)(A).

2. Defendant has filed a Motion to Dismiss pursuant to Rule 12(b), asserting alleged deficiencies in the pleading.

3. Plaintiff seeks leave to amend the Complaint to address the issues raised in Defendant's Motion to Dismiss and to plead additional factual detail clarifying the basis for Plaintiff's claims.

4. This is Plaintiff's first request to amend the Complaint.

5. The case remains at an early stage, and Defendant will suffer no undue prejudice if leave to amend is granted.

6. Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires, and courts routinely grant leave under circumstances such as these.

The proposed First Amended Complaint is attached hereto as **Exhibit A**.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order granting leave to file the attached First Amended Complaint and granting such other and further relief as the Court deems just and proper.

---

Respectfully submitted,

**Mark Danko**

**/s/ Mark Danko**

Plaintiff, pro se

mwdanko@gmail.com

302 Melrose st

Melrose ma

978 382 6038

## CERTIFICATE OF SERVICE

I hereby certify that on this _6__ day of ____jan, 2026, by my agent a true and correct copy of the foregoing **Plaintiff's Opposition to Defendant's Motion to Dismiss, PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, and FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** was served upon the following parties in interest by **first-class mail** pursuant to Fed. R. Bankr. P. 7004 and 9036:

**Andrew Breiter-Wu**
86 Willard Ave Seekonk, MA 02771

/s/ Mark Danko
Mark Danko
Plaintiff, Pro Se

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

Mark Danko, )
)
Plaintiff, )
)
v. ) Adversary Proceeding No. 25-01162
)
Andrew Breiter-Wu, )
Defendant. )

PLAINTIFF’S OPPOSITION TO DEFENDANT’S MOTION TO DISMISS

I. INTRODUCTION

Plaintiff Mark Danko (“Plaintiff”) respectfully submits this Opposition to Defendant Andrew Breiter-Wu’s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 9(b), and Fed. R. Bankr. P. 7004(e).

The Complaint asserts claims under 11 U.S.C. § 523(a)(2)(A) based on allegations that Defendant personally participated in conduct through which Plaintiff was induced to part with money by false pretenses, false representations, and actual fraud. The allegations go beyond a mere breach of contract and describe conduct consistent with a fraudulent scheme implemented through a corporate entity.

In addition, Plaintiff has filed a separate Motion for Leave to Amend the Complaint, not as a concession of deficiency, but in the interest of clarity, fairness, and judicial efficiency. For the

reasons set forth below, Defendant's Motion to Dismiss should be denied. At a minimum, leave to amend should be granted.

II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests only the legal sufficiency of the complaint. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

To state a claim under § 523(a)(2)(A), a plaintiff must allege that the debtor made a false representation, did so with intent to deceive, that the plaintiff relied on the representation, and that damages resulted. Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997). At the pleading stage, intent and knowledge may be alleged generally and inferred from circumstantial facts.

III. THE COMPLAINT STATES A PLAUSIBLE CLAIM UNDER § 523(a)(2)(A)

Contrary to Defendant's assertions, the Complaint does not merely allege nonperformance or breach of contract. It alleges that Defendant knowingly made or caused false representations and omissions in connection with the transaction, intended Plaintiff to rely upon those representations, that Plaintiff did in fact rely, and that Plaintiff suffered monetary loss as a direct result.

The Complaint further alleges conduct consistent with constructive fraud, including inducement to transfer funds through representations concerning the nature, viability, and

execution of the underlying transaction, coupled with facts from which fraudulent intent may reasonably be inferred.

A debtor may be personally liable under § 523(a)(2)(A) where he personally participates in or directs fraudulent conduct, regardless of whether funds are routed through a corporate entity. The statute focuses on how the money was obtained—not merely on the formal recipient of funds. At this stage, Plaintiff has plausibly alleged each required element of nondischargeable fraud.

IV. THE COMPLAINT SATISFIES RULE 9(b)

Rule 9(b) requires fraud to be pleaded with particularity, not evidentiary detail. The Complaint identifies the parties, the transaction, the funds transferred, the representations and omissions alleged to be false or misleading, and the resulting loss.

Where fraud is alleged as part of a course of conduct or scheme, Rule 9(b) is applied flexibly, particularly where the relevant facts are largely within the debtor's control. The Complaint alleges Defendant's direct participation in the conduct at issue and provides Defendant with fair notice of the claims asserted.

Accordingly, Rule 9(b) is satisfied.

V. CORPORATE FORM DOES NOT BAR PERSONAL NONDISCHARGEABILITY

Defendant's argument that payments were made to a corporate entity does not defeat Plaintiff's claims. A debtor who personally participates in fraudulent conduct may be personally liable under § 523(a)(2)(A) even where a corporation is involved.

The Complaint alleges Defendant's personal involvement in the conduct giving rise to the debt. Bankruptcy courts routinely reject attempts to shield individuals from non-dischargeability solely because a corporate entity was used as the vehicle for the transaction.

VI. THE SETTLEMENT AGREEMENT DOES NOT BAR A § 523(a)(2)(A) DETERMINATION

Defendant's reliance on the settlement agreement and related state-court proceedings does not warrant dismissal of this adversary proceeding. While such agreements may define liability or remedies under state law, they do not preclude a bankruptcy court from determining whether a debt was incurred through fraud for purposes of dischargeability under 11 U.S.C. § 523(a)(2)(A).

The Supreme Court has made clear that § 523(a)(2)(A) is not limited to formal misrepresentations and encompasses fraudulent schemes and conduct through which money is obtained by fraud, regardless of the technical form of the transaction. *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 356, 359–61 (2016).

The settlement agreement expressly identifies both "Breiter Planet Properties, LLC and Andrew Breiter-Wu ("Defendants")" and provides for a "Joint Agreement for Judgment." The agreement states:

> "Joint Agreement for Judgment: a. The Parties will execute a Joint Agreement for Judgment in the amount of $25,000, which will be held in escrow by Plaintiff's attorney. b. The Joint Agreement for Judgment will only be filed with the court if Defendants default on their payment obligations under this Agreement, and such default is not cured within thirty (120) days of written notice of the default. Any payments made prior to the filing of the Joint Agreement for Judgment will be offset against the judgment amount."

Although the Joint Agreement for Judgment that was ultimately filed may be read to contain language that omits Defendant's name in a single sentence, the document expressly references that "the full terms surrounding this agreement for judgement are defined in the settlement agreement executed between the parties." The settlement agreement itself defines the scope of the obligations and identifies Defendant as one of the "Defendants." To the extent Defendant argues that he is excluded from liability under the agreement, that position is inconsistent with the plain language of the settlement documents as a whole.

Further, the state-court action referenced by Defendant has been stayed as to him as a result of the bankruptcy filing. Any issues concerning the enforcement, interpretation, or post-settlement defenses arising under that agreement are properly addressed in the state court once the stay is lifted. They do not bar this Court from exercising its exclusive jurisdiction to determine whether the debt at issue was obtained by fraud and is therefore non-dischargeable.

Accordingly, the existence of the settlement agreement and related state-court proceedings does not provide a basis for dismissal of Plaintiff's § 523(a)(2)(A) claim.

Case 25-11162 Doc 178-1 Filed 08/20/25 Entered 08/20/25 16:48:54 Desc
Appendix Part 2 Page 62 of 7

VII. THE PENDING

MOTION TO AMEND FURTHER SUPPORTS DENIAL OF DISMISSAL

Plaintiff has filed a Motion for Leave to Amend to further clarify factual allegations and legal theories already present in the Complaint. The filing of that motion does not concede any deficiency in the original pleading.

Where amendment may resolve or narrow issues raised in a motion to dismiss, dismissal—particularly with prejudice—is disfavored. Granting leave to amend promotes efficiency and ensures that claims are resolved on their merits rather than on technical pleading disputes.

VIII. LEAVE TO AMEND IS WARRANTED IN THE INTEREST OF JUSTICE

Rule 15 provides that leave to amend should be freely given when justice so requires. Amendment here serves the interests of justice by clarifying allegations, ensuring fair notice to Defendant, and promoting efficient resolution of this adversary proceeding.

IX. SERVICE OF PROCESS DOES NOT WARRANT DISMISSAL

To the extent Defendant challenges service under Rule 7004(e), any alleged defect is curable and does not warrant dismissal. Defendant has appeared and actively litigated the merits of this action. Courts routinely permit correction of service issues rather than dismissing otherwise viable adversary proceedings.

Further this failure of service has been cured, and thus this is moot.

X. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied. Alternatively, and at a minimum, Plaintiff respectfully requests that the Court grant leave to amend the Complaint and permit this adversary proceeding to proceed on the merits.

## CERTIFICATE OF SERVICE

I hereby certify that on this _6__ day of ____jan, 2026, by my agent a true and correct copy of the foregoing **Plaintiff's Opposition to Defendant's Motion to Dismiss, PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, and FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** was served upon the following parties in interest by **first-class mail** pursuant to Fed. R. Bankr. P. 7004 and 9036:

**Andrew Breiter-Wu**
86 Willard Ave Seekonk, MA 02771

/s/ Mark Danko
Mark Danko
Plaintiff, Pro Se

1/8/2026 THIS MOTION WILL BE HELD FOR OBJECTIONS THROUGH JANUARY 26, 2026.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Mark Danko, | ) | PLAINTIFF'S MOTION FOR LEAVE |
| | ) | TO FILE FIRST AMENDED COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 25-01162 |
| | ) | |
| Andrew Breiter-Wu, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015, Plaintiff Mark Danko respectfully moves for leave to file a First Amended Complaint to Determine Nondischargeability of Debt.

In support of this Motion, Plaintiff states as follows:

1. Plaintiff commenced this adversary proceeding seeking a determination of nondischargeability under 11 U.S.C. § 523(a)(2)(A).

2. Defendant has filed a Motion to Dismiss pursuant to Rule 12(b), asserting alleged deficiencies in the pleading.

3. Plaintiff seeks leave to amend the Complaint to address the issues raised in Defendant's Motion to Dismiss and to plead additional factual detail clarifying the basis for Plaintiff's claims.

4. This is Plaintiff's first request to amend the Complaint.

5. The case remains at an early stage, and Defendant will suffer no undue prejudice if leave to amend is granted.

1/8/2026 IN THE INTEREST OF JUDICIAL ECONOMY, IN LIGHT OF THE MOTION TO AMEND COMPLAINT FILED JANUARY 8, 2026, THE HEARING ON THIS MOTION SET FOR JANUARY 15, 2026 IS CONTINUED TO FEBRUARY 5, 2026 AT 12:00 P.M. IN THE FEDERAL BUILDING AND COURTHOUSE, COURTROOM 3, 595 MAIN STREET, WORCESTER, MA.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

In re:

ANDREW BREITER-WU

Debtor,

**Mark Danko, Plaintiff**

v.

**Andrew Breiter-Wu, Defendant**

CHAPTER 7

CASE NO. 25-11742

ADVERSARY PROCEEDING #25-01162

## DEFENDANT ANDREW BREITER-WU'S MOTION TO DISMISS COMPLAINT

Defendant **Andrew Breiter-Wu** (the "Defendant"), respectfully moves this Court to dismiss the Complaint filed by Plaintiff **Mark Danko** (the "Plaintiff"). As set forth below, the Complaint is legally deficient, improperly seeks to impose personal liability for a corporate obligation, fails to plead fraud with the particularity required by law, and constitutes an improper attempt to circumvent and relitigate a resolved state-court matter. The claims asserted are not cognizable under **11 U.S.C. § 523(a)(2)(A)** and fail as a matter of law. Accordingly, dismissal with prejudice, together with any further relief the Court deems just and proper, is warranted.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ANDREW BREITER-WU<br><br>Debtor,<br>___<br>**Mark Danko, Plaintiff**<br><br>v.<br><br>**Andrew Breiter-Wu, Defendant** | CHAPTER 7<br><br>CASE NO. 25-11742<br><br>ADVERSARY PROCEEDING #25-01162 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant **Andrew Breiter-Wu** ("Defendant"), appearing pro se, hereby objects to Plaintiff's Motion for Leave to File a First Amended Complaint. Although leave to amend is often liberally granted, it is properly denied where amendment would be **futile**. Here, Plaintiff's proposed amendment does not, and cannot, cure the fundamental legal defects in the Complaint. The Motion for Leave should therefore be denied.

---

# I. LEGAL STANDARD

Under Fed. R. Civ. P. 15(a), made applicable by Fed. R. Bankr. P. 7015, leave to amend may be denied where the proposed amendment would be futile. An amendment is futile if the amended

pleading would still fail to state a claim upon which relief may be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Glassman v. Computervision Corp.*, 90 F.3d 617, 622–23 (1st Cir. 1996).

In the bankruptcy context, courts routinely deny leave where a proposed amended complaint fails, as a matter of law, to state a viable claim under **11 U.S.C. § 523** or fails to plead fraud with the particularity required by **Fed. R. Civ. P. 9(b)**. See *In re Curran*, 855 F.3d 19, 26 (1st Cir. 2017).

---

## II. AMENDMENT IS FUTILE

Plaintiff's proposed amended complaint does not correct the dispositive deficiencies identified in Defendant's Motion to Dismiss. Instead, it repackages the same legally insufficient theory: an attempt to transform a resolved corporate dispute into a personal nondischargeability claim. Amendment is futile for at least three independent reasons.

### A. The Settlement Agreement and Agreement for Judgment Superseded and Extinguished All Prior Claims

As alleged by Plaintiff himself, the parties entered into a **Settlement Agreement and Mutual Release**, together with a fully executed **Agreement for Judgment against solely Breiter Planet Properties, LLC**, resolving the underlying dispute. Under Massachusetts law, a valid settlement agreement supersedes and extinguishes all prior claims arising from the same subject matter. *Franco v. Selective Ins. Co.*, 184 N.E.3d 64, 69 (Mass. App. Ct. 2021).

Once the parties' rights were reduced to a settlement and judgment, Plaintiff's remedies became limited to enforcement of that agreement. Plaintiff cannot, through amendment, revive pre-settlement allegations or recharacterize a settled claim as fraud. Because the settlement governs as a matter of law, no amendment can state a viable nondischargeability claim based on the superseded dispute.

### B. There Is No Personal Debt Owed by the Defendant

The Agreement for Judgment and the state-court docket reflect that **judgment entered solely against Breiter Planet Properties, LLC**, not against Andrew Breiter-Wu individually. Section 523 applies only to a "debt of the debtor." Where no personal debt exists, nondischargeability relief is unavailable as a matter of law. See *In re Sarafoglou*, 345 B.R. 19, 23 (Bankr. D. Mass. 2006).

Plaintiff's proposed amendment does not, and cannot, alter the dispositive fact that the only judgment entered was against a corporate entity. Amendment is therefore futile because the statutory prerequisite for § 523 relief is absent.

### C. Plaintiff Still Fails to Allege That the Defendant Personally Obtained Money by Fraud

Even as amended, the complaint does not allege facts showing that Defendant personally obtained money, property, or credit from Plaintiff through fraud, as required by **§ 523(a)(2)(A)**. Allegations that payments were made to a limited liability company do not satisfy the "obtained by" requirement. *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997).

Case 25-1162 Doc 2 Filed 01/20/26 Entered 01/20/26 12:07:54 Desc Appendix Part 2 Page 32 of 75

Moreover, the proposed amendment continues to fall short of **Rule 9(b)**'s particularity requirement. It does not identify a specific false representation made by Defendant, when or where it was made, or how Plaintiff justifiably relied on it. Courts consistently deny leave where amended pleadings merely add detail without curing these fundamental defects. See *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985).

---

## III. CONCLUSION

Plaintiff's proposed amendment does not cure the legal deficiencies identified in Defendant's Motion to Dismiss. Because the claims are barred by settlement, unsupported by any personal debt, and insufficient under § 523(a)(2)(A) and Rule 9(b), amendment would be futile. The Motion for Leave to File a First Amended Complaint should therefore be **denied**.

Respectfully submitted,
/s/ Andrew Breiter-Wu
Andrew Breiter-Wu, Pro Se
Debtor
86 Willard Ave
Seekonk, MA 02771
617-334-5785
Legal@breiterplanet.com

Dated: January 16, 2026

---

## CERTIFICATE OF SERVICE

I, **Andrew Breiter-Wu**, hereby certify that on **January 16, 2026**, I served a true and correct copy of **Defendant's Objection to Plaintiff's Motion for Leave to File First Amended Complaint** in the matter of *Mark Danko v. Andrew Breiter-Wu*, Adversary Proceeding No. **25-01162**, by **electronic mail** upon the following party:

**Mark Danko**
302 Melrose St
Melrose, MA 02176
mwdanko@gmail.com

**/s/ Andrew Breiter-Wu**
**Andrew Breiter-Wu**
Defendant, Pro Se

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

In re:

ANDREW BREITER-WU,

Debtor.

---

Mark Danko,

Plaintiff,

v.

Andrew Breiter-Wu,

Defendant.

CASE NO. 25-11742

ADVERSARY PROCEEDING NO. 25-01162

---

# PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO PLAINTIFF'S

# MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff Mark Danko (“Plaintiff”) hereby responds to Defendant Andrew Breiter-Wu’s (“Defendant”) Objection to Plaintiff’s Motion for Leave to File a First Amended Complaint. Defendant correctly states the governing legal standard for futility but fails to satisfy it. None of Defendant’s asserted grounds demonstrate that the proposed First Amended Complaint fails, as a matter of law, to state a viable claim under 11 U.S.C. § 523 or fails to plead fraud with the particularity required by Fed. R. Civ. P. 9(b).

---

# I. LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2), made applicable by Fed. R. Bankr. P. 7015, provides that leave to amend should be “freely give[n] when justice so requires.” Denial of leave is appropriate only where amendment would be futile.

As Defendant himself asserts, futility exists only where a proposed amended complaint, as a matter of law, either (1) fails to state a viable claim under 11 U.S.C. § 523, or (2) fails to plead fraud with the particularity required by Fed. R. Civ. P. 9(b). *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Curran*, 855 F.3d 19, 26 (1st Cir. 2017). The burden of establishing futility rests squarely with the party opposing amendment.

---

# II. DEFENDANT’S ASSERTED GROUNDS DO NOT SATISFY THE FUTILITY STANDARD

Plaintiff responds below to each argument raised in Defendant's Objection, using Defendant's own headings for clarity. Each argument fails on the merits, and more importantly, none falls within the narrow futility standard Defendant invokes. Rather than identifying a pleading defect under 11 U.S.C. § 523 or Fed. R. Civ. P. 9(b), Defendant seeks a premature adjudication of disputed merits issues, which is not a proper basis to deny leave to amend under Rule 15.

At the threshold, all three of Defendant's arguments are further undermined by the fact that Defendant should be judicially estopped from denying Plaintiff's status as a creditor, having expressly identified Plaintiff as such in sworn bankruptcy schedules filed under penalty of perjury. Defendant's attempt to disclaim personal liability is additionally undermined by the fact that the Agreement for Judgment was entered after the bankruptcy case was commenced and while the action was stayed as to Defendant. These circumstances confirm that Defendant's objections are merits-based defenses, not grounds demonstrating futility under Rule 15.

## A. "The Settlement Agreement and Agreement for Judgment Superseded and Extinguished All Prior Claims"

Defendant argues that the Settlement Agreement and Agreement for Judgment extinguished all prior claims. This argument fails on the merits because a bankruptcy court may look behind a settlement or judgment to determine whether a debt arose from fraud, and settlement does not bar a determination of nondischargeability. *Brown v. Felsen*, 442 U.S. 127, 138–39 (1979).

More fundamentally, the asserted effect of a settlement agreement does not establish that the proposed amended complaint fails to state a viable claim under § 523 or fails to plead fraud with particularity under Rule 9(b). At most, Defendant raises an affirmative defense directed to the merits, which cannot support denial of leave to amend on futility grounds.

## B. “There Is No Personal Debt Owed by the Defendant”

Defendant next contends that no “debt of the debtor” exists because the Agreement for Judgment was entered against an LLC rather than Defendant individually. This argument fails on the merits because a debtor may be personally liable for fraud committed through a corporate entity and subject to nondischargeability. *In re Aoki*, 323 B.R. 803, 814 (B.A.P. 1st Cir. 2005).

In any event, whether Defendant is ultimately personally liable is a factual and legal merits issue. Defendant does not contend that the amended complaint omits an element of § 523, nor does he identify any deficiency in the pleading of fraud. Accordingly, this argument does not demonstrate futility under the standard Defendant invokes.

## C. “Plaintiff Still Fails to Allege That the Defendant Personally Obtained Money by Fraud”

Finally, Defendant argues that Plaintiff fails to allege that Defendant personally obtained money by fraud. This argument fails on the merits because § 523(a)(2)(A) does not require the debtor to have personally received funds, so long as the debtor personally

committed the fraudulent conduct that gave rise to the debt. *In re Lawson*, 791 F.3d 214, 219–20 (1st Cir. 2015).

More importantly, Defendant does not identify any missing element of fraud or any lack of particularity under Rule 9(b). Accordingly, this argument does not establish that the proposed First Amended Complaint fails to state a viable claim under § 523 or fails to plead fraud with particularity.

## III. DEFENDANT'S OBJECTION IS A PREMATURE MOTION TO DISMISS

Each of Defendant's arguments challenges the ultimate merits of Plaintiff's claims, not the legal sufficiency of the proposed First Amended Complaint. Rule 15 does not permit denial of leave to amend based on disputed defenses or anticipated merits rulings. Because Defendant has not shown that the amended complaint fails to state a viable § 523 claim or fails to plead fraud with particularity, his objection is procedurally improper.

## IV. CONCLUSION

Defendant invokes a narrow futility standard but does not satisfy it. Defendant's arguments do not demonstrate that the proposed First Amended Complaint fails, as a matter of law, to state a viable claim under 11 U.S.C. § 523 or fails to plead fraud with particularity under Fed. R. Civ. P. 9(b). Instead, Defendant seeks a premature

adjudication of disputed merits issues. Accordingly, Plaintiff's Motion for Leave to File a First Amended Complaint should be GRANTED.

Respectfully submitted,

/s/ Mark Danko

Mark Danko

Plaintiff

302 Melrose St

Melrose, MA 02176

mwdanko@gmail.com

Dated: ______________

# CERTIFICATE OF SERVICE

I, Mark Danko, hereby certify that on this date, a true and correct copy of Plaintiff's Response to Defendant's Objection to Plaintiff's Motion for Leave to File First Amended Complaint was served upon the Defendant, Andrew Breiter-Wu, by electronic mail.

**Served upon:**

Andrew Breiter-Wu

Defendant, Pro Se

Email: Legal@breiterplanet.com

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/ Mark Danko

Mark Danko

Plaintiff

Dated: 1/30/2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Andrew Breiter-Wu<br><br>Debtor(s). | Chapter7<br>Case No. 25-11742-EDK |
| Mark Danko<br>Plaintiff(s),<br><br>v.<br><br>Andrew Breiter-Wu<br>Defendant(s). | Adversary Proceeding<br>No. 25-01162-EDK |

**Proceeding Memorandum and Order**

**MATTER:**
#3 Motion of Defendant to Dismiss Adversary Proceeding

**Decision set forth more fully as follows:**

**DENIED WITHOUT PREJUDICE. The deadline for the Plaintiff to file a further amended complaint is February 26, 2026. The deadline for the Defendant to file an answer or responsive pleading to the further amended complaint is 21 days from the iling and service of the amended complaint.**

Dated: 02/05/2026

By the Court,

Elizabeth D. Katz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Andrew Breiter-Wu<br><br>Debtor(s). | Chapter7<br>Case No. 25-11742-EDK |
| Mark Danko<br>Plaintiff(s),<br><br>v.<br><br>Andrew Breiter-Wu<br>Defendant(s). | Adversary Proceeding<br>No. 25-01162-EDK |

**Proceeding Memorandum and Order**

**MATTER:**
#16 Motion filed by Plaintiff Mark Danko for Leave to File [15] First Amended Complaint

**Decision set forth more fully as follows:**

**GRANTED. See order of even date.**

Dated: 02/05/2026

By the Court,

Elizabeth D. Katz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark Danko, | ) FIRST AMENDED COMPLAINT TO DETERMINE<br>) DISCHARGEABILITY OF DEBT |
| Plaintiff, | ) |
| | ) |
| v. | ) *Adversary Proceeding No. 25-01162 |
| | ) |
| Andrew Breiter-Wu | ) |
| Defendant. | ) |

FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

UNDER 11 U.S.C. § 523(a)(2)(A)

Plaintiff, Mark Danko ("Plaintiff"), brings this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2)(A) and alleges as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 523(c).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), as it concerns the dischargeability of a particular debt.

3. Venue is proper in this District under 28 U.S.C. § 1409(a) because this adversary proceeding arises in and relates to Defendant's Chapter 7 case pending in this District.

PARTIES

4. Plaintiff, Mark Danko, is an individual residing in Massachusetts.

5. Defendant, Andrew Breiter-Wu, is the debtor in Chapter 7 Case No. 25-11742, filed on August 21, 2025, in this Court.

## FACTUAL ALLEGATIONS

6. In or about October of 2020, Defendant represented to Plaintiff that he would sell and install photovoltaic solar equipment at Plaintiff's property.

7. Defendant's representations were false when made. Defendant did not intend to perform the promised work, deliver the equipment, or comply with project documents.

8. Defendant made these false representations knowingly and with intent to induce Plaintiff to enter into the transaction and pay money to Defendant.

9. Plaintiff reasonably and justifiably relied on Defendant's representations and paid substantial sums of money to Defendant.

10. Defendant failed to perform the promised work, failed to deliver equipment, and failed to refund Plaintiff's money.

11. As a result, Plaintiff suffered damages including:

   a. Loss of funds paid to Defendant;

   b. Costs incurred to remediate and replace Defendant's nonperformance;

   c. Loss of opportunity to install solar at a lower cost;

   d. Loss of anticipated solar energy production.

12. On February 28, 2024, in Malden District Court, Middlesex County, Massachusetts (Case No. 2450CV000042), a default was entered against Defendant pursuant to Mass. R. Civ. P. 55(a) and 77(b).

13. The state-court complaint asserted causes of action for Breach of Contract, Violation of the Massachusetts Consumer Protection Act (G.L. c. 93A), and Fraud.

14. The state court process is stayed by this bankruptcy with regards to Andrew Breiter-Wu

15. On July 15, 2024, the parties executed a "SETTLEMENT AGREEMENT AND MUTUAL RELEASE".

16. The "SETTLEMENT AGREEMENT AND MUTUAL RELEASE" does not limit Plaintiff's rights by having the text "... Plaintiff's rights under the Judgment shall not be released should Defendants default on their obligations to pay the Settlement Amount in a timely manner."

17. Payment was not made in a timely manner.

18. Defendant entered into the Agreement for Judgment without intent to perform and with the intent to seek bankruptcy protection shortly thereafter, constituting an independent act of fraud.

19. Defendant's conduct constitutes false pretenses, false representations, and actual fraud within the meaning of 11 U.S.C. §523(a)(2)(A).

20. At the time Defendant entered into the contract with Plaintiff, Defendant did not intend to perform the promised work, deliver the photovoltaic equipment, or complete the project as represented.

21. In or about September 2021, Defendant represented that he had the solar panels intended for Plaintiff's project and that installation would commence in October 2021.

22. That representation was false. Defendant did not possess the solar panels at that time.

23. Defendant further represented that the project would be completed in October 2021, despite knowing, or recklessly disregarding, that he lacked the equipment, personnel, and financial capacity to complete the installation within that timeframe.

24. No installation occurred in October 2021.

25. In or about December 2021, Defendant represented that installation would occur in January 2022, and affirmatively stated that he was physically viewing the solar panels that would be used for Plaintiff's project while on the phone with Plaintiff.

26. Plaintiff asked Defendant to read the serial numbers from the solar panels he claimed to be viewing. The Defendant refused to read serial numbers.

27. Plaintiff requested that Defendant read just one serial number from any one panel that would be installed on the Plaintiff's project. The Defendant refused.

28. Defendant's statements that he possessed the solar panels for Plaintiff's project were knowingly false and made to conceal Defendant's inability or unwillingness to perform.

29. Defendant realized that by asking for serial numbers, Plaintiff had uncovered the fact that Defendant was lying and became unresponsive to phone calls and emails and thereafter ceased or substantially reduced responding to Plaintiff's phone calls or emails.

30. Defendant's repeated representations that the project would be completed in October 2021, December 2021, or January 2022 were false when made, as Defendant did not intend to complete the project during those timeframes and knew or should have known that completion would not occur.

31. Defendant ceased communicating with Plaintiff because Defendant knew Plaintiff had discovered Defendant's misrepresentations.

32. At no point did Defendant perform the installation or deliver the promised equipment.

Case 25-01162 Doc 58-1 Filed 02/25/26 Entered 02/26/26 09:34:54 Desc
Appellant Part 2 Page 5 of 10

33. During the period in which Defendant made these misrepresentations, Plaintiff continued to make monthly payments to Defendant in reliance on Defendant's false statements.

34. Defendant operated a financing scheme in which customer payments were not used to perform existing contracts, but instead were used to satisfy prior obligations.

35. Upon information and belief, Defendant lacked sufficient capital, inventory, or legitimate financing to perform promised installations, and Defendant's ability to continue operating depended on continuously obtaining funds from new customers to cover earlier commitments.

36. Such a business structure is inherently deceptive and mathematically unsustainable. Fraudulent intent under 11 U.S.C. §523(a)(2)(A) may be inferred from the inevitability of harm resulting from such a structure. See Palmacci v. Umpierrez, 121 F.3d 781, 789 (1st Cir. 1997); In re Agriprocessors, Inc., 859 F.3d 599, 604 (8th Cir. 2017).

37. Defendant failed to observe corporate formalities, including by failing to maintain adequate records, hold regular meetings, or keep LLC affairs separate from his personal affairs.

38. Defendant exercised complete domination and control over all LLCs in which he had ownership or management authority, such that those entities had no separate mind, will, or existence of their own.

39. All LLCs in which he had ownership or management authority were undercapitalized and lacked sufficient assets to meet reasonably foreseeable obligations to customers and creditors.

40. Defendant commingled LLC funds with his personal funds, using company accounts for personal expenses and personal accounts for company business.

41. Defendant used all LLCs in which he had ownership or management authority to perpetrate fraud or to avoid obligations to Plaintiff and other creditors.

42. Defendant used all LLCs in which he had ownership or management authority as his personal checking account, paying personal expenses from LLC accounts and treating LLC assets as his own.

43. Transactions between Defendant and all LLCs in which he had ownership or management authority were not conducted at arm's length and did not reflect fair dealing between separate entities.

44. Due to the lack of corporate formalities and the foregoing factors, all LLCs in which he had ownership or management authority should be disregarded and Defendant held personally liable for the debts at issue.

NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

43. Section 523(a)(2)(A) excepts from discharge any debt obtained by "false pretenses, a false representation, or actual fraud."

44. Defendant obtained money from Plaintiff through actual fraud and false representations as detailed herein.

45. The Agreement for Judgment does not eliminate the fraudulent character of the underlying debt. Pursuant to Archer v. Warner, 538 U.S. 314 (2003), a settlement of a fraud claim does not bar a bankruptcy court from determining that the debt is nondischargeable if it arises out of fraud.

46. Because the Agreement for Judgment resolved claims including fraud, the resulting debt inherits the fraudulent nature of the underlying transaction.

FRAUD CLAIMS / CAUSES OF ACTION COUNT I – FRAUD BASED ON LACK OF INTENT TO FULFILL CONTRACT (FORMATION FRAUD)

47. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

48. Defendant induced Plaintiff to enter into a contract for solar panels.

49. Defendant, Andrew Breiter-Wu, represented to Plaintiff that he would sell and install photovoltaic equipment at Plaintiff's property, with work to begin on June 30, 2021, in accordance with the project documents.

50. Defendant had no intent to perform or acted with reckless disregard for the truth that the equipment would not be installed.

51. Plaintiff reasonably relied on these representations and paid substantial sums to Defendant.

52. As a result, Plaintiff suffered damages, including:

a. Loss of funds paid to Defendant;

b. Costs incurred to remediate and replace Defendant's nonperformance;

c. Loss of opportunity to install solar at a lower cost;

d. Loss of anticipated solar energy production.

53. Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

COUNT II – FRAUD BASED ON FALSE SEPTEMBER 2021 REPRESENTATIONS

54. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

55. In September 2021, Defendant represented that he had secured the solar panels and that installation would begin in October 2021. These representations were false; Defendant did not possess the panels nor intend for installation to occur.

56. Plaintiff reasonably relied on these representations and continued making payments instead of seeking alternative options. As a result, Plaintiff suffered the damages described in Count I.

57. Defendant's repeated misrepresentations and concealment constitute a continuing course of fraud.

58. Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

COUNT III – FRAUD BASED ON FALSE DECEMBER 2021 REPRESENTATIONS

59. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

60. In December 2021, Defendant represented that installation would occur by the end of the month or in January 2022 and that he was physically viewing the solar panels intended for Plaintiff's project. These representations were false; Defendant did not possess the panels and could not complete the project within the promised timeframe.

61. Plaintiff requested serial numbers from the panels that were for Plaintiff's house, which Defendant claimed to be looking at. Defendant refused because he did not have the solar panels. Then Defendant ceased communication. Plaintiff reasonably relied on Defendant's false statements, continuing to make payments, and suffered the damages described in Count I.

62. Defendant's repeated misrepresentations and concealment constitute a continuing course of fraud.

63. Defendant's conduct constitutes actual fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

COUNT IV – FRAUD BASED ON UNSUSTAINABLE FINANCING SCHEME

64. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

65. Defendant operated a financing scheme in which customer payments were not used to perform existing contracts but were instead used to satisfy prior obligations. Upon information and belief, Defendant lacked sufficient capital, inventory, or legitimate financing to fulfill promised installations.

66. Plaintiff reasonably relied on Defendant's representations and continued payments under the expectation that services would be performed. As a direct result, Plaintiff suffered the damages described in Count I.

67. Defendant's conduct constitutes constructive fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

COUNT V – FRAUD BASED ON VIOLATION OF BANKING/FINANCIAL LAWS

68. Plaintiff repeats the foregoing paragraphs as though set forth in full herein.

69. Defendant accepted and used customer payments in violation of banking and financial laws, including commingling funds and using new customer payments to satisfy prior obligations.

70. Plaintiff reasonably relied on Defendant's conduct and continued payments under the expectation that services and equipment would be delivered. As a direct result, Plaintiff suffered the damages described in Count I.

71. Defendant’s conduct constitutes fraud under 11 U.S.C. §523(a)(2)(A), rendering the debt owed to Plaintiff nondischargeable.

PRAYER FOR RELIEF WHEREFORE, Plaintiff respectfully requests that this Court:

1. Determine that the debt owed to Plaintiff in the amount of $24,500.00 plus pre- and post-judgment interest, and any other liabilities arising from the same central nucleus of facts, is nondischargeable under 11 U.S.C. § 523(a)(2)(A); and

2. Award such other and further relief as the Court deems just and proper.

Dated: 2/25/2026

Respectfully submitted,
/s/ Mark Danko

Mark Danko,
Plaintiff Acting Pro Se
302 Melrose St
Melrose, MA 02176
(978) 328-6038
mwdanko@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **Feb 25, 2026**, I served a true and correct copy of the "FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT" of upon the following party by electronic mail, pursuant to Fed. R. Bankr. P. 7005 and Fed. R. Civ. P. 5(b)(2)(E):

Andrew Breiter-Wu
Defendant, pro se
Email:legal@breiterplanet.com

Respectfully submitted,

**Mark Danko**
**/s/ Mark Danko**
Plaintiff, acting pro se

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ANDREW BREITER-WU<br><br>Debtor,<br>_______________________<br><br>**Mark Danko, Plaintiff**<br><br>v.<br><br>**Andrew Breiter-Wu, Defendant** | CHAPTER 7<br><br>CASE NO. 25-11742<br><br>ADVERSARY PROCEEDING #25-01162 |

**<u>DEFENDANT ANDREW BREITER-WU'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant Andrew Breiter-Wu, proceeding pro se, respectfully moves this Court, pursuant to **Fed. R. Civ. P. 12(b)(6)** and **Fed. R. Civ. P. 9(b)**, made applicable to this adversary proceeding by **Fed. R. Bankr. P. 7012** and **Fed. R. Bankr. P. 7009**, to dismiss Plaintiff Mark Danko's First Amended Complaint in its entirety, with prejudice.

As set forth more fully in Defendant's **Memorandum of Law in Support of Motion to Dismiss Plaintiff's First Amended Complaint**, Plaintiff's First Amended Complaint fails to state a plausible claim for nondischargeability under **11 U.S.C. § 523(a)(2)(A)** against Defendant personally. Among other defects, the First Amended Complaint fails to plausibly allege a nondischargeable debt owed by Defendant Andrew Breiter-Wu personally, fails to plead fraud

with particularity as required by Rule 9(b), relies on conclusory and insufficient alter-ego allegations, and asserts Counts IV and V that fail as a matter of law.

In support of this Motion, Defendant relies upon the accompanying Memorandum of Law and the exhibits attached thereto, including the Settlement Agreement and Mutual Release, Agreement for Judgment, Malden District Court docket and judgment records, payment processor records reflecting Plaintiff's payments to Breiter Planet Properties, LLC, and project-development documents.

WHEREFORE, Defendant Andrew Breiter-Wu respectfully requests that this Court:

1. **Dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice**; and
2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Andrew Breiter-Wu
Andrew Breiter-Wu, Pro Se
Debtor
86 Willard Ave
Seekonk, MA 02771
617-334-5785
Legal@breiterplanet.com

Dated: March 16, 2026

## CERTIFICATE OF SERVICE

I, **Andrew Breiter-Wu**, hereby certify that on **March 16, 2026**, I caused a true and correct copy of the foregoing **Motion to Dismiss Plaintiff's First Amended Complaint**, together with all accompanying documents, to be served by electronic mail, upon:

**Mark Danko**
302 Melrose St
Melrose, MA 02176
mwdanko@gmail.com

Dated: March 16, 2026

**/s/ Andrew Breiter-Wu**
**Andrew Breiter-Wu**
Defendant, Pro Se

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ANDREW BREITER-WU<br><br>Debtor,<br>_______________________________<br><br>**Mark Danko, Plaintiff**<br><br>v.<br><br>**Andrew Breiter-Wu, Defendant** | CHAPTER 7<br><br>CASE NO. 25-11742<br><br>ADVERSARY PROCEEDING #25-01162 |

**<u>DEFENDANT ANDREW BREITER-WU'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

## I. INTRODUCTION

Plaintiff Mark Danko's First Amended Complaint seeks an extraordinary remedy: a determination that an alleged debt of **$24,500.00**, plus interest and other purported liabilities, is nondischargeable under **11 U.S.C. § 523(a)(2)(A)**. But even accepting the pleading on its face and considering the limited documents properly before the Court, the First Amended Complaint still fails to state a plausible claim against Defendant Andrew Breiter-Wu personally. See First Am. Compl. at Prayer for Relief.

At bottom, Plaintiff attempts to recast a disputed and incomplete solar project relationship, together with later settlement enforcement proceedings, into a personal fraud claim in bankruptcy. The documentary record central to that relationship shows a far more limited and

materially different picture. Plaintiff did not pay $24,500.00 to Andrew Breiter-Wu personally. Rather, Plaintiff made **25 monthly payments totaling $1,620.75** to **Breiter Planet Properties, LLC** through the company's payment processor. See Ex. D. The proposed project itself was not structured as a traditional bank-financed consumer solar transaction; instead, it was to proceed through a company-administered payment arrangement for a proposed residential solar installation, with project funding and all project expenses to be advanced through **Breiter Planet Properties, LLC**, not through Defendant personally. See Ex. D; Ex. E.

The First Amended Complaint also fails to overcome an even more basic problem: the state-court settlement enforcement materials and resulting judgment structure do not establish a debt owed by Andrew Breiter-Wu personally in the manner Plaintiff now alleges. The **Agreement for Judgment** provided that, upon uncured default, judgment would be entered solely against **Breiter Planet Properties, LLC**. See Ex. B. The resulting Malden District Court judgment likewise entered against **Breiter Planet Properties, LLC** upon default of the Settlement Agreement. See Ex. C. Although Plaintiff now attempts to avoid that problem through sweeping alter-ego and commingling allegations, those allegations remain conclusory and do not plausibly transform a corporate obligation into a nondischargeable personal debt under § 523(a)(2)(A).

Nor does the amended pleading plausibly allege fraud with the specificity required by Rule 9(b). What Plaintiff describes is, at most, a failed project relationship involving design work, engineering activity, structural review, permitting efforts, payment disputes, and later settlement enforcement. Indeed, the project-development documents reflect that Breiter Planet Properties, LLC undertook actual work on the proposed installation, including engineering and permitting activity, before the relationship broke down. See Ex. E. That documentary record does not prove

Plaintiff's fraud theory; if anything, it underscores why this adversary proceeding is an improper attempt to convert a disputed business and project history into a nondischargeability claim against the individual debtor.

For these reasons, and as set forth more fully below, the First Amended Complaint should be dismissed in its entirety.

## II. RELEVANT PROCEDURAL BACKGROUND AND DOCUMENTS PROPERLY BEFORE THE COURT

This adversary proceeding arises from a proposed residential solar photovoltaic installation that Plaintiff Mark Danko sought to obtain through Breiter Planet Properties, LLC ("BPP"), a solar development and construction company. The proposed project involved the design and installation of a rooftop solar system at Plaintiff's residence located at 302 Melrose Street, Melrose, Massachusetts.

### A. The Proposed Solar Project and Financing Structure

On or about October 2020, Plaintiff accepted a proposal from BPP for the design and installation of a residential solar photovoltaic system via an online purchase. The proposal reflected a system price of $18,900. Over a projected 20-year payment term at a 2.9% interest rate, the proposal estimated total payments of approximately $32,844 over the life of the arrangement.

Unlike many residential solar projects that are financed through third-party lenders or solar loan providers, the proposed project here was structured as a company-administered payment arrangement through Breiter Planet Properties, LLC. No outside bank or consumer lender funded the transaction. Instead, the project was to be funded through the business operations of Breiter

Planet Properties, LLC, with Plaintiff making periodic payments toward the project through the company.

Consistent with that structure, Plaintiff made twenty-five (25) monthly payments totaling $1,620.75 to Breiter Planet Properties, LLC through the company's payment processor before discontinuing the agreed monthly payments under the parties' arrangement. These payments were made to BPP—not to Defendant Andrew Breiter-Wu personally—and are reflected in the payment processor records attached as Exhibit D.

### B. Project Development Work and Structural Issues

Following acceptance of the proposal in October 2020, BPP undertook significant development work associated with the proposed solar installation. This work included preparation of engineering design materials, structural review relating to the proposed installation areas, and permitting-related activity necessary for a residential rooftop solar project. Documentation reflecting portions of this development work, including engineering and permitting communications, is attached as Exhibit E.

During the course of engineering and structural review, concerns were identified regarding portions of the roof area proposed for installation. These structural considerations required further evaluation and potential redesign before permit could be issued and the installation of the solar array could proceed.

### C. Settlement Agreement and Initial Payment

Disputes later arose between the parties concerning the status of the proposed solar project and the associated payment arrangement. Plaintiff, through counsel, thereafter issued a demand for payment and initiated proceedings in the Malden District Court relating to the dispute between the parties.

Following the initiation of those proceedings, the parties engaged in settlement discussions that resulted in a **Settlement Agreement and Mutual Release dated November 2024**, which is attached as Exhibit A. The settlement agreement consisted of ten monthly installment payments of $500 for a total of $5,000.

As part of the settlement structure, the parties also executed an **Agreement for Judgment**, attached as Exhibit B, which was to be held in escrow. Under that agreement, judgment would enter against **Breiter Planet Properties, LLC** only in the event of an uncured default under the settlement terms following the expiration of the defined cure period.

Pursuant to that agreement, **Breiter Planet Properties, LLC made an initial payment of $500 to Plaintiff via wire transfer on November 27, 2024.** However, due to the company's financial circumstances at the time, Breiter Planet Properties, LLC was subsequently unable to continue making the remaining payments contemplated under the settlement agreement.

### D. Malden District Court Enforcement Proceedings

Following the company's inability to continue making the settlement payments, Plaintiff filed a motion in the Malden District Court seeking enforcement of the settlement agreement and entry of judgment pursuant to the previously executed Agreement for Judgment.

Case 25-01162 Doc 3 Filed 03/26/26 Entered 03/27/26 09:37:54 Desc
Appellant Part 2 Page 62 of 75

The Malden District Court docket reflects that judgment was thereafter entered **against Breiter Planet Properties, LLC** pursuant to that agreement. The relevant docket entries and judgment records are attached as Exhibit C.

### E. Bankruptcy Filing and Adversary Proceeding

Defendant Andrew Breiter-Wu subsequently commenced bankruptcy proceedings in the United States Bankruptcy Court for the District of Massachusetts. The bankruptcy filing occurred amid mounting legal and financial pressures, including multiple payment obligations arising from unrelated matters, and was undertaken as part of a broader effort to address those obligations through the bankruptcy process rather than in response to any single dispute.

On November 17, 2025, Plaintiff filed the initial adversary complaint in this Court seeking to have an alleged debt declared nondischargeable under 11 U.S.C. § 523(a)(2)(A). Defendant filed a motion to dismiss on November 25, 2025. The Court later denied that motion and permitted Plaintiff to file an amended pleading.

Plaintiff thereafter filed the First Amended Complaint, which is the operative pleading addressed by Defendant's Motion to Dismiss.

Despite seeking nondischargeability of $24,500, the documentary record central to the parties' relationship reflects that Plaintiff made only $1,620.75 in payments to Breiter Planet Properties, LLC in connection with the proposed solar project. See Ex. D.

**III. LEGAL STANDARD**

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012. Although the Court must accept well-pleaded factual allegations as true for purposes of a motion to dismiss, it is not required to credit legal conclusions, threadbare recitals of the elements of a cause of action, or conclusory allegations unsupported by factual content.

In resolving a motion to dismiss, the Court may consider the allegations of the operative complaint, documents incorporated by reference therein, documents central to the plaintiff's claim, matters of public record, and matters subject to judicial notice. That principle is especially relevant here, where the First Amended Complaint expressly relies upon prior state-court proceedings, settlement documents, and the parties' prior dealings as part of Plaintiff's nondischargeability theory.

Because Plaintiff seeks relief under 11 U.S.C. § 523(a)(2)(A), the First Amended Complaint must plausibly allege that Defendant obtained money, property, services, or credit by means of false pretenses, a false representation, or actual fraud. To state such a claim, a plaintiff must allege facts supporting, among other things, a materially false representation, knowledge of falsity, intent to deceive, justifiable reliance, and resulting loss. Allegations that describe only breach of contract, nonperformance, financial distress, or a later failure to pay do not, without more, state a nondischargeability claim under § 523(a)(2)(A).

In addition, because Plaintiff's claim alleges fraud, it must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009. Rule 9(b)

requires a plaintiff to plead the circumstances constituting fraud with particularity. At a minimum, that requires factual allegations identifying the specific fraudulent statements or omissions at issue, the speaker, the time and place of the alleged statements, and why the statements were fraudulent when made. Conclusory assertions that a defendant never intended to perform, or that a failed business arrangement must therefore have been fraudulent from inception, are insufficient.

Where, as here, a plaintiff seeks to except a debt from discharge based on allegations of fraud, the complaint must do more than re-label a disputed contractual relationship, project delay or settlement default as “fraud.” It must plead a plausible and particularized basis for nondischargeability against the debtor personally. If it does not, dismissal under Rules 12(b)(6) and 9(b) is appropriate.

## IV. ARGUMENT

### A. The First Amended Complaint Fails to Plausibly Allege a Nondischargeable Debt Owed by Andrew Breiter-Wu Personally

Section 523(a) excepts from discharge certain debts of the debtor. Accordingly, before Plaintiff can proceed on a nondischargeability theory under 11 U.S.C. § 523(a)(2)(A), he must plausibly allege that the debt at issue is, in fact, a debt owed by Defendant Andrew Breiter-Wu personally. The First Amended Complaint does not do so.

The documentary record central to Plaintiff’s own theory shows that the settlement enforcement mechanism the parties ultimately adopted ran against **Breiter Planet Properties, LLC**, not against Andrew Breiter-Wu individually. As part of the parties’ settlement structure, they

executed an **Agreement for Judgment** to be held in escrow in the event of an uncured default. Ex. B. That Agreement for Judgment provides that, upon uncured default after expiration of the defined cure period, judgment would enter "for Plaintiff and against Breiter Planet Properties, LLC" in the amount of $25,000, less any payments made. Ex. B. The Malden District Court docket and resulting judgment records likewise reflect that judgment was entered against **Breiter Planet Properties, LLC**. Ex. C.

That matters here. Plaintiff now asks this Court to declare nondischargeable an alleged debt of $24,500.00, plus interest and other liabilities, against Andrew Breiter-Wu personally. But the operative state-court enforcement history reflected in Exhibits B and C does not establish such a personal debt. To the contrary, the record shows that when Plaintiff pursued enforcement of the settlement structure in state court, the judgment mechanism he invoked and the judgment he obtained ran against the company. Exs. B, C.

The First Amended Complaint attempts to avoid that problem through sweeping alter-ego and veil-piercing allegations. See First Am. Compl. ¶¶ 37–44. But those allegations remain conclusory. Plaintiff alleges, in generalized fashion, that Defendant failed to observe corporate formalities, dominated various LLCs, commingled funds, and used company accounts for personal purposes. Id. Yet the complaint does not plead specific facts sufficient to plausibly show that Breiter Planet Properties, LLC should be disregarded here, much less that the corporate judgment Plaintiff already obtained should now be transformed into a personal nondischargeable debt in bankruptcy.

That pleading defect is especially significant because Plaintiff's own allegations and exhibits demonstrate that the underlying project payments were made to **Breiter Planet Properties,**

**LLC**, not to Defendant personally. Plaintiff made twenty-five (25) payments totaling $1,620.75 through BPP's payment processor. Ex. D. Those payments were directed to the company, and the subsequent settlement structure likewise contemplated payment by the company, including the initial $500 wire payment made pursuant to the Settlement Agreement. Ex. A. The First Amended Complaint therefore does not plausibly allege that Andrew Breiter-Wu personally obtained the debt Plaintiff now seeks to except from discharge.

At minimum, Plaintiff's amended pleading identifies a disputed corporate project relationship, a later settlement, and a state-court judgment entered against **Breiter Planet Properties, LLC**. That is not enough to state a plausible claim that the same debt is nondischargeable against Andrew Breiter-Wu personally under § 523(a)(2)(A). Because Plaintiff has not plausibly alleged a debt of the debtor as required for nondischargeability, the First Amended Complaint should be dismissed.

### B. The First Amended Complaint Fails to Plead Fraud With Particularity as Required by Rule 9(b)

Even if Plaintiff had plausibly alleged a personal debt of the debtor—which he has not—the First Amended Complaint independently fails because it does not plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b), made applicable by Federal Rule of Bankruptcy Procedure 7009.

Rule 9(b) requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." At a minimum, a complaint must identify the specific allegedly fraudulent statement or omission, the speaker, the time and place of the statement, and an explanation of why the statement was false or misleading when made. Conclusory allegations or generalized

assertions that a defendant "misrepresented" or "never intended to perform" are insufficient to satisfy this heightened pleading standard.

The First Amended Complaint does not meet that standard. Instead, Plaintiff relies largely on vague and generalized assertions that Defendant misrepresented the status of the solar project and that the project was never intended to be completed. The pleading does not identify with precision the specific statements that were allegedly fraudulent, when they were made, the exact content of those statements, or the factual basis for concluding that the statements were false at the time they were made.

This type of pleading—attempting to transform a disputed contractual relationship into fraud through hindsight—is precisely what Rule 9(b) is designed to prevent. Allegations that a project was delayed, not completed, or later became the subject of a dispute do not, without more, establish that any earlier statement regarding the project was fraudulent when made.

Indeed, the documentary record referenced in Plaintiff's own allegations reflects that the parties were engaged in a typical residential solar development process that included engineering review and project development work. See Ex. E. The existence of engineering review, project development activity, and subsequent structural issues and redesign considerations undermines any plausible inference that the project arrangement was a fraudulent scheme from the outset.

Courts within the First Circuit consistently hold that Rule 9(b) is not satisfied where a plaintiff merely alleges that a defendant failed to perform a contractual obligation and then infers fraudulent intent from the nonperformance itself. A breach of contract, business failure, or project delay—even if accompanied by financial difficulties—does not become fraud simply because the plaintiff later characterizes it as such.

Here, Plaintiff's allegations amount to little more than that: a hindsight attempt to characterize a failed business arrangement and subsequent settlement dispute as "fraud." The First Amended Complaint does not plead the who, what, when, where, and why of any actionable misrepresentation with the particularity required by Rule 9(b).

Because Plaintiff has not pleaded fraud with the specificity required by Rule 9(b), the § 523(a)(2)(A) claim fails as a matter of law and should be dismissed.

### C. Plaintiff's Allegations Concerning the Solar Project Describe, At Most, a Contract Dispute Rather Than Fraud

Section 523(a)(2)(A) does not convert every failed transaction, delayed project, or disputed business relationship into nondischargeable fraud. To the contrary, courts consistently distinguish between actionable fraud and the far more common circumstance in which a project does not proceed as hoped, a business relationship deteriorates, or a contractual arrangement later breaks down. The First Amended Complaint, even when read in the light most favorable to Plaintiff, describes the latter—not the former.

The documentary record reflects that the proposed solar project involved actual development activity by Breiter Planet Properties, LLC. The project was not a fictitious transaction, nor was it an instance in which Plaintiff paid a large lump sum and received nothing in return. Plaintiff accepted a proposal for a residential solar system with a stated system price of $18,900 and projected total payments of approximately $32,844 over a twenty-year term at 2.9% interest. Ex. E. Under that arrangement, however, Plaintiff did not pay $18,900, $24,500, or any comparable amount. Rather, Plaintiff made only twenty-five (25) monthly payments totaling $1,620.75 to Breiter Planet Properties, LLC. Ex. D.

Those payments were made to the company through its payment processor, not to Defendant Andrew Breiter-Wu personally. Ex. D. And the documentary record further reflects that BPP undertook actual project-related work during the relationship, including engineering design activity, structural review, and permitting-related efforts. Ex. E. The existence of that documented work is fundamentally inconsistent with Plaintiff's effort to recast the entire relationship as a fraudulent scheme.

The project also encountered legitimate structural and engineering issues during development. As reflected in the project documents, structural review raised concerns regarding at least one of the proposed roof sections, requiring redesign and additional evaluation before installation could proceed. Ex. E. BPP communicated those developments to Plaintiff during the project-development process. Id. Those facts may bear on project timing, scope, or ultimate completion, but they do not plausibly establish that the project was fraudulent from inception.

At most, the First Amended Complaint describes a residential solar project that encountered engineering constraints, design complications, payment disputes, and, ultimately, a failed commercial relationship. That may support a contract claim or a business dispute, and indeed Plaintiff already pursued such relief in state court and has an active default judgment against Breiter Planet Properties, LLC. It does not, however, state a plausible claim that Defendant obtained money by false pretenses, false representation, or actual fraud within the meaning of § 523(a)(2)(A).

That distinction is especially important here because Plaintiff now seeks to except from discharge an alleged debt of $24,500.00 while the documentary record shows that he paid only $1,620.75 in total to Breiter Planet Properties, LLC. Ex. D. Whatever claims Plaintiff may

believe he has arising from the project's non-completion, the disparity between the amount actually paid and the amount now asserted as fraud-based debt further underscores the extent to which the First Amended Complaint attempts to transform a disputed project relationship into something it was not.

In short, the amended pleading alleges a breakdown in a business and project relationship—not a plausibly pleaded fraud. For that reason as well, the First Amended Complaint should be dismissed.

### D. The Alter-Ego and Veil-Piercing Allegations Are Conclusory and Insufficient

The First Amended Complaint also attempts to bridge the gap between a corporate project dispute and a personal nondischargeability claim by asserting that Breiter Planet Properties, LLC and other entities should be disregarded and that Andrew Breiter-Wu should be held personally liable under an alter-ego or veil-piercing theory. Those allegations are insufficient.

Under Massachusetts law, disregard of the corporate form is an extraordinary remedy, not a default rule. Courts do not pierce the corporate veil merely because a closely held business experienced financial difficulty, failed to perform a contract, or was operated by a single principal. Rather, veil piercing generally requires a fact-intensive showing of circumstances such as pervasive control, confused intermingling of business activity or assets, thin capitalization coupled with misuse of the entity form, nonobservance of corporate formalities, or use of the corporation to promote fraud or other injustice. Even then, the doctrine is applied sparingly.

The First Amended Complaint does not plead facts meeting that standard. Instead, Plaintiff offers only generalized assertions that Defendant failed to observe corporate formalities, exercised complete domination over various LLCs, commingled funds, used company accounts for personal expenses, and undercapitalized the entities. See First Am. Compl. ¶¶ 37–44. Those allegations are formulaic and conclusory. They are not supported by specific factual content identifying when any such conduct occurred, what accounts were allegedly commingled, what transactions supposedly reflected misuse of corporate funds, or how any such conduct relates specifically to the Mark Danko project.

That lack of specificity is particularly important here because the limited documentary record properly before the Court cuts in the opposite direction. Plaintiff's own payment history reflects that his payments were made to **Breiter Planet Properties, LLC** through the company's payment processor, not to Defendant personally. Ex. D. The settlement documents likewise contemplated payment by the company, and the escrowed Agreement for Judgment expressly provided for judgment against **Breiter Planet Properties, LLC** in the event of an uncured default. Ex. B. The Malden docket then reflects that judgment was, in fact, entered against **Breiter Planet Properties, LLC**. Ex. C. Those documents underscore the extent to which Plaintiff's relationship, payments, settlement, and state-court judgment were structured as corporate matters.

A plaintiff cannot transform a corporate judgment into a personal nondischargeability claim merely by reciting the phrases "alter ego," "commingling," or "failure to observe corporate formalities." Yet that is effectively what the First Amended Complaint attempts to do. The pleading offers labels and conclusions, but it does not allege concrete facts sufficient to support veil piercing under Massachusetts law, much less facts sufficient to convert Plaintiff's

preexisting corporate dispute into a debt nondischargeable against Andrew Breiter-Wu personally.

Because the alter-ego and veil-piercing allegations are conclusory and insufficient as a matter of law, they cannot salvage the First Amended Complaint's failure to plausibly allege a nondischargeable debt owed by Defendant personally.

### E. Counts IV and V Fail as a Matter of Law

Counts IV and V of the First Amended Complaint should also be dismissed because they do not state legally cognizable grounds for nondischargeability under 11 U.S.C. § 523(a)(2)(A).

Count IV is styled as a claim for fraud based on an allegedly "unsustainable financing scheme." Count V is styled as a claim for fraud based on alleged violations of unspecified "banking/financial laws." But § 523(a)(2)(A) does not except from discharge debts merely because a plaintiff characterizes a business model as unsustainable, alleges poor financial management, or invokes generalized wrongdoing untethered to a specific fraudulent misrepresentation by the debtor.

To state a claim under § 523(a)(2)(A), Plaintiff must plead facts showing that money, property, services, or credit were obtained by false pretenses, a false representation, or actual fraud. Counts IV and V do not do that. Instead, they attempt to substitute broad accusations regarding business operations, capitalization, payment practices, and supposed financial improprieties for the specific statutory elements required by § 523(a)(2)(A).

Count IV does not identify any particular false statement made to Plaintiff that induced him to enter the transaction or make payments. Rather, it alleges, in substance, that Breiter Planet

Properties, LLC operated in a financially unsustainable manner and that fraudulent intent may therefore be inferred. That theory is legally insufficient. A business model that later proves imprudent, strained, or unsuccessful does not, without more, establish that a debtor obtained money through fraud.

Count V is even more deficient. It alleges that Defendant accepted and used customer payments in violation of unspecified "banking and financial laws," including commingling funds and using new customer payments to satisfy prior obligations. Yet the count does not identify what banking or financial laws were allegedly violated, does not allege facts showing how Plaintiff was defrauded by any specific statutory violation, and does not connect those generalized accusations to a properly pleaded claim under § 523(a)(2)(A). Labels of that kind are not substitutes for factual allegations or statutory elements.

Moreover, both Counts IV and V suffer from the same core defect present elsewhere in the amended pleading: they attempt to convert alleged business difficulties and project-related nonperformance into fraud by inference alone. That is not enough. Section 523(a)(2)(A) is not a catch-all remedy for every failed transaction or distressed business relationship. It requires a plausible and particularized allegation that the debtor obtained money or property from the plaintiff through fraud. Plaintiff has not pleaded such a claim here.

The documentary record underscores the point. Plaintiff made twenty-five (25) payments totaling only $1,620.75 to **Breiter Planet Properties, LLC**. Ex. D. The project documents reflect that BPP undertook actual development work on the proposed solar installation, including engineering, structural review, and permitting activity. Ex. E. Whatever one may say about the success or failure of the project, those facts do not support Counts IV and V as pleaded.

Because Counts IV and V do not state valid grounds for nondischargeability under § 523(a)(2)(A), they should be dismissed as a matter of law.

**V. CONCLUSION**

For all of the foregoing reasons, Plaintiff's First Amended Complaint still fails to state a plausible claim for nondischargeability under **11 U.S.C. § 523(a)(2)(A)** against Defendant Andrew Breiter-Wu personally. The operative documents show that Plaintiff's payments were made to **Breiter Planet Properties, LLC**, not to Defendant personally; that Plaintiff made only **twenty-five (25) payments totaling $1,620.75**; that the parties' settlement structure included an escrowed **Agreement for Judgment** running against **Breiter Planet Properties, LLC**; and that the resulting Malden District Court judgment likewise entered against **Breiter Planet Properties, LLC**. See Exs. A–D.

The First Amended Complaint does not plausibly overcome those facts. Instead, it attempts to repackage a disputed and incomplete solar project relationship, a later settlement dispute, and a corporate judgment into a personal fraud claim in bankruptcy. It does so through conclusory alter-ego allegations, hindsight inferences of fraudulent intent, and legal labels that outpace the factual allegations actually pleaded. That is not sufficient under **Rules 12(b)(6) and 9(b)**, nor is it sufficient to state a claim under **§ 523(a)(2)(A)**.

Moreover, the documentary record reflects that the underlying project involved actual development activity by **Breiter Planet Properties, LLC**, including engineering, structural review, and permitting-related work. See Ex. E. Whatever disputes later arose between the parties, those facts further confirm that this adversary proceeding describes, at most, a failed

business and project relationship—not a plausibly pleaded fraud claim against the individual debtor.

Accordingly, Defendant respectfully requests that this Court **dismiss the First Amended Complaint in its entirety**, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Andrew Breiter-Wu
Andrew Breiter-Wu, Pro Se
Debtor
86 Willard Ave
Seekonk, MA 02771
617-334-5785
Legal@breiterplanet.com

Dated: March 16, 2026

---

## CERTIFICATE OF SERVICE

I, **Andrew Breiter-Wu**, hereby certify that on **March 16, 2026**, I caused a true and correct copy of the foregoing **Memorandum of Law in Support of Motion to Dismiss First Amended Complaint**, together with all accompanying documents, to be served by electronic mail, upon:

**Mark Danko**
302 Melrose St
Melrose, MA 02176
mwdanko@gmail.com

Dated: March 16, 2026

**/s/ Andrew Breiter-Wu**
**Andrew Breiter-Wu**
Defendant, Pro Se

---