## CERTIFICATE OF SERVICE

I, Andrew Breiter-Wu, hereby certify that on May 4, 2026, I served a true and correct copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint by electronic mail upon:

**Mark Danko**
302 Melrose St
Melrose, MA 02176
mwdanko@gmail.com

**/s/ Andrew Breiter-Wu**
**Andrew Breiter-Wu**
Defendant, Pro Se

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Andrew Breiter-Wu<br><br>Debtor(s). | Chapter7<br>Case No. 25-11742-EDK |
| Mark Danko<br>Plaintiff(s),<br><br>v.<br><br>Andrew Breiter-Wu<br>Defendant(s). | Adversary Proceeding<br>No. 25-01162-EDK |

**Proceeding Memorandum and Order**

**MATTER:**

#33 Motion filed by Defendant Andrew Breiter-Wu to Dismiss 32 First Amended Complaint

**Decision set forth more fully as follows:**

TAKEN UNDER ADVISEMENT.

Dated: 06/04/2026

By the Court,

[signature]

Elizabeth D. Katz
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>ANDREW BREITER-WU,<br><br>Debtor | Chapter 7<br>Case No. 25-11742-EDK |
| MARK DANKO,<br><br>Plaintiff<br><br>v.<br><br>ANDREW BREITER-WU,<br><br>Defendant | Adversary Proceeding<br>No. 25-01162 |

## ORDER

Before the Court is the "Motion to Dismiss Plaintiff's First Amended Complaint" [Docket #33] filed by the defendant, Andrew Breiter-Wu, the debtor in the underlying Chapter 7 bankruptcy case (the "Debtor"), seeking to dismiss the "First Amended Complaint" [Docket #32] filed by the plaintiff in this adversary proceeding, Mark Danko (the "Plaintiff"). The complaint seeks to except from the Debtor's discharge a debt owed by the Debtor to the Plaintiff under 11 U.S.C. § 523(a)(2)(A)[1] related to the installation of solar equipment on the Plaintiff's property pursuant to an agreement made on or around October 2020. The Plaintiff asserts five counts in the complaint, each brought under § 523(a)(2)(A).

[1] All statutory references in this Order are to provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), unless otherwise stated.

Count One is based on alleged false representations made on or around October 2020 that the Debtor would sell solar equipment in accordance with an agreement. Count Two is based on alleged misrepresentations made by the Debtor in September 2021 that he had secured solar panels and installation would begin the following month. Count Three is based on alleged misrepresentations made by the Debtor in December 2021 that he would install solar panels the following month and that he was physically viewing the solar panels intended for the project. Count Four is based on a theory that the Debtor allegedly operated a financing scheme through which customer payments were used to satisfy other obligations rather than perform existing contracts. Count Five is based on a theory that the Debtor accepted and used customer payments in violation of banking and finance laws, including commingling funds and using new customer payments to satisfy prior obligations. The Plaintiff does not specify what laws were allegedly violated in Count Five.

In evaluating a motion to dismiss under Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7012(b), the Court must determine whether the complaint contains a short and plain statement alleging sufficient "facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, because an action under § 523(a)(2)(A) "sounds in fraud," the complaint "therefore must be pleaded with particularity," as required by Federal Rule 9(b), made applicable by Bankruptcy Rule 7009. *Zutrau v. Zutrau (In re Zutrau)*, 482 B.R. 704, 710 (Bankr. D. Mass. 2012) (citing Fed. R. Civ. P. 9(b)).

While the Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the [plaintiff]'s favor," *Back Beach Neighbors Comm. v. Town of Rockport*, 63 F.4th 126, 130 (1st Cir. 2023) (alteration in original) (quoting *Legal Sea*

*Foods, LLC v. Strathmore Ins. Co.*, 36 F.4th 29, 34 (1st Cir. 2022)), the Court "credit[s] neither conclusory legal allegations nor factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," *id.* (quoting *Legal Sea Foods*, 36 F.4th at 33).

In addition to considering the facts alleged in the complaint and exhibits attached thereto, *Thorton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76, 81 (1st Cir. 2025) (citing *Freeman v. Town of Hudson*, 714 F.3d 29, 35–36 (1st Cir. 2012)), courts may consider documents "'fairly incorporated into the complaint,' 'facts susceptible to judicial notice,' and 'concessions in plaintiff[s'] response to the motion to dismiss,'" *Cheng v. Neumann*, 51 F.4th 438, 441 (1st Cir. 2022) (alteration in original) (quoting *Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 21 (1st Cir. 2018)). The Court may also consider documents the authenticity of which are not disputed, official public records, documents central to the claims, and documents sufficiently referred to in the complaint. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

Where, as here, the Plaintiff is proceeding pro se, the Court construes the complaint liberally. *See Vieira v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citation omitted).

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge "any debt for money, property, services . . . to the extent obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

To prevail under § 523(a)(2)(A) based on a false representation, a plaintiff must prove that:

> 1) the debtor made a knowingly false representation or one made in reckless disregard of the truth, 2) the debtor intended to deceive, 3) the debtor intended to

> induce the creditor to rely upon the false statement, 4) the creditor actually relied upon the false statement, 5) the creditor's reliance was justifiable, and 6) the reliance upon the false statement caused damage.

*Dewitt v. Stewart (In re Stewart)*, 948 F.3d 509, 520 (1st Cir. 2020) (quoting *Shafarz v. Goguen (In re Goguen)*, 691 F.3d 62, 66 (1st Cir. 2012)).

To prevail under § 523(a)(2)(A) based on false pretenses, the elements are substantially similar to those required for a false representation. A plaintiff must "prove that [the defendant] made a false representation with fraudulent intent (i.e., with 'scienter'), that [the defendant] intended to induce the [plaintiff] to justifiably rely on [the] misrepresentation, that the [plaintiff] did in fact rely on the representation, and that the reliance caused a pecuniary loss." *Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur)*, 737 F.3d 814, 818 (1st Cir. 2013) (citing *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997)). "A false pretense or misrepresentation can be created 'when the circumstances imply a particular set of facts, and one party knows the facts to be otherwise,' and where the silent party 'may have a duty to correct what would otherwise be a false impression.'" *Id.* (quoting *Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999)).

Finally, actual fraud under § 523(a)(2)(A) "consists of any deceit, artifice, trick, or design involving direct or active operation of the mind, used to circumvent and cheat another." *Stewart*, 948 F.3d at 521 (quoting *Sauer Inc. v. Lawson (In re Lawson)*, 791 F.3d 214, 219 (1st Cir. 2015)).

After accepting the allegations in the complaint as true and drawing all reasonable inferences in the Plaintiff's favor, the Court finds that the Plaintiff has failed to sufficiently allege that any debt owed to the Plaintiff is excepted from the Debtor's discharge under § 523(a)(2)(A) because any debt incurred was not "for money, property, services, or an extension, renewal, or refinancing of credit . . . *obtained by*" a false representation, false pretenses, or actual fraud. 11 U.S.C. § 523(a)(2)(A) (emphasis added).

Count One does not allege with sufficient particularity facts to support the conclusory allegations that the Debtor made false representations and "did not intend to perform the promised work, deliver the equipment, or comply with project documents" at the time the alleged misrepresentations were made in October 2020 to state a claim under § 523(a)(2)(A). And, at the hearing held this date, the Plaintiff conceded that he needed additional discovery to sufficiently determine whether the Debtor truly intended to install the solar equipment. Counts Two and Three are both related to alleged misrepresentations that occurred after the debt was incurred, which therefore cannot state a claim under § 523(a)(2)(A). Finally, Counts Four and Five do not state a claim under § 523(a)(2)(A) because the allegations related to those counts do not sufficiently relate to or arise from the alleged misrepresentations made in October 2020, when the underlying agreement was made and the debt was incurred.

Because the allegations in the complaint do not state a claim upon which relief can be granted under 11 U.S.C. § 523(a)(2)(A), the Court grants the Debtor's Motion to Dismiss. Accordingly, Counts One through Five are DISMISSED.

DATED: June 4, 2026

By the Court,

Elizabeth D. Katz

Elizabeth D. Katz
United States Bankruptcy Judge

Official Form 417A (12/23)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): MARK DANKO

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

- ☑ Plaintiff
- ☐ Defendant
- ☐ Other (describe) ______________

For appeals in a bankruptcy case and not in an adversary proceeding.

- ☐ Debtor
- ☑ Creditor
- ☐ Trustee
- ☐ Other (describe) ______________

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
Motion To Dismiss

2. State the date on which the judgment—or the appealable order or decree—was entered:
6/4/2026

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: MARK DANKO Attorney: Pro se

2. Party: Andrew Breiter-wu Attorney: Pro se

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

- ☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

[signature] Date: 6/18/2026

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

MARK DANKO
302 Melrose ST
Melrose MA 02176
978 328 6038

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

In re:

ANDREW BREITER-WU,
86 Willard Ave

Seekonk, MA 02771

617-334-5785

Legal@breiterplanet.com

Debtor. Chapter 7

Case No. 25-11742

------------------------------------------------------------

MARK DANKO,

Plaintiff, Adv. Proc. No. 25-01162

v.

ANDREW BREITER-WU,

Defendant.

NOTICE OF APPEAL AND STATEMENT OF ELECTION

**CERTIFICATE OF SERVICE**

I hereby certify that on this __18_ day of june , 2026, I caused a true and correct copy of the foregoing notice of appeal to be served via electronic mail upon the following:

Andrew Breiter-Wu
Email: Legal@breiterplanet.com

Service was made by transmitting the document in PDF format to the email address listed above.

/s/ Mark Danko
Mark Danko
Plaintiff, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| In Re: Danko v. Breiter−Wu | Chapter 7<br>Adversary Proceeding 25−01162<br>Judge Elizabeth D. Katz |

---

## NOTICE OF FILING OF APPEAL TO BANKRUPTCY APPELLATE PANEL

On **JUNE 18, 2026,** the appellant, Mark Danko filed a Notice of Appeal in the above referenced case which has been transmitted to the United States Bankruptcy Appellate Panel for the First Circuit ("BAP"). If desired, an appellee(s) has 30 days from the date of the service of this notice to file an election with the BAP to have the United States District Court for the District of Massachusetts hear the appeal. *See* 28 U.S.C. § 158(c)(1) and Fed. R. Bankr. P. 8001 et seq.

Pursuant to Fed. R. Bankr. P. 8009, the appellant must file with the Clerk of the Bankruptcy Court a designation of the items to be included in the record on appeal and a statement of issues to be presented within the deadline set forth in the rule and serve a copy on the appellee(s).

The appellee(s) may file a designation of additional items to be included in the record within fourteen (14) days after service of the appellant's designation and statement. The parties shall consult Fed. R. Bankr. P. 8009 for deadlines applicable to cross−appeals.

Upon the filing of the designation of the items to be included in the record on appeal and the statement of issues to be presented, and after expiration of the fourteen (14) day period for the appellee(s) to file a designation of additional items, the Clerk's Office will forward the designation(s) and statement to the BAP electronically.

If a party to the appeal designates any document placed under seal to be part of the record on appeal, that party must file a motion with the BAP to accept the document under seal. If the BAP grants the motion, the movant must notify the Bankruptcy Court of the ruling. *See* Fed. R. Bankr. P. 8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must advise the Bankruptcy Court by filing "Certificate of No Transcript Ordered." *See* Fed. R. Bankr. P. 8009(b).

It is the duty of the parties to ensure that the record on appeal is complete.

Date:6/18/26

Ann M. Fox
Clerk, U.S. Bankruptcy Court

By the Court,

Sheila Smith
Deputy Clerk
(413) 785− 6910

**TUA, DISMISSED, APPEAL**

# United States Bankruptcy Court
# District of Massachusetts (Boston)
# Adversary Proceeding #: 25−01162

*Assigned to:* Chief Judge Elizabeth D. Katz
*Lead BK Case:* 25−11742
*Lead BK Title:* Andrew Breiter−Wu
*Lead BK Chapter:* 7
*Demand:* $24000
*Nature[s] of Suit:* 62 Dischargeability − 523(a)(2), false pretenses, false representation, actual fraud

*Date Filed:* 11/17/25
*Date Dismissed:* 06/04/26

***Plaintiff***
−−−−−−−−−−−−−−−−−−−−−−−

**Mark Danko**
302 Melrose St
Melrose, MA 02176
978−328−6038

represented by **Mark Danko**
PRO SE

V.

***Defendant***
−−−−−−−−−−−−−−−−−−−−−−−

**Andrew Breiter−Wu**
86 Willard Ave
Seekonk, MA 02771
617−334−5785
SSN / ITIN: xxx−xx−0563

represented by **Andrew Breiter−Wu**
PRO SE

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 11/17/2025 | | 1 | Adversary case 25−01162. Complaint by Mark Danko against Andrew Breiter−Wu. Fee Amount $350. Nature of Suit(62 (Dischargeability − 523(a)(2), false pretenses, false representation, actual fraud))(kmj, usbc) (Entered: 11/17/2025) |
| 11/17/2025 | | 2 | Summons Issued on Andrew Breiter−Wu Answer Due 12/17/2025. Summons must be served within seven (7) days of issuance. (Delivered in hand at time of filing) (kmj, usbc) (Entered: 11/17/2025) |
| 11/17/2025 | | | Receipt of Adversary Filing Fee − $350.00 by KJ. Receipt Number 11001096. (adi) (Entered: 11/18/2025) |
| 11/25/2025 | | 3 | Motion filed by Defendant Andrew Breiter−Wu to Dismiss Case (Re: 1 Complaint) with certificate of service. (Attachments: # 1 Memorandum in Support of Motion) (pf) (Entered: 11/25/2025) |
| 12/02/2025 | | 4 | Request for Alias Summons filed by Plaintiff Mark Danko. (pf) (Entered: 12/02/2025) |

Case 25-01162 Doc 5 Filed 01/08/26 Entered 01/08/26 Desc Main Document Page 2 of 15

| | | | |
|---|---|---|---|
| 12/02/2025 | | 5 | Alias Summons Issued on Andrew Breiter−Wu. Date Issued 12/2/2025, Answer Due 1/2/2026. Summons must be served within seven (7) days of issuance. (pf) (Entered: 12/02/2025) |
| 12/03/2025 | | 6 | Hearing Scheduled for 1/15/2026 at 12:00 PM at Worcester Courtroom 3 Re: 3 Motion of Defendant to Dismiss Adversary Proceeding. Objection deadline is 01/08/2026 at 4:00PM. (spr) (Entered: 12/03/2025) |
| 12/04/2025 | | 7 | Certificate of Service of Notice of Hearing (Re: 3 Motion to Dismiss Adversary Proceeding) filed by Defendant Andrew Breiter−Wu. (sas) (Entered: 12/04/2025) |
| 12/04/2025 | | 8 | BNC Certificate of Mailing. (Re: 5 Alias Summons Issued) Notice Date 12/04/2025. (Admin.) (Entered: 12/05/2025) |
| 12/06/2025 | | 9 | BNC Certificate of Mailing − Hearing. (Re: 6 Hearing Scheduled) Notice Date 12/06/2025. (Admin.) (Entered: 12/07/2025) |
| 12/09/2025 | | 10 | Summons Service Executed on Andrew Breiter−Wu 12/3/2025. (meh, Usbc) (Entered: 12/09/2025) |
| 12/26/2025 | | 11 | Request for Alias Summons filed by Plaintiff Mark Danko. (pf) (Entered: 12/26/2025) |
| 12/26/2025 | | 12 | Alias Summons Issued on Mark Danko Date Issued 12/26/2025, Answer Due 1/26/2026. Summons must be served within seven (7) days of issuance. (pf) (Entered: 12/26/2025) |
| 12/28/2025 | | 13 | BNC Certificate of Mailing. (Re: 12 Alias Summons Issued) Notice Date 12/28/2025. (Admin.) (Entered: 12/29/2025) |
| 01/02/2026 | | 14 | Summons Service Executed on Andrew Breiter−Wu on 12/24/2025. (pf) (Entered: 01/05/2026) |
| 01/08/2026 | | 15 | Amended Complaint by Mark Danko against Andrew Breiter−Wu. (RE: related document(s)1 Adversary case 25−01162. Complaint by Mark Danko against Andrew Breiter−Wu. Fee Amount $350. Nature of Suit(62 (Dischargeability − 523(a)(2), false pretenses, false representation, actual fraud)) filed by Plaintiff Mark Danko). (Attachments: # 1 Certificate of Service) (pf) (Entered: 01/08/2026) |
| 01/08/2026 | | 16 | Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. (Attachments: # 1 Certificate of Service) (pf) (Entered: 01/08/2026) |
| 01/08/2026 | | 17 | Opposition filed by Plaintiff Mark Danko Re: 3 Motion filed by Defendant Andrew Breiter−Wu to Dismiss Adversary Proceeding. (Attachments: # 1 Certificate of Service) (pf) (Entered: 01/08/2026) |
| 01/08/2026 | | 18 | Endorsed Order dated 1/8/2026 Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. THIS MOTION WILL BE HELD FOR OBJECTIONS THROUGH JANUARY 26, 2026. (ag) (Entered: 01/08/2026) |
| 01/08/2026 | | 19 | Endorsed Order dated 1/8/2026 Re: 3 Motion filed by Defendant Andrew Breiter−Wu to Dismiss Case. IN THE INTEREST OF JUDICIAL ECONOMY, IN LIGHT OF THE MOTION TO AMEND COMPLAINT |

| | | | |
|---|---|---|---|
| | | | FILED JANUARY 8, 2026, THE HEARING ON THIS MOTION SET FOR JANUARY 15, 2026 IS CONTINUED TO FEBRUARY 5, 2026 AT 12:00 P.M. IN THE FEDERAL BUILDING AND COURTHOUSE, COURTROOM 3, 595 MAIN STREET, WORCESTER, MA. (pf) (Entered: 01/08/2026) |
| 01/08/2026 | | | Hearing Continued to 02/05/2026 at 12:00 PM at Worcester Courtroom 3 Re: 3 Motion to Dismiss Adversary Proceeding Filed by Defendant Andrew Breiter−Wu. (pf) (Entered: 01/08/2026) |
| 01/10/2026 | | 20 | BNC Certificate of Mailing − PDF Document. (Re: 18 Order on Motion to Amend) Notice Date 01/10/2026. (Admin.) (Entered: 01/11/2026) |
| 01/10/2026 | | 21 | BNC Certificate of Mailing − PDF Document. (Re: 19 Order on Motion to Dismiss Adversary Proceeding) Notice Date 01/10/2026. (Admin.) (Entered: 01/11/2026) |
| 01/16/2026 | | 22 | Objection with certificate of service filed by Defendant Andrew Breiter−Wu Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. (pf) (Entered: 01/16/2026) |
| 01/22/2026 | | 23 | Hearing Scheduled for 2/5/2026 at 12:00 PM at Worcester Courtroom 3 Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. (slh, usbc) (Entered: 01/22/2026) |
| 01/24/2026 | | 24 | BNC Certificate of Mailing − Hearing. (Re: 23 Hearing Scheduled) Notice Date 01/24/2026. (Admin.) (Entered: 01/25/2026) |
| 01/30/2026 | | 25 | Response with certificate of service filed by Plaintiff Mark Danko Re: 22 Defendant's Objection to: 16 Motion filed by Plaintiff for Leave to File 15 First Amended Complaint. (pf) (Entered: 01/30/2026) |
| 02/02/2026 | | 26 | Certificate of Service of Notice of Hearing Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. (sas) (Entered: 02/02/2026) |
| 02/03/2026 | | 27 | Notice of Pro Se Representation and Bar Admission with certificate of service filed by Plaintiff Mark Danko. (pf) (Entered: 02/04/2026) |
| 02/05/2026 | | | Hearing Held Re: 3 Motion filed by Defendant Andrew Breiter−Wu to Dismiss Adversary Proceeding. (pf) (Entered: 02/05/2026) |
| 02/05/2026 | | 28 | Proceeding Memorandum and Order dated 2/5/2026 Re: 3 Motion filed by Defendant Andrew Breiter−Wu to Dismiss Adversary Proceeding. DENIED WITHOUT PREJUDICE. THE DEADLINE FOR THE PLAINTIFF TO FILE A FURTHER AMENDED COMPLAINT IS FEBRUARY 26, 2026. THE DEADLINE FOR THE DEFENDANT TO FILE AN ANSWER OR RESPONSIVE PLEADING TO THE FURTHER AMENDED COMPLAINT IS 21 DAYS FROM THE FILING AND SERVICE OF THE AMENDED COMPLAINT. (pf) (Entered: 02/05/2026) |
| 02/05/2026 | | | Hearing Held Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. (pf) (Entered: 02/05/2026) |
| 02/05/2026 | | 29 | Proceeding Memorandum and Order dated 2/5/2026 Re: 16 Motion filed by Plaintiff Mark Danko for Leave to File 15 First Amended Complaint. GRANTED. SEE ORDER OF EVEN DATE. (pf) (Entered: 02/05/2026) |

| | | | |
|---|---|---|---|
| 02/07/2026 | | 30 | BNC Certificate of Mailing − PDF Document. (Re: 28 Order on Motion to Dismiss Adversary Proceeding) Notice Date 02/07/2026. (Admin.) (Entered: 02/08/2026) |
| 02/07/2026 | | 31 | BNC Certificate of Mailing − PDF Document. (Re: 29 Order on Motion to Amend) Notice Date 02/07/2026. (Admin.) (Entered: 02/08/2026) |
| 02/25/2026 | | 32 | Amended Complaint by Mark Danko against Andrew Breiter−Wu. (RE: 1 Complaint). (Attachments: # 1 Certificate of Service) (pf) (Entered: 02/26/2026) |
| 03/16/2026 | | 33 | Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint with certificate of service. (Attachments: # 1 Memorandum of Law in Support of) (pf) (Entered: 03/17/2026) |
| 03/17/2026 | | 34 | Hearing Scheduled on 5/7/2026 at 11:00 AM at Worcester Courtroom 3 − EDK Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. Objections due by 4/30/2026 at 04:00 PM. (slh, usbc) (Entered: 03/17/2026) |
| 03/19/2026 | | 35 | BNC Certificate of Mailing − Hearing. (Re: 34 Hearing Scheduled) Notice Date 03/19/2026. (Admin.) (Entered: 03/20/2026) |
| 04/06/2026 | | | Hearing Rescheduled to 05/21/2026 at 10:00 AM at Worcester Courtroom 3 − EDK Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. (slh, usbc) (Entered: 04/06/2026) |
| 04/06/2026 | | 36 | Proceeding Memorandum and Order dated 4/6/2026 Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. IN THE INTEREST OF JUDICIAL ECONOMY, THE HEARING ON THIS MATTER SET FOR MAY 7, 2026, AT 11:00 AM HAS BEEN RESCHEDULED. THIS MATTER WILL NOW BE HEARD ON MAY 21, 2026, AT 10:00 A.M. THE RESCHEDULED HEARING WILL BE CONDUCTED IN−PERSON AT 595 MAIN STREET, COURTROOM 3, WORCESTER, MASSACHUSETTS. (pf) (Entered: 04/06/2026) |
| 04/08/2026 | | 37 | BNC Certificate of Mailing − PDF Document. (Re: 36 Order on Motion to Dismiss Adversary Proceeding) Notice Date 04/08/2026. (Admin.) (Entered: 04/09/2026) |
| 04/17/2026 | | | Hearing Rescheduled to 06/04/2026 at 10:30 AM at Springfield Courtroom − Berkshire and by Zoom.gov Re: 33 Motion to Dismiss Adversary Proceeding Filed by Defendant Andrew Breiter−Wu. (slh, usbc) (Entered: 04/17/2026) |
| 04/17/2026 | | 38 | Proceeding Memorandum and Order dated 4/17/2026 Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. DUE TO A CONFLICT IN THE COURT'S CALENDAR, THE HEARING ON THIS MATTER SET FOR MAY 21, 2026, HAS BEEN RESCHEDULED. THIS MATTER WILL NOW BE HEARD ON JUNE 4, 2026, AT 10:30 AM IN THE FEDERAL COURTHOUSE, BERKSHIRE COURTROOM, 300 STATE STREET, SPRINGFIELD, MA AND BY ZOOM.GOV VIDEO CONFERENCE. PARTIES IN INTEREST WHO WISH TO PARTICIPATE THROUGH ZOOM, BY 12:00 P.M. ONE COURT BUSINESS DAY BEFORE THE HEARING, SHOULD EMAIL THE COURTROOM DEPUTY AT sophia_howard@mab.uscourts.gov REQUESTING REMOTE PARTICIPATION, PROVIDING THEIR NAME, THE PARTY THEY |

| | | | |
|---|---|---|---|
| | | | REPRESENT, AND WHETHER OR NOT THEY WILL BE AN ACTIVE PARTICIPANT IN THE HEARING OR ONLY OBSERVING. PARTICIPATION BY VIDEO IS ONLY PERMITTED BY PARTIES IN INTEREST. ALL OTHER PARTIES WHO WISH TO ATTEND THE HEARING MUST ATTEND IN PERSON. (pf) (Entered: 04/17/2026) |
| 04/19/2026 | | 39 | BNC Certificate of Mailing − PDF Document. (Re: 38 Order on Motion to Dismiss Adversary Proceeding) Notice Date 04/19/2026. (Admin.) (Entered: 04/20/2026) |
| 04/29/2026 | | 40 | Opposition filed by Plaintiff Mark Danko Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. (Attachments: # 1 Certificate of Service) (pf) (Entered: 04/29/2026) |
| 05/04/2026 | | 41 | Reply with certificate of service filed by Defendant Andrew Breiter−Wu Re: 40 Plaintiff's Opposition to 33 Motion to Dismiss 32 First Amended Complaint. (pf) (Entered: 05/04/2026) |
| 06/04/2026 | | | Hearing Held Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. (pf) (Entered: 06/04/2026) |
| 06/04/2026 | | 42 | Endorsed Order dated 6/4/2026 Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. TAKEN UNDER ADVISEMENT. (pf) (Entered: 06/04/2026) |
| 06/04/2026 | | 43 | Order dated 6/4/2026 Re: 33 Motion filed by Defendant Andrew Breiter−Wu to Dismiss 32 First Amended Complaint. GRANTED. See Order for Full Text. (pf) (Entered: 06/04/2026) |
| 06/06/2026 | | 44 | BNC Certificate of Mailing − PDF Document. (Re: 42 Order on Motion to Dismiss Adversary Proceeding) Notice Date 06/06/2026. (Admin.) (Entered: 06/07/2026) |
| 06/06/2026 | | 45 | BNC Certificate of Mailing − PDF Document. (Re: 43 Order on Motion to Dismiss Adversary Proceeding) Notice Date 06/06/2026. (Admin.) (Entered: 06/07/2026) |
| 06/18/2026 | | 46 | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel filed by Plaintiff Mark Danko (Re: 43 Order on Motion to Dismiss Adversary Proceeding). Appellant Designation due by 7/2/2026. Compiled Records Due by 7/16/2026. Transmission of Designation Due by 7/20/2026. Fee Amount $298. (Attachments: # 1 Certificate of Service)(sas) (Entered: 06/18/2026) |
| 06/18/2026 | | 47 | Clerk's Notice of Fees Due in the amount of $298.00 Re: 46 Notice of Appeal and Statement of Election filed by Plaintiff Mark Danko. Fee due by 7/2/2026. (sas) (Entered: 06/18/2026) |
| 06/18/2026 | | 48 | Notice of Appeal to Bankruptcy Appellate Panel (Re: 46 Notice of Appeal and Statement of Election filed by Plaintiff Mark Danko). (sas) (Entered: 06/18/2026) |
| 06/18/2026 | | 49 | Copy of Notice of Appeal to Bankruptcy Appellate Panel sent to Plaintiff Mark Danko. (sas) (Entered: 06/18/2026) |

Official Form 417A (12/23)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): MARK DANKO

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- ☑ Plaintiff
- ☐ Defendant
- ☐ Other (describe) ____________________

For appeals in a bankruptcy case and not in an adversary proceeding.
- ☐ Debtor
- ☑ Creditor
- ☐ Trustee
- ☐ Other (describe) ____________________

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
Motion To Dismiss

2. State the date on which the judgment—or the appealable order or decree—was entered:
6/4/2026

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: MARK DANKO Attorney: Pro se

2. Party: Andrew Breiter-wu Attorney: Pro se

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

[signature]
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: 6/18/2026

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

MARK DANKO
302 Melrose ST
Melrose MA 02176
978 328 6038

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

In re:

ANDREW BREITER-WU,
86 Willard Ave

Seekonk, MA 02771

617-334-5785

Legal@breiterplanet.com

Debtor. Chapter 7

Case No. 25-11742

------------------------------------------------------------

MARK DANKO,

Plaintiff, Adv. Proc. No. 25-01162

v.

ANDREW BREITER-WU,

Defendant.

NOTICE OF APPEAL AND STATEMENT OF ELECTION

**CERTIFICATE OF SERVICE**

I hereby certify that on this __18_ day of june , 2026, I caused a true and correct copy of the foregoing notice of appeal to be served via electronic mail upon the following:

Andrew Breiter-Wu
Email: Legal@breiterplanet.com

Service was made by transmitting the document in PDF format to the email address listed above.

/s/ Mark Danko
Mark Danko
Plaintiff, Pro Se

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 25-11742-EDK |
| ANDREW BREITER-WU, | ) | |
| Debtor | ) | |
| MARK DANKO, | ) | Adversary Proceeding |
| | ) | No. 25-01162 |
| Plaintiff | ) | |
| v. | ) | |
| ANDREW BREITER-WU, | ) | |
| Defendant | ) | |

**ORDER**

Before the Court is the "Motion to Dismiss Plaintiff's First Amended Complaint" [Docket #33] filed by the defendant, Andrew Breiter-Wu, the debtor in the underlying Chapter 7 bankruptcy case (the "Debtor"), seeking to dismiss the "First Amended Complaint" [Docket #32] filed by the plaintiff in this adversary proceeding, Mark Danko (the "Plaintiff"). The complaint seeks to except from the Debtor's discharge a debt owed by the Debtor to the Plaintiff under 11 U.S.C. § 523(a)(2)(A)[1] related to the installation of solar equipment on the Plaintiff's property pursuant to an agreement made on or around October 2020. The Plaintiff asserts five counts in the complaint, each brought under § 523(a)(2)(A).

[1] All statutory references in this Order are to provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), unless otherwise stated.

Count One is based on alleged false representations made on or around October 2020 that the Debtor would sell solar equipment in accordance with an agreement. Count Two is based on alleged misrepresentations made by the Debtor in September 2021 that he had secured solar panels and installation would begin the following month. Count Three is based on alleged misrepresentations made by the Debtor in December 2021 that he would install solar panels the following month and that he was physically viewing the solar panels intended for the project. Count Four is based on a theory that the Debtor allegedly operated a financing scheme through which customer payments were used to satisfy other obligations rather than perform existing contracts. Count Five is based on a theory that the Debtor accepted and used customer payments in violation of banking and finance laws, including commingling funds and using new customer payments to satisfy prior obligations. The Plaintiff does not specify what laws were allegedly violated in Count Five.

In evaluating a motion to dismiss under Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7012(b), the Court must determine whether the complaint contains a short and plain statement alleging sufficient "facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, because an action under § 523(a)(2)(A) "sounds in fraud," the complaint "therefore must be pleaded with particularity," as required by Federal Rule 9(b), made applicable by Bankruptcy Rule 7009. *Zutrau v. Zutrau (In re Zutrau)*, 482 B.R. 704, 710 (Bankr. D. Mass. 2012) (citing Fed. R. Civ. P. 9(b)).

While the Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the [plaintiff]'s favor," *Back Beach Neighbors Comm. v. Town of Rockport*, 63 F.4th 126, 130 (1st Cir. 2023) (alteration in original) (quoting *Legal Sea*

*Foods, LLC v. Strathmore Ins. Co.*, 36 F.4th 29, 34 (1st Cir. 2022)), the Court "credit[s] neither conclusory legal allegations nor factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," *id.* (quoting *Legal Sea Foods*, 36 F.4th at 33).

In addition to considering the facts alleged in the complaint and exhibits attached thereto, *Thorton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76, 81 (1st Cir. 2025) (citing *Freeman v. Town of Hudson*, 714 F.3d 29, 35–36 (1st Cir. 2012)), courts may consider documents "'fairly incorporated into the complaint,' 'facts susceptible to judicial notice,' and 'concessions in plaintiff[s'] response to the motion to dismiss,'" *Cheng v. Neumann*, 51 F.4th 438, 441 (1st Cir. 2022) (alteration in original) (quoting *Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 21 (1st Cir. 2018)). The Court may also consider documents the authenticity of which are not disputed, official public records, documents central to the claims, and documents sufficiently referred to in the complaint. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

Where, as here, the Plaintiff is proceeding pro se, the Court construes the complaint liberally. *See Vieira v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citation omitted).

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge "any debt for money, property, services . . . to the extent obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

To prevail under § 523(a)(2)(A) based on a false representation, a plaintiff must prove that:

> 1) the debtor made a knowingly false representation or one made in reckless disregard of the truth, 2) the debtor intended to deceive, 3) the debtor intended to

> induce the creditor to rely upon the false statement, 4) the creditor actually relied upon the false statement, 5) the creditor's reliance was justifiable, and 6) the reliance upon the false statement caused damage.

*Dewitt v. Stewart (In re Stewart)*, 948 F.3d 509, 520 (1st Cir. 2020) (quoting *Shafarz v. Goguen (In re Goguen)*, 691 F.3d 62, 66 (1st Cir. 2012)).

To prevail under § 523(a)(2)(A) based on false pretenses, the elements are substantially similar to those required for a false representation. A plaintiff must "prove that [the defendant] made a false representation with fraudulent intent (i.e., with 'scienter'), that [the defendant] intended to induce the [plaintiff] to justifiably rely on [the] misrepresentation, that the [plaintiff] did in fact rely on the representation, and that the reliance caused a pecuniary loss." *Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur)*, 737 F.3d 814, 818 (1st Cir. 2013) (citing *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997)). "A false pretense or misrepresentation can be created 'when the circumstances imply a particular set of facts, and one party knows the facts to be otherwise,' and where the silent party 'may have a duty to correct what would otherwise be a false impression.'" *Id.* (quoting *Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999)).

Finally, actual fraud under § 523(a)(2)(A) "consists of any deceit, artifice, trick, or design involving direct or active operation of the mind, used to circumvent and cheat another." *Stewart*, 948 F.3d at 521 (quoting *Sauer Inc. v. Lawson (In re Lawson)*, 791 F.3d 214, 219 (1st Cir. 2015)).

After accepting the allegations in the complaint as true and drawing all reasonable inferences in the Plaintiff's favor, the Court finds that the Plaintiff has failed to sufficiently allege that any debt owed to the Plaintiff is excepted from the Debtor's discharge under § 523(a)(2)(A) because any debt incurred was not "for money, property, services, or an extension, renewal, or refinancing of credit . . . *obtained by*" a false representation, false pretenses, or actual fraud. 11 U.S.C. § 523(a)(2)(A) (emphasis added).

Count One does not allege with sufficient particularity facts to support the conclusory allegations that the Debtor made false representations and "did not intend to perform the promised work, deliver the equipment, or comply with project documents" at the time the alleged misrepresentations were made in October 2020 to state a claim under § 523(a)(2)(A). And, at the hearing held this date, the Plaintiff conceded that he needed additional discovery to sufficiently determine whether the Debtor truly intended to install the solar equipment. Counts Two and Three are both related to alleged misrepresentations that occurred after the debt was incurred, which therefore cannot state a claim under § 523(a)(2)(A). Finally, Counts Four and Five do not state a claim under § 523(a)(2)(A) because the allegations related to those counts do not sufficiently relate to or arise from the alleged misrepresentations made in October 2020, when the underlying agreement was made and the debt was incurred.

Because the allegations in the complaint do not state a claim upon which relief can be granted under 11 U.S.C. § 523(a)(2)(A), the Court grants the Debtor's Motion to Dismiss. Accordingly, Counts One through Five are DISMISSED.

DATED: June 4, 2026

By the Court,

Elizabeth D. Katz

Elizabeth D. Katz
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| In Re: Danko v. Breiter−Wu | Chapter 7<br>Adversary Proceeding 25−01162<br>Judge Elizabeth D. Katz |

---

## NOTICE OF FILING OF APPEAL TO BANKRUPTCY APPELLATE PANEL

On **JUNE 18, 2026,** the appellant, Mark Danko filed a Notice of Appeal in the above referenced case which has been transmitted to the United States Bankruptcy Appellate Panel for the First Circuit ("BAP"). If desired, an appellee(s) has 30 days from the date of the service of this notice to file an election with the BAP to have the United States District Court for the District of Massachusetts hear the appeal. *See* 28 U.S.C. § 158(c)(1) and Fed. R. Bankr. P. 8001 et seq.

Pursuant to Fed. R. Bankr. P. 8009, the appellant must file with the Clerk of the Bankruptcy Court a designation of the items to be included in the record on appeal and a statement of issues to be presented within the deadline set forth in the rule and serve a copy on the appellee(s).

The appellee(s) may file a designation of additional items to be included in the record within fourteen (14) days after service of the appellant's designation and statement. The parties shall consult Fed. R. Bankr. P. 8009 for deadlines applicable to cross−appeals.

Upon the filing of the designation of the items to be included in the record on appeal and the statement of issues to be presented, and after expiration of the fourteen (14) day period for the appellee(s) to file a designation of additional items, the Clerk's Office will forward the designation(s) and statement to the BAP electronically.

If a party to the appeal designates any document placed under seal to be part of the record on appeal, that party must file a motion with the BAP to accept the document under seal. If the BAP grants the motion, the movant must notify the Bankruptcy Court of the ruling. *See* Fed. R. Bankr. P. 8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must advise the Bankruptcy Court by filing "Certificate of No Transcript Ordered." *See* Fed. R. Bankr. P. 8009(b).

It is the duty of the parties to ensure that the record on appeal is complete.

Date:6/18/26

Ann M. Fox
Clerk, U.S. Bankruptcy Court

By the Court,

Sheila Smith
Deputy Clerk
(413) 785− 6910

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

---

In re Andrew Breiter−Wu
Debtor

Related Bankruptcy Case: 25−11742
Chapter 7
Judge Elizabeth D. Katz

Mark Danko
Plaintiff
vs.
Andrew Breiter−Wu
Defendant

Adversary Proceeding: 25−01162

---

# INITIAL TRANSMITTAL

The following is being transmitted to your court:

- [x] Notice of Appeal with Order
- [x] Bankruptcy Court Docket
- [ ] Motion for Leave to Appeal
- [ ] Objections to Motion for Leave to Appeal
- [ ] Appellee Election to District Court
- [ ] Bankruptcy Court Notice(s)
- [ ] Fed. R. Bankr.P. 8010 Motions/Orders/Transcripts
- [ ] Other

---

Date: 6/18/26

By the Court,

Sheila Smith
Deputy Clerk
413−785−6910

---

Receipt is acknowledged of the enclosures referred to above.

BAP Docket Number:________________
Date:________________

By:________________________________
Deputy Clerk